# Exhibit A

| | |
|---|---|
| **From:** | Hurst, Annette L. |
| **Sent:** | Monday, March 31, 2025 11:28 AM |
| **To:** | elana.nightingaledawson@lw.com; CSmyser@susmangodfrey.com; Briant, Jared B.; AGove@keker.com; KVPOAI@keker.com; openaicopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; MicrosoftNYClassActionFDBR@faegredrinker.com; NYClassActions_Microsoft_OHS |
| **Cc:** | Alter-AI-TT@simplelists.susmangodfrey.com |
| **Subject:** | RE: AG v OAI,23-cv-8292 (consol.) SDNY – Plaintiffs Proposed First Amended Consolidated Complaint |

Craig:

Microsoft will not agree to the proposed amendments. The scope of changes proposed by Plaintiffs involving Microsoft would dramatically expand the scope of the case, involving two significant new groups of people and at least two entirely new sets of technologies, some of which also have nothing to do with OpenAI or its technology. It is not an exaggeration to say that the proposed amendments vis-à-vis Microsoft would triple the size of the case. These amendments would derail the schedule and make the case unmanageable.

Nor is there any reason why these amendments need to be brought as part of this case as opposed to a follow-on case. The outcome of the currently pending matter, one way or another, is as a practical matter likely to resolve any follow-on claims. It appears that both sets of Class Plaintiffs in California and New York are bringing proposed amendments involving Microsoft and new claims in order to jockey for position in the event of an MDL. Neither Microsoft nor the Courts should be caught in the crosshairs of such jockeying, resulting in unnecessary inefficiency and expense.

Having said all of that, however, Microsoft is willing to ensure that it has addressed any concerns the NY Class Plaintiffs may have regarding the necessity of bringing additional claims now. Accordingly, Microsoft is willing to offer a tolling agreement.

We would expect the basic terms of such an agreement would be along the following lines:

1. Author Plaintiffs withdraw their proposed First Amended Complaint and revise it to drop the new "Microsoft Class" claims and the new claims against the version of Copilot that post-dates September 2023 (the "Withdrawn Claims").
2. Any and all statutes of limitations and time-based defenses relating to the Withdrawn Claims are tolled from March 19, 2025.
3. No admissions of liability and the agreement is inadmissible except to prove a breach of it.
4. Nothing in the agreement waives any defenses or objections available to Microsoft as of March 19, 2025, nor revives any claim that was already barred.
5. Microsoft may retain user session/telemetry data on a rolling basis in accordance with its ordinary course of business retention policies.

We are available to discuss this with you if it would be helpful.

1

Annette Hurst

| | |
|---|---|
| **From:** | Craig Smyser <CSmyser@susmangodfrey.com> |
| **Sent:** | Thursday, April 3, 2025 5:59 PM |
| **To:** | elana.nightingaledawson@lw.com; Hurst, Annette L.; Briant, Jared B.; AGove@keker.com; KVPOAI@keker.com; openaicopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; MicrosoftNYClassActionFDBR@faegredrinker.com; NYClassActions_Microsoft_OHS |
| **Cc:** | Alter-AI-TT@simplelists.susmangodfrey.com |
| **Subject:** | Re: AG v OAI,23-cv-8292 (consol.) SDNY – Plaintiffs Proposed First Amended Consolidated Complaint |

**[EXTERNAL]**

Annette and Elana,

Thanks for the responses.

As to Microsoft's position, we disagree with Microsoft's position on the amendment and do not agree to Microsoft's proposed tolling agreement.

OpenAI please provide your position as we intend to file the motion to amend in advance of the forthcoming April 10th discovery conference.

