# EXHIBIT B

NAH4BRAH

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

BRANCH FAMILY FOUNDATION, INC.
on behalf of itself and all
others similarly situated,

              Plaintiff,

         v.                              16 Civ. 740 (JMF)

AXA EQUITABLE LIFE INSURANCE
COMPANY,
                                         Remote Hearing

              Defendants.

------------------------------x
                                         New York, N.Y.
                                         October 17, 2023
                                         2:30 p.m.

Before:

                HON. JESSE M. FURMAN,

                                         District Judge

                    APPEARANCES

SUSMAN GODFREY LLP
     Attorneys for Plaintiffs
BY:  MARK MUSICO
     STEVEN SKLAVER

MILBANK LLP
     Attorneys for Defendants
BY:  DAVID GELFAND
     JONATHAN LAMBERTI
```

1    THE COURT:  We are here in the matter of in re: AXA
2    Equitable Life Insurance Company, cost of insurance litigation,
3    16 CV 740.
4    First, let me just thank everybody for adjusting to a
5    remote proceeding.  I am dealing with a family medical
6    situation, and I didn't want to cancel this for any number of
7    reasons but wasn't confident that I would get to court.  So I
8    appreciate the ability to do it remotely.
9    Before I take appearances, let me just deal with a
10   couple reminders.  Number one, if you can mute your phones,
11   those of you who are on the speaking line, please do so to
12   avoid background noise.  Remember to unmute it when wish to say
13   something, and please make the first thing you say is your name
14   so that the court reporter and I know who is speaking.
15   This is a reminder that this is a public conference,
16   just as it would be if we were in open court.  I assume that
17   you have colleagues listening in on the call-in line.  If at
18   some point there is any trouble on that, please alert me so
19   that we deal with that promptly to ensure that this is, in
20   fact, a public conference and a reminder that it cannot be
21   recorded or rebroadcast by anyone.
22   With that, I'll take appearances.
23   MR. SKLAVER:  Good afternoon, your Honor, Steven
24   Sklaver of Susman Godfrey for the class.
25   MR. MUSICO:  And Mark Musico from Susman Godfrey on

order, I approved the plan of notice, set deadlines for the filing of objections and final approval papers, and scheduled this fairness hearing, which was subsequently adjourned to today, and as discussed, converted to a virtual remote proceeding.

Having reviewed the plaintiff's motion for final approval of the settlement, which is ECF No. 724 and related motion at ECF No. 711, those motions are granted, substantially for the reasons set forth in the memorandum in support of the motion, that is at ECF No. 728 and 712. Having said that, let me spell it out in more detail. First, as an initial matter, I find that the notice, which reached an estimated 94 percent of identified class members, *see* the principal memorandum at page 24, satisfies the requirements of Rule 23(e)(1) and due process clause.

Second, I find that the settlement itself is fair, reasonable, and adequate, in light of the factors set forth in Rule 23(e)(2) and in *City of Detroit v. Grinnell Corp.*, 495 F.2d 488, 463 (2d Cir. 1974). Under Rule 23(e)(2), courts evaluating the fairness, reasonableness, and adequacy of a proposed settlement must consider whether "(A) the class representatives and class counsel have adequately represented the class; (B) The proposal was negotiated at arm's length; (C) the relief provided to the class was adequate, and (D) the proposal treats class members equitably relative to each

1    other."
2            In considering the third factor, and as relevant here,
3    the courts must account for the costs, risks and delay of
4    trial, the effectiveness of the proposed method of distribution
5    and the reasonableness of any proposed attorneys' fees.  That
6    is Rule 23(e)(2)(C)(i)-(iv).
7            The third and fourth Rule 23(e)(2) factors will
8    therefore also pertain to, if not resolve, the class counsel's
9    fee motions.  Indeed, as the Second Circuit recently explained,
10   Rule 23(e)(2) factors overlap significantly with, "but do not
11   displace the traditional *Grinnell* factors, which remain a
12   useful framework for considering the substantive fairness of a
13   settlement."  That is 79 F.4th 235, 243 (2d Cir. 2023).
14           Here, all four of the 23(e)(2) factors favor approval.
15   To begin, class has been exceedingly well represented by its
16   representatives and counsel, who have diligently and ably
17   pursued, with great success, the class's overriding common
18   interest of maximizing recovery.  *See In re Signet Jewelers*
19   *Ltd. Sec. Litig.*, 2020 WL 4196468, at page 2 (S.D.N.Y. July 21,
20   2020).  Of major note with, 94 percent of the class noticed via
21   mail, not a single member has objected to the settlement.  A
22   fact that is all the more noteworthy given the number of
23   sophisticated intuitional investors in the class.  *See*
24   Memorandum at 24 and what Mr. Sklaver just updated moments ago.
25           Second, proposed settlement is a product of a

1   hard-fought -- and I'm certainly in a good position to confirm

2   that the litigation was hard-fought -- arm's length negotiation

3   in shadow of litigation that spanned four years.  Parties

4   underwent four separate mediation sessions under the

5   supervision highly respected mediators who agree that the

6   parties negotiated "carefully, deliberately and in good faith

7   to advance the best interests of their clients." That is

8   Paragraph 8 of the Murphy Declaration.

9             The third 23(e)(2) factor and its relevant subfactors

10  also strongly favor approval.  First, the litigation was highly

11  complex with significant risks for the class, and the parties

12  engaged in substantial litigation over the course of several

13  years, including many rounds of extensive and complex motion

14  practice and discovery, before agreeing to a settlement.  *See*

15  Memorandum at pages 18 and 25.

16            And there is no question, I think plaintiffs are

17  correct that a trial in this case would likely have come down

18  to a "battle of the experts" on both liability and damages and

19  tasking the jury with weighing complex actuarial standards,

20  insurance principles, and technical actuarial assumptions,

21  documents, and data.  *See* pages 18 and 19 of the Memorandum.

22  Plaintiffs sidestepped the risks normally associated with this

23  kind of trial to achieve a settlement in which the cash fund

24  alone amounts to 77 percent of plaintiffs' requested damages.

25  That is a substantially higher percentage award than the one