# EXHIBIT C

```
         J3IABESHps

 1       UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF NEW YORK
 2       ------------------------------x

 3       37 BESEN PARKWAY, LLC,
         on behalf of itself and all others
 4       similarly situated,

 5                       Plaintiffs,

 6               v.                                  15-cv-9924 (PGG)

 7       JOHN HANCOCK LIFE INSURANCE
         COMPANY (U.S.A.),
 8
                         Defendant.                  Hearing
 9
         ------------------------------x
10
                                                     New York, N.Y.
11                                                   March 18, 2019
                                                     4:10 p.m.
12

13

14       Before:

15                            HON. PAUL G. GARDEPHE

16                                                   District Judge

17
                                    APPEARANCES
18
         SUSMAN GODFREY LLP
19            Attorneys for Plaintiffs
         BY:  STEVEN G. SKLAVER, ESQ.
20            SETH D. ARD, ESQ.
              GLENN C. BRIDGMAN, ESQ.
21
         BOIES, SCHILLER & FLEXNER LLP
22            Attorneys for Defendant
         BY:  MOTTY SHULMAN, ESQ.
23

24

25


                         SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
```

1   at *5.
2            With respect to the application of the lodestar
3   method, as I mentioned, class counsel billed a combined
4   7,327.70 hours to this matter, reflecting time billed over a
5   period of more than three years.
6            The hourly billing rates among plaintiffs' counsel and
7   their staff ranged between $900 per hour to $125 per hour,
8   while the average partner billing rate was $800.  The hourly
9   rates of the two partners who performed the vast majority of
10  the partner-level work on this matter -- Mr. Sklaver and
11  Mr. Ard -- are $900 and $750, respectively.  The total blended
12  rate for all legal work performed would be $3,735.82 per hour,
13  based on the proposed attorney's fee award of $27,375,000.
14           As I noted, class counsel's request for attorney's
15  fees results in a multiplier, or yields a multiplier, of 6.92,
16  which certainly falls on the high end of the scale, especially
17  given the size of the settlement.  *See In re Citigroup Inc.*
18  *Sec. Litig.*, 965 F. Supp. 2d 369, 400-01 (S.D.N.Y. 2013)
19  ("Courts in this Circuit have trended toward awarding lower
20  percentages and lower multipliers for awards from extremely
21  large common funds such as this one.")  *Compare In re Telik*
22  *Inc. Sec. Litig.*, 576 F. Supp. 2d at 590 (observing that
23  "lodestar multiples of over 4 are routinely awarded by courts,"
24  in the context of a $5 million settlement), with *In re Merrill*
25  *Lynch & Co. Research Reports Sec. Litig.*, 2007 WL 313474, at

1   *23 (S.D.N.Y. Feb. 1, 2007) (concluding, with respect to a $39
2   million settlement, that a request representing a multiplier of
3   2.43 was excessive and recognizing that courts since *Goldberger*
4   question multipliers over 2.03).
5   　　　　After considering what I believe to be the fairly
6   unique circumstances of this case and considering both the
7   percentage of the percentage of the fund method as well as the
8   lodestar cross-check, I have decided to approve the requested
9   attorney's fee award.  I think the result achieved on behalf of
10  the class here is quite extraordinary and justifies the rather
11  high-end multiplier I made reference to.
12  　　　　As I noted earlier, my recollection is that I raised
13  issues about the merits of plaintiff's claims at the outset of
14  the case.  Accordingly, the case certainly presented a
15  significant risk.  The time and labor expended on the matter
16  was significant.  I view the magnitude and complexities of the
17  litigation as quite significant.  I believe the quality of
18  representation is quite high.  After considering all the
19  factors, I have decided to approve the request of the
20  attorney's fee award, despite the high multiplier that results.
21  　　　　With respect to costs, or reimbursement of litigation
22  expenses, it is my intention to grant class counsel's request
23  for fees in the amount of $2,240,112.22.  *See in re LIBOR-based*
24  *Fin. Instruments Antitrust Litig.*, 2018 WL 3863445, at *1
25  (S.D.N.Y. Aug. 14, 2018) ("[C]ourts in the Second Circuit