## SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
SUITE 1400
1900 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067-6029
(310) 789-3100
FAX (310) 789-3150
WWW.SUSMANGODFREY.COM

**MEMO ENDORSED**

| SUITE 5100 | SUITE 3000 | 32ND FLOOR |
| 1000 LOUISIANA STREET | 401 UNION STREET | 1301 AVENUE OF THE AMERICAS |
| HOUSTON, TEXAS 77002-5096 | SEATTLE, WASHINGTON 98101-2683 | NEW YORK, NEW YORK 10019-6023 |
| (713) 651-9366 | (206) 516-3880 | (212) 336-8330 |

ROHIT NATH
DIRECT DIAL (310) 789-3138

E-MAIL RNATH@SUSMANGODFREY.COM

*[Handwritten endorsement:] Last date for substantial production of documents for all RFP's served by 1/29/24 is June 14, 2024. The parties are to submit a schedule to be so ordered. So ordered. Sidney H. Stein USDJ. January 29*

January 26, 2024

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Authors Guild et al. v. OpenAI, Inc., et al.*, and *Alter et al. v. OpenAI Inc., et al.*, Nos. 1:23-cv-08292-SHS & 1:23-cv-10211-SHS

Dear Judge Stein:

My firm represents the Nonfiction Plaintiffs in *Alter et al. v. OpenAI Inc.*, No. 1:23-cv-10211-SHS (S.D.N.Y.), and I submit this letter on behalf of all parties in the *Alter* action and *Authors Guild v. OpenAI, Inc.*, No. 1:23-cv-08292 (the "Consolidated Cases"). Pursuant to the Joint Stipulation and Order entered on January 22, 2024, the Parties write regarding the proposed schedule for fact discovery, expert discovery, and summary judgment briefing in the Consolidated Cases. Nonfiction Dkt. 31 at 4.

Plaintiffs' and Defendants' respective scheduling proposals are set forth below. The parties' proposed schedules are identical in all respects except one. The parties have reached an impasse as to the appropriate deadline for the substantial completion of document productions in response to requests for production served before January 31, 2024. The parties' positions on a proposed substantial completion deadline are set forth below the proposed schedule.

Page 2

### Proposed Schedule

| Deadline | Proposed Date(s) |
|---|---|
| Deadline for Substantial Production of Documents for All RFPs Served by January 31, 2024 | Plaintiffs: May 10, 2024<br><br>Defendants: August 1, 2024 |
| Fact Discovery Cutoff | September 17, 2024 |
| Deadline to Serve Expert Reports on All Issues on which a Party Has the Burden of Proof | October 18, 2024 |
| Deadline to Serve Opposing Expert Reports | November 18, 2024 |
| Expert Discovery Cutoff | December 9, 2024 |
| Motions for Summary Judgment & Daubert Motions | January 7, 2025 |
| Opposition to Motions for Summary Judgment & Daubert Motions | February 7, 2025 |
| Replies in Support of Motions for Summary Judgment & Daubert Motions | February 28, 2025 |

**Plaintiffs' Position on Substantial Completion Deadline**

The parties have mutually agreed to, and the Court has ordered, an expedited schedule that has summary judgment briefing completed by February 28, 2025. To meet that schedule, the parties agree that fact discovery must be completed by September 2024, *i.e.*, nine months from now. Such a schedule requires a correspondingly expeditious timeline for the initial production of documents within the next few months, so the parties can proceed to resolve any additional disputes, serve follow-on discovery related to documents produced, and complete depositions. To that end, Plaintiffs propose a substantial completion deadline of May 10, 2024 for any requests already served. This deadline is reasonable: Under this schedule, the OpenAI defendants—who were first served RFPs on November 13, 2023 and responded on December 22, 2023—will have more than six months

Page 3

to substantially complete their production of documents in response to Plaintiffs' initial requests. Microsoft, who was served discovery this week, will have four months.

Defendants' proposal of an August 1, 2024 substantial completion date—just six weeks before the fact discovery cutoff—is incongruous with the expedited schedule to which the parties agreed, and portends inefficiency and delay. Because the proposed substantial completion deadlines apply only to initial documents requests (*i.e.*, those already served or served before Jan. 31, 2024), Defendants' proposal foreseeably compresses *all other discovery* into the last six weeks of fact discovery. Under this proposal, the parties will burn through **_83 percent_** of the proposed discovery period just to complete initial document productions, then be forced to scramble to review those voluminous productions, address any disputes about the completeness of productions, serve any additional discovery (including third party discovery), and schedule and conduct depositions. Such a lopsided distribution of time invites needless inefficiency—if not chaos—for both the parties and the Court. The path to summary judgment briefing to which Defendants agreed warrants an orderly schedule for everything, including the production of documents in response to initial requests. *Cf. Momentum Luggage & Leisure Bags v. Jansport, Inc.*, No. 00 CIV. 7909 (DLC), 2001 WL 91707, at *2 (S.D.N.Y. Feb. 1, 2001) (granting preclusion under Rule 37 for delays in document production where case "put on an expedited schedule").

