UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD *et al.*, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OPENAI INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION,<br><br>Defendants. | Case No. 1:23-cv-08292-SHS<br>Case No. 1:23-cv-10211-SHS<br>Case No. 1:23-cv-11195-SHS<br>Case No. 1:24-cv-00084-SHS<br><br>**DECLARATION OF CHRISTOPHER J. HYDAL IN SUPPORT OF MOTION TO INTERVENE AND DISMISS, STAY OR TRANSFER** |
| JONATHAN ALTER *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION,<br><br>Defendants. | |
| THE NEW YORK TIMES COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | |

NICHOLAS A. BASBANES and NICHOLAS NGAGOYEANES (professionally known as Nicholas Gage), individually and on behalf of all others similarly situated,

                  Plaintiffs,

    v.

MICROSOFT CORPORATION, OPENAI, INC., OPENAI GP, L.L.C., OPENAI HOLDINGS, LLC, OAI CORPORATION, LLC, OPENAI GLOBAL, LLC, OPENAI, L.L.C., and OPENAI OPCO, LLC,

                  Defendants.

I, Christopher J. Hydal, declare as follows:

1.  I am an associate attorney with the Joseph Saveri Law Firm, LLP ("JSLF"). I am admitted to practice before this Court and a member in good standing of the bar of the State of New York, as well as the United States District Court for the Eastern District of New York, and the United States Court of Appeals for the Second Circuit. I submit this Declaration in support of Plaintiff-Intervenors' Motion to Intervene and to Dismiss, Stay, or Transfer with respect to four Southern District of New York cases ("S.D.N.Y. Actions").[1] Three of the S.D.N.Y. Actions are consolidated under *Authors Guild et al., v. OpenAI, Inc. et al.*, Case No. 1:23-cv-08292-SHS (S.D.N.Y. Sep. 19, 2023) ("*Authors Guild* Action"). The fourth S.D.N.Y. Action is *The N.Y. Times Co. v. Microsoft Corp. et al.*, Case No. 23-cv-11195 (S.D.N.Y. Dec. 27, 2023) ("*New York Times* Action"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, I could and would testify competently to them. I make this declaration pursuant to 28 U.S.C. § 1746.

2.  On June 28, 2023, JSLF filed a Class Action Complaint on behalf of Paul Tremblay and Mona Awad.[2] *See Tremblay et al., v. OpenAI, Inc. et al.*, Case No. 3:23-cv-03223-AMO (N.D. Cal. June 28, 2023) ("*Tremblay*" or "*Tremblay* Action"), ECF No. 1.[3] The *Tremblay* Class Action Complaint is the currently operative complaint.

3.  On July 19, 2023, JSLF, on behalf of Plaintiffs in the *Tremblay* Action, filed an administrative motion to relate the *Tremblay* Action to *Silverman et al., v. OpenAI, Inc. et al.*,

---

[1] Plaintiff-Intervenors are Paul Tremblay, Sarah Silverman, Christopher Golden, Richard Kadrey, Michael Chabon, Ta-Nehisi Coates, Junot Díaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Ayelet Waldman, and Jacqueline Woodson (collectively, "*Tremblay* Plaintiffs").

[2] On August 11, 2023, Plaintiff Awad and her individual claims were voluntarily dismissed without prejudice. *See Tremblay* Action, ECF No. 29.

[3] All references to "ECF No. __" are to the docket in the *Tremblay* Action unless otherwise noted.

1

Case No. 4:23-cv-03416-KAW (N.D. Cal. July 7, 2023) ("*Silverman* Action"). ECF No. 16. On July 28, 2023, the *Tremblay* court granted that motion. ECF No. 26. On September 20, 2023, Plaintiffs in the *Tremblay* Action filed an administrative motion to relate *Chabon et al. v. OpenAI, Inc. et al.*, Case No. 4:23-cv-04625-PHK (N.D. Cal. Sept. 8, 2023) ("*Chabon* Action") to the *Tremblay* Action. ECF No. 46. On October 10, 2023, the *Tremblay* court granted that motion. ECF No. 53.

4. On October 5, 2023, the *Tremblay* court conducted a case management conference. ECF No. 51. During that conference, the parties discussed, among other things, the pretrial litigation schedule for the case. The schedule the *Tremblay* Plaintiffs had submitted provided a timeline for the completion of merits and expert discovery, class certification, and dispositive motions consistent with Rule 23 and ordinary class action practice. ECF No. 50 at 12; ECF No. 51. Defendants sought to sequence dispositive motions prior to class certification. After hearing from counsel, the *Tremblay* court asked for letter briefs on the issues of the scheduling of summary judgment, class certification and the application of the one-way intervention rule.

