# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated,

        Plaintiffs,

  -against-

OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LCC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION,

        Defendants.

----------------------------------------------------------

No. 1:23-cv-10211 (SHS)

**DEFENDANTS OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LCC, OAI CORPORATION, LLC, AND OPENAI HOLDINGS, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSION (NOS. 1-285)**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC (collectively, "OpenAI") hereby object and respond to Plaintiffs' First Set of Requests for Admission. To the extent that OpenAI agrees to respond to these Requests, each entity is agreeing to respond only on its own behalf, to the extent any information is in the possession, custody or control of that entity. Furthermore, an agreement by OpenAI to respond does not mean that each entity has information in its possession, custody, or control.

## **PRELIMINARY STATEMENT**

The following responses and objections are based upon the facts, documents, and information presently known and available to OpenAI. Discovery, investigation, research, and analysis are ongoing. These processes may disclose the existence of additional facts or documents, add meaning to known facts or documents, or lead to additions, variations or changes to these responses and objections.

Without obligating itself to do so, except to the extent required by the Federal Rules of Civil Procedure, OpenAI reserves the right to change or supplement these responses as additional facts or documents are discovered, revealed, recalled, or otherwise ascertained, and as further analysis, research, investigation, and discovery disclose additional facts, documents, contentions, or legal theories that may apply. OpenAI specifically reserves the right to utilize subsequently discovered facts, documents or other evidence at trial. Given the ongoing investigation, OpenAI reserves the right to serve timely verifications to the responses at a later date.

The general and specific responses and objections set forth below are intended to apply to all information provided pursuant to the Requests. Furthermore, these responses do not in any way waive any objections by OpenAI in this or in any subsequent proceeding, on any grounds,

including objections as to the competency, relevancy, materiality, privilege or admissibility of these response, or the subject matter thereof.

## GENERAL OBJECTIONS

The following objections to Definitions ("General Objections") are continuing in nature and shall apply to each Request and each and every definition by Plaintiffs and are hereby incorporated into each response. OpenAI makes each individual response subject to, and without waiver of, the following General Objections:

1. OpenAI objects to the Requests, including the Definitions and Instructions contained therein, to the extent that any Request:

    a. seeks the disclosure of information neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence;

    b. is overly broad, unduly burdensome, oppressive, and/or duplicative;

    c. is unrestricted in time;

    d. is vague and/or ambiguous;

    e. calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, the settlement privilege, and/or any other privilege or immunity from disclosure recognized by law;

    f. calls for the disclosure of information not within OpenAI, Inc.'s possession, custody, or control;

    g. calls for the disclosure of information that is publicly available or to which Doe 1 has equal access; and/or

    h. constitutes a Request for Admission beyond the scope of discovery authorized by and/or seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure 26 and 36, the local rules of the Southern District of New York, and this Court.

2. In the event that OpenAI produces information or documents that are privileged, work product, protected under Federal Rule of Evidence 502, or otherwise immune from

disclosure, it will have been produced through inadvertence and shall not constitute a waiver of any privilege or immunity applicable (a) to that or any other information or documents or (b) to communications concerning the subject matter of that or any other information or documents. Any such information should be treated in accordance with any protective order and ESI protocol entered in this action, when they are entered.

3.  OpenAI objects to the definition of "You," "Your," and "OpenAI" to the extent it purports to include each of the OpenAI Defendant's "subsidiaries, affiliates, divisions, predecessors in interest, successors, or assignees, and their respective officers, directors, employees, consultants, representatives, and agents" as overly broad, unduly burdensome, and disproportionate to the needs of this case and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure.  OpenAI interprets and defines OpenAI to include only the named Defendants OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC.

4.  OpenAI objects to the definition of "AI Models" to the extent it purports to include the models GPT-1, GPT-2, GPT-3, and GPT-5.  This definition is overly broad, unduly burdensome and disproportionate to the needs of this case, and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure.  OpenAI further objects to this definition as seeking information not relevant to any claim or defense in this litigation because GPT-5 does not yet exist, and GPT-1, GPT-2, and GPT-3 are not models used for ChatGPT.  OpenAI interprets and defines "AI Models" to include GPT-3.5 and GPT-4 models

5.  OpenAI objects to each Request to the extent that it seeks trade secrets or confidential or proprietary information of OpenAI.  OpenAI will produce confidential documents and information as set forth herein, subject to the terms of the Amended Stipulated Protective Order entered in this matter on August 7, 2023 and any other relevant agreements.

6.  OpenAI objects to each Request to the extent it purports to require OpenAI to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party.  OpenAI will not disclose such information without either the consent of the relevant third

party or an order by the Court compelling production.

7.   OpenAI objects to each Request on the grounds that "Rule 36 is not a discovery device" and should not be used to gather information or as a substitute for interrogatories, requests for production of documents, and depositions.  *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997); see also *Spectrum Dynamics Medical Ltd. v. General Elec. Co.*, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021) (RFAs "are not designed to discover information like other discovery rules such as Rule 34").  Instead, requests for admission should serve to narrow and eliminate issues for trial by obtaining "admissions for the record of facts already known by the seeker."  *Galgano v. County of Putnam*, 16-cv-3572 (KMK)(PED), 2021 WL 3159844, at *1 (S.D.N.Y. June 30, 2021).  Accordingly, OpenAI need not answer "where requests for admission are not designed to identify and eliminate matters on which the parties agree, but to seek information as to fundamental disagreement at the heart of the lawsuit."  *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018).

