UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated,<br><br>                    Plaintiffs,<br>           v.<br><br>OPEN AI INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI, LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION,<br>                      Defendants.<br><br>JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br>           v.<br><br>OPENAI, INC., OPENAI OPCO LLC, OPENAI GP, LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION,<br><br>                    Defendants. | <u>Consolidated Cases:</u><br>Case No. 1:23-cv-08292-SHS<br>Case No. 1:23-cv-10211-SHS<br>Case No. 1:24-cv-00084-SHS<br><br><u>Related Case</u><br>Case No. 1:23-cv-11195-SHS |

| |
|---|
| NICHOLAS A. BASBANES and NICHOLAS NGAGOYEANES (professionally known as Nicholas Gage), individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br>                    v.<br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI GP, L.L.C., OPENAI HOLDINGS, LLC, OAI CORPORATION, LLC, OPENAI GLOBAL, LLC, OPENAI, L.L.C., and OPENAI OPCO, LLC,<br><br>                              Defendants. |
| THE NEW YORK TIMES COMPANY,<br><br>                              Plaintiff,<br>                    v.<br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>                              Defendants. |

**DEFENDANT MICROSOFT CORPORATION'S CONDITIONAL OPPOSITION TO MOTION BY CALIFORNIA PLAINTIFFS TO INTERVENE AND DISMISS, STAY OR TRANSFER**

Plaintiffs who are suing OpenAI in *In re OpenAI ChatGPT Litigation*, No. 3:23-cv-03223-AMO (N.D. Cal. 2023) (the "California Plaintiffs") have filed motions seeking to intervene, and, if permitted to intervene, to dismiss, or in the alternative stay or transfer (the "Motions"), the following actions pending in the United States District Court for the Southern District of New York:  1) *Authors Guild et al. v. OpenAI Inc. et al.*, Case No. 1:23-cv-08292-SHS; 2) *Alter et al. v. OpenAI Inc.et al.*, Case No. 1:23-cv-10211-SHS; 3) *Basbanes et al. v. Microsoft Corp. et al.*, Case No. 1:24-cv-00084 (collectively, "the New York Class Actions"); and 4) *The N.Y. Times Co. v. Microsoft Corp. et al.*, Case No. 1:23-cv-11195-SHS (the "NYT Case") (collectively, the "New

1

York Actions"). Microsoft conditionally opposes the Motions.

Microsoft is a defendant in each of the New York Actions but is *not* a defendant in the California Plaintiffs' case, a fact that California Plaintiffs remarkably do not mention in their Motions. To be clear, were all Plaintiffs in both the California and New York Actions to agree that Microsoft should be dismissed with prejudice so that the remaining common parties can facilitate complete consolidation of those matters, Microsoft would not object. On the assumption, however, that the Plaintiffs in the New York Actions are not amenable to dismissing Microsoft with prejudice, Microsoft opposes the relief sought by the California Plaintiffs for the simple reason that it is defending the cases brought against it in the jurisdiction where those cases were filed. Microsoft is doing so with deliberate speed and pursuant to the Second Circuit's instructions regarding the handling of copyright class actions, established in a prior watershed case brought by one of these very same plaintiffs—the Authors Guild. *Authors Guild v. Google, Inc.*, 721 F.3d 132, 134-35 (2d Cir. 2013) (vacating class certification as premature prior to consideration of fair use defense).

In this case, the fair use defense will be just as significant in assessing the extraction of word data for use in connection with this new technology—generative artificial intelligence machine learning large language models—as it was in assessing the extraction of word data for use in connection with the search and display of book snippets in *Authors Guild*. As this Court recognized last December when it *sua sponte* raised the concern, the Second Circuit's *Authors Guild* opinion found that the interests of justice and judicial efficiency are best served by addressing fair use on summary judgment *prior* to reaching the issue of class certification: "Resolution of [the] fair use defense in the first instance will necessarily inform and perhaps moot our analysis of many class certification issues . . . ." *Id.* at 134. The California Plaintiffs

2

plainly do not like this sequencing, preferring the schedule in their California case that will seemingly take up fair use only after a decision on class certification. But their preference is not a reason to transfer or stay the New York Actions.

