

40 WORTH STREET
SUITE 602
NEW YORK, NY 10013

TEL (646) 527-7310
FAX (212) 202-7678

March 15, 2024

**Via ECF**

Hon. Sidney H. Stein
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *In re ChatGPT OpenAI Litig.*, Master File No. 23-cv-03223-AMO (N.D. Cal.)
*Authors Guild v. OpenAI Inc.*, 23-cv-8292 (S.D.N.Y.)
*Alter v. OpenAI Inc.*, 23-cv-10211 (S.D.N.Y.)
*Tremblay* **Plaintiffs' Statement in Response to Sur-Reply in Opposition to Motions to Intervene and Dismiss, Stay, or Transfer Authors Actions**

Dear Judge Stein:

To the extent the Court grants leave to consider the sur-reply briefs filed by the *Authors Guild* and *Alter* Plaintiffs ("S.D.N.Y. Plaintiffs"), the *Tremblay* Plaintiffs seek leave to file this brief statement in response thereto.

The S.D.N.Y. Plaintiffs take another bite at the apple, claiming the *Tremblay* Plaintiffs' reply raises "new arguments." Not so. The *Tremblay* Plaintiffs' reply papers simply respond to the arguments raised on opposition, showing why they are meritless, and citing new authority where appropriate.[1]

---

[1] *See Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 299 (E.D.N.Y. 2016) ("As Defendant's arguments are responsive to Plaintiff's memorandum of law in opposition, Defendant has not improperly asserted arguments for the first time in its memorandum of law in reply."); *Bravia Cap. Partners, Inc. v. Fike*, 296 F.R.D. 136, 144 (S.D.N.Y. 2013) ("[R]eply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party.").

March 15, 2024
Page 2

The S.D.N.Y. Plaintiffs do not—and cannot—deny that the actions they filed are subsequent cases, essentially duplicating the first filed claims of the *Tremblay* Plaintiffs. *See Tremblay* Compl., ECF No. 1; *Authors Guild* Compl., ECF No. 1; *Alter* Compl., ECF No. 1. Further, the S.D.N.Y. Plaintiffs do not dispute that the principles underlying the doctrine—the prevention of inconsistent rulings, the preservation of judicial resources, and the avoidance of forum shopping—counsel strongly in favor of application of the rule here. Moreover, the S.D.N.Y. Plaintiffs do not dispute that the Defendants indeed chose to stay in this forum because the S.D.N.Y. Plaintiffs offered them a better deal and provided a dueling duplicative schedule which they preferred to the schedule they had unsuccessfully sought before the *Tremblay* court. The S.D.N.Y. Plaintiffs also do not contest that the class they assert is subsumed in the class alleged in the *Tremblay* Action. Finally, the Authors Guild does not dispute the facts that reveal that the Authors Guild maintains interests at odds with other class members. The motion should be granted. *See Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1203 (2d Cir. 1970) (holding the district court abused its discretion in denying motion for stay under the first-to-file rule reasoning courts should not have to duplicate other's work where the same issues and same parties are involved.).

**The *Tremblay* Plaintiffs Should Be Allowed to Intervene**

Instead, the S.D.N.Y. Plaintiffs focus their energies on intervention issues under Rule 24. Contrary to the S.D.N.Y. Plaintiffs' mischaracterizations, the *Tremblay* Plaintiffs did not "abandon" their argument regarding intervention as of right. The S.D.N.Y. Plaintiffs are correct that the *Tremblay* Plaintiffs seek to intervene as of right under Rule 24(a)(2) as presented in their opening papers and reiterated in their reply. In any event, the *Tremblay* Plaintiffs should be permitted to intervene as a matter of right or under the permissive intervention rule embodied in Rule 24(b). In any event, Plaintiffs have shown sufficient grounds to intervene. Intervention here does not create a heavy burden given the fact that the parties raise essentially the same claims, arising out of the same nucleus of operative facts, on behalf of overlapping plaintiff classes pursuant to Rule 23.

