UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, *ET AL.*, <br>     Plaintiffs, <br>  -v- <br> OPEN AI, INC., *ET AL.*, <br>     Defendants. | 23-CV-8292 (SHS) <br><br> OPINION & ORDER |
| JONATHAN ALTER, *ET AL.*, <br>     Plaintiffs, <br>  -v- <br> OPEN AI, INC., *ET AL.*, <br>     Defendants. | 23-CV-10211 (SHS) |
| NICHOLAS A. BASBANES and <br> NICHOLAS NGAGOYEANES, <br>     Plaintiffs, <br>  -v- <br> MICROSOFT CORPORATION, *ET AL.*, <br>     Defendants. | 24-CV-84 (SHS) |
| THE NEW YORK TIMES COMPANY, <br>     Plaintiff, <br>  -v- <br> MICROSOFT CORPORATION, *ET AL.*, <br>     Defendants. | 23-CV-11195 (SHS) |

SIDNEY H. STEIN, U.S. District Judge.

  Plaintiffs in the above-captioned actions (the "New York Actions") are copyright holders—a professional writers association, authors, and a news organization—seeking to enforce their intellectual property rights against defendants Microsoft Corporation, OpenAI, Inc., and various entities affiliated with OpenAI.

Other copyright holders have asserted similar claims in an action entitled *In re OpenAI ChatGPT Litigation*, No. 23-CV-3223 (N.D. Cal.) currently pending in the U.S. District Court for the Northern District of California (the "California Action"). The plaintiffs in that action (the "California Plaintiffs") have filed motions to intervene in each of the New York Actions for the purpose of moving to dismiss, stay or transfer the New York Actions pursuant to Fed. R. Civ. P. 24 and the first-to-file rule. (ECF No. 71.[1]) For the reasons set forth below, the Court denies the California Plaintiffs' motions to intervene in each of the New York Actions.[2]

### A. Background

The four actions currently pending before this Court allege copyright infringement against Microsoft Corporation and OpenAI for conduct relating to OpenAI's ChatGPT product. In brief, ChatGPT uses Large Language Models (LLMs), which are trained on extremely large sets of data, to generate text in response to a user's prompt. Three of the cases pending before this Court were brought on behalf of authors who allege principally that their copyrighted works were unlawfully used in the training of OpenAI's LLMs: (1) *Authors Guild, et al., v. OpenAI, Inc., et al.*, No. 23-CV-8292; (2) *Jonathan Alter, et al., v. OpenAI, Inc., et al.*, No. 23-CV-10211; and (3) *Nicholas Basbanes and Nicholas Ngagoyeanes v. Microsoft Corporation, et al.*, No. 24-CV-84 (together, the "Author Actions"). The fourth related action pending in this Court is *The New York Times Company v. Microsoft Corporation, et al.*, No. 23-CV-11195, in which the New York Times alleges principally that defendants infringed on its copyrights in the training of OpenAI's LLMs and the output generated by the ChatGPT product, as well as violated the Digital Millennium Copyright Act.

The *Authors Guild* action, filed on September 19, 2023, was the first of these cases to be filed in the Southern District of New York. It has since been consolidated with the remaining Author Actions for pretrial purposes. The Author Actions are all putative class actions, although no motion seeking certification of a class has been filed to date. The parties have stipulated that defendants will not move to transfer or dismiss the action and motions for summary judgment will precede motions for class certification. (ECF No. 56.) Pursuant to the Scheduling Order entered in that action, fact discovery

---

[1] Unless otherwise noted, "ECF No. __" refers to filings on the docket of *Authors Guild, et al., v. OpenAI, Inc., et al.*, No. 23-CV-8292 (S.D.N.Y.).
[2] The California Plaintiffs moved in the California Action to enjoin the defendants in that action from defending in the actions before this Court. Judge Araceli Martinez-Olguin has denied that motion. *In re OpenAI ChatGPT Litig.*, No. 23-CV-03223, 2024 WL 923556 (N.D. Cal. Mar. 1, 2024).

has already begun, will be completed by September 2024, and summary judgment briefing is due in early 2025. (ECF No. 65.) The *NY Times* action is not a putative class action and defendants have moved to dismiss certain claims in that action. (*NY Times*, ECF Nos. 51, 64.)

On June 28, 2023, approximately three months before any of the New York Actions were filed, a group of authors filed the California Action. In that action, the plaintiffs assert a variety of federal and state-law claims, alleging that OpenAI used copyrighted works to train its LLMs and that the LLMs and their outputs are derivative infringing works. Class certification briefing is not scheduled to be completed until June 2025. (ECF No. 81 at 3-4.)