Best,
Craig

**J. Craig Smyser | Susman Godfrey L.L.P.**
One Manhattan West, 51st Floor, New York, NY 10001
(212) 336-2023 (office) | (713) 503 6252 (cell)
csmyser@susmangodfrey.com | www.susmangodfrey.com

---

**From:** "Elana.NightingaleDawson@lw.com" <Elana.NightingaleDawson@lw.com>
**Date:** Tuesday, April 1, 2025 at 12:21 AM
**To:** "ahurst@orrick.com" <ahurst@orrick.com>, Craig Smyser <CSmyser@susmangodfrey.com>, "jared.briant@faegredrinker.com" <jared.briant@faegredrinker.com>, "AGove@keker.com" <AGove@keker.com>, "KVPOAI@keker.com" <KVPOAI@keker.com>, "openaicopyright@mofo.com" <openaicopyright@mofo.com>, "openaicopyrightlitigation.lwteam@lw.com" <openaicopyrightlitigation.lwteam@lw.com>, "MicrosoftNYClassActionFDBR@faegredrinker.com" <MicrosoftNYClassActionFDBR@faegredrinker.com>, "NYClassActions_Microsoft_OHS@orrick.com" <NYClassActions_Microsoft_OHS@orrick.com>
**Cc:** Alter-TT <Alter-AI-TT@simplelists.susmangodfrey.com>
**Subject:** RE: AG v OAI,23-cv-8292 (consol.) SDNY – Plaintiffs Proposed First Amended Consolidated Complaint

**EXTERNAL Email**

Craig,

OpenAI likewise has numerous concerns about Plaintiffs' proposed amended complaint. OpenAI will await Plaintiffs' response to Microsoft's email before taking a position.

Regards,
Elana

**Elana Nightingale Dawson** (she/her/hers)| **LATHAM & WATKINS LLP**
Tel: 202-637-2303 | Cell: 213-703-8628 | Fax: 202-637-2201

**From:** Hurst, Annette L. <ahurst@orrick.com>
**Sent:** Monday, March 31, 2025 2:28 PM
**To:** Nightingale Dawson, Elana (DC) <Elana.NightingaleDawson@lw.com>; CSmyser@susmangodfrey.com; Briant, Jared B. <jared.briant@faegredrinker.com>; AGove@keker.com; KVPOAI@keker.com; openaicopyright@mofo.com; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM <openaicopyrightlitigation.lwteam@lw.com>; MicrosoftNYClassActionFDBR@faegredrinker.com; NYClassActions_Microsoft_OHS <NYClassActions_Microsoft_OHS@orrick.com>
**Cc:** Alter-AI-TT@simplelists.susmangodfrey.com
**Subject:** RE: AG v OAI,23-cv-8292 (consol.) SDNY – Plaintiffs Proposed First Amended Consolidated Complaint

Craig:

Microsoft will not agree to the proposed amendments. The scope of changes proposed by Plaintiffs involving Microsoft would dramatically expand the scope of the case, involving two significant new groups of people and at least two entirely new sets of technologies, some of which also have nothing to do with OpenAI or its technology. It is not an exaggeration to say that the proposed amendments vis-à-vis Microsoft would triple the size of the case. These amendments would derail the schedule and make the case unmanageable.

Nor is there any reason why these amendments need to be brought as part of this case as opposed to a follow-on case. The outcome of the currently pending matter, one way or another, is as a practical matter likely to resolve any follow-on claims. It appears that both sets of Class Plaintiffs in California and New York are bringing proposed amendments involving Microsoft and new claims in order to jockey for position in the event of an MDL. Neither Microsoft nor the Courts should be caught in the crosshairs of such jockeying, resulting in unnecessary inefficiency and expense.

Having said all of that, however, Microsoft is willing to ensure that it has addressed any concerns the NY Class Plaintiffs may have regarding the necessity of bringing additional claims now. Accordingly, Microsoft is willing to offer a tolling agreement.

We would expect the basic terms of such an agreement would be along the following lines:

1. Author Plaintiffs withdraw their proposed First Amended Complaint and revise it to drop the new "Microsoft Class" claims and the new claims against the version of Copilot that post-dates September 2023 (the "Withdrawn Claims").
2. Any and all statutes of limitations and time-based defenses relating to the Withdrawn Claims are tolled from March 19, 2025.

4

3. No admissions of liability and the agreement is inadmissible except to prove a breach of it.
4. Nothing in the agreement waives any defenses or objections available to Microsoft as of March 19, 2025, nor revives any claim that was already barred.
5. Microsoft may retain user session/telemetry data on a rolling basis in accordance with its ordinary course of business retention policies.

We are available to discuss this with you if it would be helpful.

Annette Hurst