The delay that Defendants seek is disproportionately prejudicial to Plaintiffs because Defendants—especially the OpenAI Defendants—are in control of the lion's share, if not virtually all, of documents relevant to the upcoming summary judgment briefing. For example, Defendants are in sole possession of the dataset used to train the AI models and documents related to how those copies were used. Plaintiffs' preliminary RFPs seek these foundational documents and information necessary to conduct further discovery—*e.g.*, serving additional targeted requests, selecting appropriate witnesses, or preparing for depositions. Defendants' proposed substantial completion deadline, for *initial* discovery requests, facilitates their ability to slow the process for seven months, only to reveal their cards at tail end of fact discovery. That is not how Federal Rule 26 and 34 are intended to work. Fed. R. Civ. P. 34(b)(2)(B) ("The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.").

The Court's intervention to set a firm, and quick, timetable for initial document productions is especially warranted here because the discovery process already reflects indicia of delay. For example, thus far the OpenAI Defendants categorically have refused to produce documents already collected and turned over to legislative bodies and regulatory agencies—including materials obviously

relevant to the copyright claims at issue, like those turned over to the Copyright Office or the House Subcommittee on Courts, Intellectual Property and the Internet. As for the documents that the OpenAI Defendants have agreed to produce, they have only agreed to produce them "after the entry of a protective order in this case." But Plaintiffs sent the OpenAI defendants a draft protective order *over a month ago*—on December 12, 2023—and the OpenAI Defendants have yet to respond, a delay that has also held hostage all document productions in the case. A quick timetable for production is warranted to put an end to these delays.

### Defendants' Position on Substantial Completion Deadline

The parties agree on much—we all want to get this case ready for summary judgment by the end of the year, and we agree on all significant case milestones necessary to do so. But Plaintiffs seek to impose a short deadline for completion of production in response to their sets of very broad discovery requests—requests that in Microsoft's case were only served two days ago. Defendants have moved expeditiously to set in motion the enormous discovery undertaking presented by Plaintiffs' broad requests.

Despite Defendants' reservations about agreeing to a substantial completion deadline when the parties have yet to reach agreement on the appropriate scope of discovery, in pursuit of compromise Defendants nonetheless agreed to a deadline of August 1—six weeks prior to the agreed fact discovery cutoff of September 17. And, of course, this would not be the *first* date upon which Defendants intend to produce documents. Rather, documents will be produced on a rolling basis and the substantial completion deadline marks the *end* of anticipated production. Completion six weeks prior to the fact discovery cutoff is eminently reasonable. Completion at six weeks prior to discovery cutoff leaves plenty of time to complete depositions and to provide materials to experts for their reports. Indeed, even if Plaintiffs choose to wait until they have substantially complete document productions from all Defendants to take any depositions, the schedule provides ample time to prepare for them. Plaintiffs are not prejudiced by the later deadline.

In contrast, Plaintiffs' effort to impose a May 10 deadline—just three months away—for substantial completion of document production would prejudice Defendants. Plaintiffs served Microsoft with requests only for the first time on January 24, and some of those requests are so broad as to seek all documents and communications "relating to the allegations in the Amended Complaints." The consolidated amended complaint has not even been filed yet. And despite Plaintiffs' representations, Plaintiffs and OpenAI have been meeting and conferring and are still in the process of negotiating a protective order, and more importantly, an ESI Protocol. The ESI Protocol is critical for the parties to set expectations regarding the scope of document collection as well as the manner of review and production. The document requests potentially implicate large collections of data

Page 5

that cannot feasibly be copied for production, and the parties will need to negotiate the means of handling such data. The parties also will have to agree on the number and identity of custodians for whom custodial information will be collected and any keywords used to screen both custodial and non-custodial ESI. Following adoption of that protocol, Defendants will still have to search for, collect, review, and produce documents. Each of these steps takes time. Plaintiffs' proposed May 10 deadline ignores these realities.

In sum, Defendants submit that their proposed August 1 substantial completion date is reasonable and Plaintiffs' proposed deadline of May 10 is unreasonable, especially in light of the front-loaded work that needs to be done to get ready for document production.

Sincerely,

*/s/ Rohit Nath*

Rohit Nath

cc:   All Counsel of Record