5. On October 17, 2023, the *Tremblay* parties submitted letter briefs, as requested by the *Tremblay* court. ECF Nos. 56, 57. On November 8, 2023, the *Tremblay* court held a status conference, where the pretrial litigation schedule in the *Tremblay* Action was discussed. ECF No. 71. Among other things, the court accepted *Tremblay* Plaintiffs' proposal, setting class certification prior to dispositive motions. ECF No. 77 at 12-13; ECF No. 50 at 12; ECF No. 51. Under that schedule, the close of fact discovery is October 29, 2024. ECF No. 51. The close of expert discovery is March 13, 2025. *Id.* Motions for class certification and *Daubert* motions are due by April 10, 2025. *Id.* Oppositions to class certification and *Daubert* motions are due by June 24, 2025. *Id.*

6. The parties in the *Tremblay* Action have relied on the *Tremblay* court's scheduling order, and litigation is well underway. On September 14, 2023, counsel for the

*Tremblay* Action parties conducted a Rule 26(f) conference. ECF No. 50 at 2. On September 28, 2023, the *Tremblay* Action parties exchanged initial disclosures. On December 13, 2023, the *Tremblay* Action parties served each other with interrogatories and requests for production. The *Tremblay* Action parties have issued objections and responses to each other's discovery requests and are in the process of meeting and conferring regarding them. On October 26, 2023, the parties stipulated to consolidation of the *Tremblay*, *Silverman*, and *Chabon* Actions. ECF No. 60. On November 9, 2023, the *Tremblay* court consolidated the *Tremblay, Silverman,* and *Chabon* Actions under the master caption *In re OpenAI ChatGPT Litigation*. ECF No. 74. The case is proceeding on schedule.

7. In addition to discovery being well underway in the *Tremblay* Action, counsel for the parties in the *Tremblay* Action have litigated a Rule 12 motion to dismiss. ECF Nos. 33, 48, 54. I have reviewed the dockets in the S.D.N.Y. Actions, which reveal that, in contrast to the *Tremblay* Action, the S.D.N.Y. Actions are not substantially advanced beyond complaints having been filed. For example, discovery is not underway. In fact, other than motions for lead counsel, there has been little activity in the *Authors Guild* Action until recently; the *New York Times* Action is even less developed.

8. I have reviewed the complaints filed in the *Authors Guild* Action. They are substantially identical to the *Tremblay* Action. Each purport to represent proposed classes which are coextensive with and entirely subsumed by the class proposed in the *Tremblay* Action. They are each a copy of the *Tremblay* Action. I have also reviewed the complaint filed in the *New York Times* Action, which is substantially similar to the *Tremblay* Action. The plaintiff in the *New York Times* case is subsumed by the class proposed in the *Tremblay* Action. The Plaintiffs in each action allege that OpenAI, Inc. and its affiliated entities (collectively, "OpenAI") committed copyright infringement when they made and used copies of the plaintiffs' literary,

journalistic, and other written works—without permission—during the process of training OpenAI's large language models.

9. As explained further in the brief filed herewith, under the first-to-file rule, the *Tremblay* Plaintiffs should be allowed to intervene in the substantially similar S.D.N.Y. Actions. The S.D.N.Y. Actions should be dismissed or, in the alternative, transferred or stayed.

10. Attached hereto as Exhibit A is a true and correct copy of the Class Action Complaint filed in *Tremblay et al., v. OpenAI Inc. et al.*, Case No. 3:23-cv-03323-AMO (N.D. Cal. June 28, 2023).

11. Attached hereto as Exhibit B is a true and correct copy of the Class Action Complaint filed in *Silverman et al., v. OpenAI Inc. et al.*, Case No. 3:23-cv-03416-AMO (N.D. Cal. July 7, 2023).

12. Attached hereto as Exhibit C is a true and correct copy of the original Complaint filed in *Chabon et al., v. OpenAI Inc. et al.*, Case No. 3:23-cv-04625-AMO (N.D. Cal. Sep. 8, 2023).

13. Attached hereto as Exhibit D is a true and correct copy of the Amended Complaint filed in *Chabon et al., v. OpenAI Inc. et al.*, Case No. 3:23-cv-04625-AMO (N.D. Cal. Oct. 5, 2023).

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 12, 2024.

By:     */s/ Christopher J. Hydal*
           Christopher J. Hydal