8.   OpenAI's investigation in this matter is continuing, and OpenAI will provide the information known to it at the present time.  OpenAI reserves the right to supplement its responses pursuant to Rule 26(e) with different or additional information obtained during the course of discovery.

9.   OpenAI objects to each Request to the extent it would require OpenAI to make a legal conclusion or contention to make a proper response.

10.   OpenAI will make, and has made, reasonable efforts to respond to these Requests as OpenAI reasonably understands and interprets each Request.  If Plaintiffs subsequently assert any interpretation of any Request that differs from the interpretation of OpenAI, then OpenAI reserve the right to supplement and amend its objections and responses.

Without waiving the foregoing General Objections but in express reliance thereon, OpenAI incorporates the foregoing objections into the responses below and responds to the individually numbered Requests as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR ADMISSION NO. 1:**

Admit that *Madhouse at the End of the Earth: The Belgica's Journey Into the Dark Antarctic Night* was included in the dataset used to train Your AI Models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. 394 at 399.

OpenAI also objects to this Request as premature because discovery is ongoing. OpenAI continues to investigate the subject matter of this Request. OpenAI objects to this Request because it is not limited in time, which renders it overly broad. OpenAI objects to the term "included" as vague and ambiguous. To the extent Plaintiffs seek information concerning GPT-1, GPT-2, GPT-3, or GPT-5, OpenAI objects to this Request as seeking information that is not relevant to any claim or defense in this litigation because those models are not used for ChatGPT. OpenAI further objects to the term "AI Models" as vague and ambiguous because it cannot admit as to some models but deny as to others. OpenAI objects to this Request as unduly burdensome and oppressive to the extent Plaintiffs have served 285 fact-intensive requests while OpenAI's investigation is ongoing.

In light of the foregoing general and specific objections, OpenAI responds that it will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of an RFA. If a response is deemed required, OpenAI denies the Request on that basis. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data.

**REQUEST FOR ADMISSION NO. 2:**

Admit that *Madhouse at the End of the Earth: The Belgica's Journey Into the Dark Antarctic Night* was used to train Your AI Models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. 394 at 399.

OpenAI also objects to this Request as premature because discovery is ongoing. OpenAI continues to investigate the subject matter of this Request. OpenAI objects to this Request because it is not limited in time, which renders it overly broad. OpenAI objects to the phrase "used to train" as vague and ambiguous. To the extent Plaintiffs seek information concerning GPT-1, GPT-2, GPT-3, or GPT-5, OpenAI objects to this Request as seeking information that is not relevant to any claim or defense in this litigation because those models are not used for ChatGPT. OpenAI further objects to the term "AI Models" as vague and ambiguous because it cannot admit as to some models but deny as to others. OpenAI objects to this Request as unduly burdensome and oppressive to the extent Plaintiffs have served 285 fact-intensive requests while OpenAI's investigation is ongoing.

In light of the foregoing general and specific objections, OpenAI responds that it will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of an RFA. If a response is deemed required, OpenAI denies the Request on that basis. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data.

**REQUEST FOR ADMISSION NO. 3:**

Admit that *Madhouse at the End of the Earth: The Belgica's Journey Into the Dark Antarctic Night* was not included in the dataset used to train Your AI Models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. 394 at 399.

OpenAI also objects to this Request as premature because discovery is ongoing. OpenAI continues to investigate the subject matter of this Request. OpenAI objects to this Request because it is not limited in time, which renders it overly broad. OpenAI objects to the term "included" and as vague and ambiguous. To the extent Plaintiffs seek information concerning GPT-1, GPT-2, GPT-3, or GPT-5, OpenAI objects to this Request as seeking information that is not relevant to any claim or defense in this litigation because those models are not used for ChatGPT. OpenAI further objects to the term "AI Models" as vague and ambiguous because it cannot admit as to some models but deny as to others. OpenAI objects to this Request as unduly burdensome and oppressive to the extent Plaintiffs have served 285 fact-intensive requests while OpenAI's investigation is ongoing.

In light of the foregoing general and specific objections, OpenAI responds that it will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of an RFA. If a response is deemed required, OpenAI denies the Request on that basis. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data.

**REQUEST FOR ADMISSION NO. 4:**

Admit that *Madhouse at the End of the Earth: The Belgica's Journey Into the Dark Antarctic Night* was not used to train Your AI Models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. 394 at 399.

OpenAI also objects to this Request as premature because discovery is ongoing. OpenAI continues to investigate the subject matter of this Request. OpenAI objects to this Request because it is not limited in time, which renders it overly broad. OpenAI objects to the phrase "used to train" as vague and ambiguous. To the extent Plaintiffs seek information concerning GPT-1, GPT-2, GPT-3, or GPT-5, OpenAI objects to this Request as seeking information that is not relevant to any claim or defense in this litigation because those models are not used for ChatGPT. OpenAI further objects to the term "AI Models" as vague and ambiguous because it cannot admit as to some models but deny as to others. OpenAI objects to this Request as unduly burdensome and oppressive to the extent Plaintiffs have served 285 fact-intensive requests while OpenAI's investigation is ongoing.

In light of the foregoing general and specific objections, OpenAI responds that it will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of an RFA. If a response is deemed required, OpenAI denies the Request on that basis. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data.