The parties in the New York Class Actions have cooperated to set a mutually agreeable plan for the litigation of these cases. When Microsoft was first named in the *Alter* action and then added as a defendant to the *Authors Guild* action, one of the first things it did was to communicate a request to the other parties to set a quick schedule leading rapidly to the Court's consideration of summary judgment. Plaintiffs in the New York Class Actions agreed to cooperate when they negotiated certain other concessions: Defendants agreed to forego motions to dismiss and to answer instead, OpenAI conceded that it would not seek to change venue based on the first-filed rule, and all parties hammered out a schedule acceptable to this Court. The overall result was embodied in two scheduling stipulations and this Court's order regarding the disputed issue of the timing of substantial completion of document productions. ECF Nos. 31, 44 (No. 23-cv-10211), 56, 64, 65 (No. 23-cv-08292).

The California Plaintiffs' Motions should thus be seen as what they plainly are: jockeying for position among putative class counsel in two separate jurisdictions. Although there may come a time when one court or the other has to address that dispute (if counsel cannot work it out on their own), that turf war involves a procedural step—class certification—that the Second Circuit instructed should *follow* summary judgment rather than preceding it. The issue may not arise at all as to Microsoft if the Court agrees with its defenses, which the Second Circuit has recognized should come first in order to preserve judicial resources by potentially rendering class certification proceedings unnecessary. Microsoft should not lose its rapid schedule to summary judgment, thereby becoming a victim of internecine warfare on the plaintiffs' side of the "*v.*"

3

The Court should reject the California Plaintiffs' Motions for at least three reasons: (1) the California Plaintiffs lack standing to intervene; (2) even if they had standing the first-filed rule does not apply; and (3) in all events, justice and judicial efficiency compel denial.

***Intervention***.  Intervention as of right pursuant to Rule 24(a) requires a legally cognizable interest that is not adequately protected in the existing actions.  *See* Fed. R. Civ. P. 24(a). Posturing amongst putative plaintiffs' class counsel does not meet the standard.  *See Travis v. Navient Corp.*, 284 F.Supp.3d 335, 345-46 (E.D.N.Y. 2018).  No class has been certified in any case in either jurisdiction, and any interest in class representation is completely hypothetical under the present circumstances.  *Id.* at 343.  Additionally, this Court has designated Interim Class Counsel for the New York Class Actions, and there is no reason to believe that Interim Class Counsel cannot protect the interests of the putative class they represent, and to the extent, if any, that encompasses the California Plaintiffs, them as well.  *Id.* at 344-45.  That coordination among Interim Class Counsel and the California Plaintiffs in discovery may be desirable does not create a protectable legal interest sufficient to support intervention as of right under Rule 24.

As for permissive intervention, Microsoft objects because of the potential for delay, which is sufficient ground for the Court to exercise its discretion to deny intervention.  *See id.* Intervenors do not seek to intervene to *prosecute* the New York Actions, but to dismiss, stay, or transfer them.  In any of those scenarios, Microsoft would be starting all over in California, and would be required to forfeit the agreement among the parties that provided for a speedy schedule to summary judgment under Second Circuit precedent.  The pleadings are not even settled yet in the California case, and waiting for the California Plaintiffs to state their claims will only delay answering the important questions of whether training and commercializing generative AI technologies constitutes a fair use of copyright.  Microsoft seeks to defend the New York

Actions—the only copyright infringement cases pending against it—as quickly as possible in order to vindicate its position that generative AI technologies do not constitute copyright infringement. By early next year, Microsoft intends to demonstrate that generative AI machine learning models are a lawful technology just like the many other new technologies introduced over the years such as the printing press, player piano, personal computer, mimeographic or photostatic copy machines, VCR, DVR, and search engines, because such models make fair use of copyrighted material. The California Plaintiffs' Motions would upend that schedule in a manner that prejudices Microsoft with no countervailing savings of judicial resources.

*First-filed rule.* Additionally, the Court should reject application of the first-filed rule here because the California case and the New York Actions have material differences. The presence of OpenAI in the two sets of cases and some overlap in the class definitions in the cases against OpenAI do not suffice because the presence of Microsoft in the New York Actions significantly changes the complexion of the cases. There are multiple claims brought here against Microsoft that are not part of the California case. These claims seek to investigate the role Microsoft played in developing supercomputer technology for OAI's training of its models, the relationship between Microsoft and OAI, and Microsoft's commercialization of its products such as Bing Chat (now Copilot Chat), Microsoft Copilot 365 (integrating generative AI models into its Office suite of products), and generative AI services offered through the OpenAI API as part of Microsoft's Azure platform.

Through these allegations, the New York Actions Plaintiffs seek to hold Microsoft liable for OpenAI's training and Microsoft's own commercialization of large language models through multiple claims of both direct and indirect copyright infringement. In the NYT Case, there are New York common law and trademark claims that are not present in the California case or the

New York Class Actions. Additionally, the NYT Case raises the issue of generative AI outputs to a degree not seen in any of the other cases, either in California or New York. While Microsoft certainly disputes liability for all of these issues, none of them are present in the California case.