With respect to permissive intervention, the S.D.N.Y. Plaintiffs rely heavily on *Calderon v. Clearview AI, Inc.*, No. 20 CIV. 1296 (CM), 2020 WL 2792979 (S.D.N.Y. May 29, 2020) and *Travis v. Navient Corp.*, 284 F. Supp. 3d 335 (E.D.N.Y. 2018). Those cases are not persuasive here. In both

March 15, 2024
Page 3

of those decisions, permissive intervention was denied because the court determined the parties in the second-filed case would be unduly prejudiced. *See e.g.*, *Travis*, 284 F. Supp. 3d at 346 ("More importantly, intervention by proposed intervenors would, as a practical matter, delay or prejudice the adjudication of the rights of plaintiff and defendants."). Here there would be no such delay. The *Tremblay* Action is further advanced. Moreover, there is also no prejudice because the S.D.N.Y. Plaintiffs do not dispute that they are part of the class in the *Tremblay* Action, and they assert an entirely subsumed class. In *Travis*, the opposite was true. *See Travis*, 284 F. Supp. 3d at 347 ("Proposed intervenors concede that plaintiff would not be included in their putative class and that they have no intention of bringing her individual claims. Thus, plaintiff's claims would not be part of the Demyanenko–Todd action.").[2] In contrast to *Calderon*, 2020 WL 2792979, at *8, granting the motion would permit, not prevent, the S.D.N.Y. Plaintiffs from opting out once the class is certified. *See also Baatz v. Colom. Gas Transmission, LLC*, 814 F.3d 785, 791 (6th Cir. 2016) ("While the opt-out right may allow for (and perhaps anticipate) duplicative litigation . . . it should not prospectively prohibit courts' efforts to conserve resources by applying the first-to-file rule.") (citation omitted).

Additionally, the S.D.N.Y. Plaintiffs confuse the requirements under Rule 24(a) and Rule 24(b). A proposed intervenor need not show a "legal cognizable interest" to be allowed to permissibly intervene under Rule 24(b). Rather, the standard under Rule 24(b) is whether the proposed intervenors "have a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Here, as noted above, this is plainly true, and the S.D.N.Y. Plaintiffs do not—and cannot—dispute it. Indeed, the S.D.N.Y. Actions assert numerous common questions of law and fact which are entirely mutual with the *Tremblay* Action. *See* First Consolidated Am. *Tremblay* Compl., ECF No. 120, ¶¶ 52 – 61; First Consolidated *Authors Guild* Compl. ECF No. 69, ¶¶ 392 – 411. Moreover, in the class-action context, this standard is easily

---

[2] Additionally, intervention was denied in *Travis* because the proposed intervenor had substantively different claims and represented a completely different class than the case in which it sought to intervene. *See Travis*, 284 F. Supp. 3d at 347.

March 15, 2024
Page 4

satisfied where the intervenors assert the same claims as duplicative or overlapping classes and address issues regarding representation or other class issues. The core question, which the S.D.N.Y. Plaintiffs overlook, is whether the intervenor's claims are 'virtually identical' to class claims, and when intervention would strengthen the adequacy of the representation." *Eckert v. Equitable Life Assurance Soc'y of U.S.*, 227 F.R.D. 60, 64 (E.D.N.Y. 2005) (quoting Herbert Newberg & Alba Conte, Newberg on Class Actions § 16:8 (4th ed.)). In addition to the points noted above, there are questions regarding the motivation and interest of the Authors Guild as a representative of the class actions.

**The S.D.N.Y. Plaintiffs Mischaracterize the *Tremblay* Court's Recent Order**

As mentioned on page one of the *Tremblay* Plaintiffs' reply brief, the *Tremblay* court denied the *Tremblay* Plaintiffs' Motion to Enjoin on the basis that it would be unusual to enjoin parties from defending an action in another jurisdiction. *See* ECF No. 89 at 1 citing *Tremblay* Action, ECF No. 118 at 2-3. In so doing, the *Tremblay* court left it for this Court to apply the first-to-file rule to the parties and claims before it. The interests of justice and sound principles of case management strongly suggest doing so here.

The mere fact that the S.D.N.Y. Plaintiffs seek to file sur-reply papers underscores their failure and inability to overcome the rebuttable presumption in favor of applying the first-to-file rule. Indeed, all the requirements are met—the *Tremblay* Action was first filed, and the parties and claims are substantially similar. The Court should therefore deny leave to consider the arguments raised by the S.D.N.Y. Plaintiffs on sur-reply. Ultimately, the Court should dismiss or, in the alternative, stay or transfer the S.D.N.Y. Actions under the first-to-file rule.

Respectfully submitted,

*/s/ Christopher J. Hydal*
Christopher J. Hydal

cc:   Counsel of record in the *Authors Guild*, *Alter*, *New York Times*, and *Basbanes* Actions (via ECF)