As noted above, currently pending before this Court is a motion by the California Plaintiffs to intervene in each New York Action pursuant to Fed. R. Civ. P. 24, and, once they have intervened, for the Court to either dismiss, stay, or transfer the New York Actions because the California Action was the first-filed action. Defendant Microsoft Corporation and plaintiffs in the *Authors Guild*, *Alter*, and *NY Times* actions have opposed the motion (ECF Nos. 79, 81; *NY Times*, ECF No. 59), and plaintiffs in the *Basbanes* action support the motion (ECF No. 89-1).[3] The Court denies the California Plaintiffs' motions to intervene.

### B. The California Plaintiffs May Not Intervene as of Right

Rule 24 contemplates two avenues for parties to intervene in a federal action: intervention as of right and permissive intervention. Under Rule 24(a), a party may intervene as of right on a "timely motion" showing that it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." "All four parts of the test must be satisfied to qualify for intervention as of right." *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96 (2d Cir. 1990).

The California Plaintiffs have not met the requirements of Rule 24(a). First, they have not demonstrated a cognizable interest or that any such interest would be impaired. The intervenor's interest in the action must be "direct, substantial, and legally protectable." *Id*. at 97. "An interest that is remote from the subject matter of the

---

[3] Defendant OpenAI takes no position. (ECF No. 80; *NY Times*, ECF No. 49.)

3

proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Id*.

Here, the California Plaintiffs claim an "interest in avoiding contradictory rulings" between the New York Actions and the California Action and that those contradictory rulings would impair their interests. (ECF No. 71 at 9-10.) However, the substantial differences between the actions lessen any risk of contradictory rulings. For example, the California Plaintiffs assert state-law and DMCA claims that are not raised in the Author Actions and Microsoft is not a defendant in the California Action.

More importantly, for the claims that do overlap, the California Plaintiffs have no legally cognizable interest in avoiding rulings that apply to entirely different plaintiffs in a different district. Critically, no class has been certified in any of the New York or California actions, so each group of plaintiffs only has a direct and cognizable interest in its own proceeding. Prior to a class being certified, the California Plaintiffs represent only themselves and cannot be impaired by any decision of this Court, which would only be binding as to the New York plaintiffs in their individual capacities.

A 2020 decision from this District is instructive. In *Calderon v. Clearview AI, Inc.*, 2020 U.S. Dist. LEXIS 94926 (S.D.N.Y. May 29, 2020), a purported first-filed plaintiff also sought to intervene in a Southern District of New York action and to dismiss that action, arguing that he had an interest in the outcome of "competing class actions, with overlapping classes, claims, parties and legal and factual issues." *Id*. at *13. Judge Colleen McMahon denied the motion to intervene, finding that "[p]rior to the certification of a class and the appointment of class counsel, [the proposed intervenor's] interest in being in control of the Clearview AI lawsuits is too attenuated to justify intervention as of right." *Id*. at *15. She elaborated as follows:

> "Unless and until (1) a class is certified; (2) [the proposed intervenor] is found to be an appropriate class representative, and (3) his counsel are deemed appropriate class counsel, the only legally cognizable interest he has is in his own claim. That claim is not pending in the Southern District of New York (all the actions that are here, like [the proposed intervenor's] in Illinois, being merely putative class actions, not certified class actions), he has no right to intervene in any of the actions pending here — even if all the actions in this district were identical to his." *Id*. at *17.

Other judges have similarly decided that a proposed intervenor does not have an interest in the outcome of an action with an overlapping putative class prior to any class

4

being certified. *See Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 342-43 (E.D.N.Y. 2018) ("[A]ny interest in protecting the rights of proposed intervenors and their putative class is too speculative to warrant intervention as of right. At this point, no class has been certified [in either action]."); *Mejia v. Time Warner Cable, Inc.*, No. 15-CV-6445, 2017 U.S. Dist. LEXIS 120445, at *51 (S.D.N.Y. Aug. 1, 2017) ("[P]rior to the certification of a class, any interest the [proposed intervenors'] claim is too remote to justify intervention."). The same reasoning applies here. Because no class has been certified, the California Plaintiffs do not have a cognizable interest in the outcome of any New York Action and fail to satisfy the first requirement of intervention as of right.