Although the first-filed rule as applied in the Second Circuit does not require identical parties (*see Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F.Supp.2d 235, 244 (E.D.N.Y. 2012) (identical plaintiffs not required); *CRST Van Expedited, Inc. v. J.B. Hunt Transp., Inc.*, No. C 04-79, 2005 WL 741911, at *5 (N.D. Iowa Mar. 31, 2005) (discussing Circuit split on identical parties issue)), the significant differences between the California case and the New York Actions compel the conclusion that the first-filed rule should not apply here. Even where there is some similarity to the claims at issue, the first-filed rule need not apply when a difference in the parties creates material differences between the first and second-filed actions. *See Behring Reg'l Ctr. LLC v. Wolf*, No. 20-cv-09263, 2021 WL 1164839, at *2 (N.D. Cal. Mar. 26, 2021) (declining application of first-filed rule in action involving non-identical parties where first action would not resolve second action).

The cases finding sufficient similarity of actions despite non-identical parties generally involve *fewer* defendants in the later-filed action, not *more and different* defendants in the later-filed action. *See, e.g., Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (a plaintiff cannot "skirt the first-to-file rule merely by omitting one party from a second lawsuit"). Here we have an additional significant and separate entity defendant, Microsoft, against whom material claims are brought that seriously broaden the factual landscape of the New York Actions as compared to the case brought by the California Plaintiffs. The California case will not resolve the claims presented in the New York Actions against Microsoft. Microsoft's research has not uncovered any cases applying the first-filed rule to a situation like

this one, and the California Plaintiffs did not cite any. The presence of Microsoft in the New York actions causes a difference that is material, and the Court should find that the first-filed rule does not apply.

***First-filed exception.*** If, despite the foregoing, the California Plaintiffs are permitted to intervene under the first-filed rule, Microsoft seeks denial of the Motions on the ground that an exception to that rule applies. The "balance of convenience and interest of justice" is an exception that favors maintaining these actions in this forum. *Wyler-Wittenberg*, 899 F.Supp.2d at 246. Those interests are strongly implicated here.

First, it is simply unfair to force Microsoft to forego the schedule it negotiated when it gave up its opportunity to challenge the claims at the pleading stage of this lawsuit. Microsoft reached agreements with Interim Class Counsel in which each side compromised some interests in favor of others. There is no basis to even suggest that class plaintiffs were inadequately represented in connection with those agreements in the New York Class Actions. And there is no overlap at all in the classes and claims against Microsoft. Indeed, there cannot be, because Microsoft is not a defendant in the California case. The California Plaintiffs should not be permitted to swoop in and undo the sequencing and scheduling orders entered by this Court by seeking transfer to California. Either the presence of Microsoft means these are materially different cases, or if they are not, then the Plaintiffs must live by the deals made. Either way, a transfer that forces Microsoft to start all over is an unjust outcome.

Next, the balance of convenience also favors denying the Motions. No matter what happens, it is a near certainty that at least one case will proceed in New York. The Motion in the NYT Case did not address the fact that The New York Times is entitled to opt out of any class that might encompass it and litigate its case directly against Microsoft in the venue of its choice,

7

which obviously is New York. Thus, the action brought by The New York Times will proceed in this Court. As a result, it is unavoidable that both the California and New York district courts will be hearing at least some claims brought against OpenAI.

Nothing about these Motions will improve the balance of convenience for the courts, the plaintiffs, or for OpenAI. The New York Class Action Plaintiffs would be forced to litigate their claims in a distant venue. Granting these Motions would also worsen the balance of convenience for Microsoft. Microsoft is defending only in New York, and it will stay that way if these Motions are denied. The only group for whom this request makes sense is the lawyers for the California Plaintiffs.

The interests of justice and balance of convenience therefore strongly favor denial of these Motions, even in the unlikely event that the California Plaintiffs are permitted to intervene, and the first-filed rule applies. The Court should exercise its discretion to deny the Motions.

Dated: February 26, 2024

By:   /s/ *Annette L. Hurst*

Annette L. Hurst (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
ahurst@orrick.com

Christopher J. Cariello
Marc R. Shapiro
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
ccariello@orrick.com
mrshapiro@orrick.com

8

Jeffrey S. Jacobson
FAEGRE, DRINKER, BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, NY 10036
Telephone: (212) 248-3140
jeffrey.jacobson@faegredrinker.com

*Attorneys for Defendant
Microsoft Corporation*