Having failed to establish a cognizable interest, the California Plaintiffs similarly fail to establish that their hypothetical interest "would be impaired or impeded." Fed. R. Civ. P. 24(a). Any decision of this Court on the individual plaintiffs here is not binding in the Northern District of California and does not apply to any other plaintiffs, so any potentially contradictory rulings do not impair the California Plaintiffs' rights. Moreover, even if the Court certified a class in the Author Actions that would include the California Plaintiffs, "their rights would be deemed protected, and not impaired" because classes are only certified after finding that the representative plaintiff would adequately protect the class's interests. *Travis*, 284 F. Supp. 3d at 344-45.

Finally, the California Plaintiffs have not shown that the existing parties would not adequately represent their hypothetical interest. "[W]hen there is an identi[t]y of interest between a putative intervenor and an existing party to the action, a presumption of adequate representation attaches in the absence of evidence of collusion, adversity of interest, nonfeasance, or incompetence." *St. John's Univ., N.Y. v. Bolton*, 450 Fed. App'x 81, 84 (2d Cir. 2011). Here, the presumption attaches because plaintiffs in the New York Actions share an interest with the California Plaintiffs, which is to hold OpenAI accountable for allegedly infringing copyrighted works in training its LLMs. *See Travis*, 284 F. Supp. 3d at 346. The California Plaintiffs have not presented any evidence of collusion, adversity, nonfeasance, or incompetence to rebut this presumption. Instead, they allege that the existing parties do not adequately represent their interest because the Authors Guild, a plaintiff in the Author Actions, has publicly indicated an intention to license intellectual property rights to OpenAI. This is not a sufficient reason to cast doubt on the New York plaintiffs' ability to represent the California Plaintiffs' interests. First, the Authors Guild is only one of many plaintiffs. Second, even for that single plaintiff, an interest in licensing intellectual property rights does not undermine Author Guild's interest in or ability to vigorously litigate the case

5

and attempt to hold defendants accountable. Because "there is an identity of interest between a putative intervenor and a party, adequate representation is assured." *Wash. Elec. Coop.*, 922 F.2d at 98.

### C. Permissive Intervention is Denied

The second avenue for intervention is permissive intervention. Pursuant to Rule 24(b), the Court has discretion to permit a party to intervene that "has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b) further provides that, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." "This is the 'principal consideration' when deciding whether to grant permissive intervention." *Travis*, 284 F. Supp. 3d at 346 (quoting *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978)); *see U.S. v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994). In addition, "[t]he court considers substantially the same factors whether the claim for intervention is 'of right' under Fed. R. Civ. P. 24(a)(2), or 'permissive' under Fed. R. Civ. P. 24(b)(2)." *"R" Best Produce, Inc. v. Shulman-Rabin Mktg., Corp.*, 467 F.3d 238, 240 (2d Cir. 2006). The U.S. Court of Appeals for the Second Circuit has "recognize[d] the broad discretion of the district court when considering permissive intervention." *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005).

The California Plaintiffs do not satisfy the requirements of permissive intervention. First, the same factors motivating the Court's denial of intervention as of right—the lack of cognizable interest, the lack of impairment of any interest, and the adequacy of representation—also motivate denial of permissive intervention. Second, it is clear that granting intervention here will prejudice the adjudication of the original parties' rights. The California Plaintiffs explicitly state that they seek intervention "for the limited purpose of filing this Motion to Dismiss, Stay, or Transfer." (ECF No. 71 at 11.) A dismissal, stay, or transfer of this case would certainly prejudice the original parties. *See Travis*, 284 F. Supp. 3d at 346-47 ("[I]ntervention by proposed intervenors would, as a practical matter, delay or prejudice" the original parties where intervenors sought "to intervene for the purpose of moving to dismiss, stay, or transfer this action under the first-to-file rule."); *Calderon*, 2020 U.S. Dist. LEXIS 9492, at *24 ("Courts have previously recognized that intervention for the sole cause of dismissing, staying, or transferring an action — the very action sought here — is prejudicial to the original parties' right to proceed before the court of their choosing."). Third, intervention and dismissal or transfer would disrupt the expedited timeline agreed to by the parties and

ordered by this Court in the Author Actions, where discovery has already commenced and a schedule for summary judgment briefing has been established.

Accordingly, the Court denies the California Plaintiffs' motions to intervene for the purpose of transferring, staying, or dismissing the New York Actions.

Dated: New York, New York
April 1, 2024

SO ORDERED:

*[signature]*

Sidney H. Stein, U.S.D.J.