# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>OPENAI INC., OPENAI LP, OPENAI LLC, OPENAI GP LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, and OPENAI STARTUP FUND MANAGEMENT LLC,<br><br>      Defendants. | **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>No. 1:23-cv-08292-SHS |

PROPOUNDING PARTY:   Plaintiffs

RESPONDING PARTY:   Defendants

SET NUMBER:   One

    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs request that Defendants (together, "OpenAI") respond to the following First Set of Requests for Production of Documents ("Requests"). Responses to these Requests, as well as any responsive documents, shall be delivered to, or made available for inspection and copying at, the offices of Lieff, Cabraser, Heimann & Bernstein, LLP, 250 Hudson Street, 8th Floor, New York, NY

10003, or at another place mutually agreed upon by the parties, within thirty (30) days of the date of service or as otherwise mutually agreed by the parties. Plaintiffs are amenable to an electronic production, subject to agreement by the parties.

In accordance with Rule 34(b), OpenAI shall provide written responses to the following requests and shall produce the requested documents as they are kept in the ordinary and usual course of business or shall organize and label the documents to correspond with the categories in these Requests. In accordance with Rule 26(e), OpenAI shall supplement or correct its responses or productions as necessary.

**I.     DEFINITIONS**

1. ACTION means the above captioned litigation, *Authors Guild et al. v. Open AI Inc. et al.*, No. 1:23-cv-08292-SHS (S.D.N.Y.) (opened Sept. 19, 2023).

2. PROPOSED CLASS MEMBERS means members of the Proposed Class as defined in paragraph 311 of the COMPLAINT.

3. CLASS WORKS has the same meaning as the term defined in paragraph 312 of the COMPLAINT.

4. COMMUNICATIONS means the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information and INCLUDES correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, mail, email, exchanges of recorded information, and postings of any type. COMMUNICATIONS INCLUDES instances where one party disseminates information that the other party receives but does not respond to.

5. COMPLAINT means the operative complaint in the ACTION as of the date these Requests are served.

6. CONCERN means be the subject of, make reference to, comment on, discuss, describe, identify, or contain text or images about the stated topic.

7. DEFENDANTS, OPENAI, or YOU means the entities addressed in paragraphs 30 through 50 of the COMPLAINT and any of their directors, officers, employees, partners, members, representatives, agents (INCLUDING attorneys, accountants, consultants, investment advisors or bankers), and any other person acting or purporting to act on their behalf, as well as corporate parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, related entities, or any other entity acting or purporting to act on their behalf.

8. DOCUMENTS means all materials within the full scope of Federal Rule of Civil Procedure 34 INCLUDING all writings and recordings, INCLUDING the originals, drafts and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (INCLUDING email and attachments, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, interoffice and intra-office communications, instant messages, chats, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (INCLUDING photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical, or electric records or representations of any kind (INCLUDING computer files and programs, tapes, cassettes, discs, and recordings), INCLUDING METADATA.

9. ELECTRONICALLY STORED INFORMATION (ESI) refers to information and DOCUMENTS within the full scope of Federal Rule of Civil Procedure 34—with all METADATA intact—created, manipulated, communicated, stored, and best utilized in digital form, and stored on electronic media. Examples of ESI INCLUDE e-mail, messages posted on electronic message boards, forum postings, support tickets, videos, discussion boards, data, source code, websites, Microsoft Word files, Microsoft Excel files, and instant messages.

  10. ELIGIBLE COPYRIGHTS has the same meaning as the term defined in paragraph 313 of the COMPLAINT.

  11. INCLUDING means including but not limited to.

  12. LARGE LANGUAGE MODEL or LLM has the same meaning as the term discussed in YOUR letter to the Register of Copyrights and Director of the U.S. Copyright Office dated October 30, 2023, "Re: Notice of Inquiry and Request for Comment [Docket No. 2023-06]".

  13. METADATA refers to structured information about an electronic file that is embedded in the file, describing the characteristics, origins, usage, and validity of the electronic file.

  14. PLAINTIFFS means the plaintiffs in the ACTION named in the COMPLAINT.

  15. RELATE TO means refer to, describe, evidence, or constitute, in whole or in part.

## II. RELEVANT TIME PERIOD

  The relevant time period is 2015 through the present ("Relevant Time Period"), unless otherwise specifically indicated, and shall INCLUDE all DOCUMENTS and any other information relating to such period, even though prepared or published outside of the Relevant Time Period. If a DOCUMENT prepared before the Relevant Time Period is necessary for a correct or complete understanding of any DOCUMENT covered by any of these Requests, please provide the earlier DOCUMENT as well. If any DOCUMENT is undated and the date of its preparation cannot be determined, please produce the DOCUMENT if it is otherwise responsive to any Request.

## III. INSTRUCTIONS

  1. The production by one person, party, or entity of a DOCUMENT does not relieve another person, party, or entity from the obligation to produce his, her, or its own copy of that DOCUMENT.

2. Produce DOCUMENTS not otherwise responsive to these Requests if such DOCUMENTS RELATE TO the DOCUMENTS that are called for by these Requests, or if such DOCUMENTS are attached to DOCUMENTS called for by these Requests.

3. Produce each DOCUMENT requested herein in its entirety and without deletion or excisions, regardless of whether YOU consider the entire document to be relevant or responsive.

4. If any DOCUMENT is known to have existed but no longer exists, has been destroyed, or is otherwise unavailable, identify the DOCUMENT, the reason for its loss, destruction, or unavailability, the name of each person known or reasonably believed by OPENAI to have had possession, custody, or control of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the DOCUMENT.

5. If no DOCUMENTS responsive to a particular Request exist, state that no responsive DOCUMENTS exist.

6. Construe the conjunctions "and" and "or" non-restrictively or non-exclusively if doing so would bring within the scope of these Requests DOCUMENTS that might otherwise be construed to be outside of their scope.

7. Construe the use of the singular to include the plural; the use of the masculine, feminine, or neuter gender to include the others; and the use of one form of the verb to include the others if doing so would bring within the scope of these Requests DOCUMENTS that might otherwise be construed to be outside of their scope.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS CONCERNING or RELATING TO PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS that YOU, as of the date these Requests are served, have already gathered or collected in order to submit them to any legislative or executive agency, committee, or other

governmental entity in the United States that CONCERN or RELATE TO the allegations in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS that YOU, as of the date these Requests are served, have already gathered or collected in support of the DOCUMENTS referred to in Request No. 2, or on which the DOCUMENTS referred to in Request No. 2 rely.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS CONCERNING or RELATING TO the policy YOU referred to as "Copyright Shield" in the November 6, 2023, blog post on YOUR website titled "New models and developer products announced at DevDay".

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS CONCERNING or RELATING TO the use of YOUR LARGE LANGUAGE MODELS to produce works of fiction for commercial purposes.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS CONCERNING or RELATING TO the use of commercial works of fiction to train YOUR LARGE LANGUAGE MODELS.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS CONCERNING or RELATING TO YOUR policies or procedures CONCERNING or RELATING TO receiving, processing, or responding to complaints regarding YOUR use of purportedly copyrighted material in training YOUR LARGE LANGUAGE MODELS.

**REQUEST FOR PRODUCTION NO. 8**:

DOCUMENTS CONCERNING or RELATING TO any complaints YOU have received regarding YOUR use of purportedly copyrighted material in training YOUR LARGE LANGUAGE MODELS.

**REQUEST FOR PRODUCTION NO. 9**:

DOCUMENTS CONCERNING or RELATING TO any responses YOU have made to the complaints described in Request Nos. 7 and 8.

**REQUEST FOR PRODUCTION NO. 10**:

DOCUMENTS sufficient to explain whether and to what extent or in what form books, in whole or in part, in any form, format, or language, reside in, are stored in, or otherwise exist within YOUR LARGE LANGUAGE MODELS in a manner that is readable or understandable to the LLM.

**REQUEST FOR PRODUCTION NO. 11**:

DOCUMENTS sufficient to show the state and county where YOUR conduct described in paragraphs 79–110 of the COMPLAINT occurred, INCLUDING the location of YOUR offices where the conduct occurred, the location of YOUR servers and other computer systems involved in the conduct, and the location of YOUR employees who participated in the conduct to the extent such participation happened outside YOUR offices.

**REQUEST FOR PRODUCTION NO. 12**:

DOCUMENTS RELATING TO any business, commerce, or other transactions YOU have conducted in the State of New York.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS sufficient to identify and describe OPENAI's corporate organizational structure, INCLUDING those sufficient to show OPENAI's board of directors, parent companies, subsidiaries, affiliates, departments, and divisions; and those sufficient to show the function each DEFENDANT plays within YOUR corporate structure as a whole.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS sufficient to identify OPENAI's current and former officers, directors, managers, employees and consultants with knowledge of OPENAI's large language models, business practices regarding same, commercial use of its large language models, and the matters described in paragraphs 65 through 122 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS sufficient to show the roles and responsibilities of and supervisory relationship between OPENAI's current and former officers, directors, managers, employees and consultants with knowledge of the topics in the previous request.

Dated: November 13, 2023   Respectfully submitted,

*/s/ Rachel Geman*
Rachel Geman
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
rgeman@lchb.com

Ian R. Bensberg (*pro hac vice* forthcoming)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
ibensberg@lchb.com

Wesley Dozier (*pro hac vice* forthcoming)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue, Suite 1640

Nashville, TN 37201
Telephone: 615.313.9000
wdozier@lchb.com

*/s/ Scott Sholder*
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Telephone: 212.974.7474
ssholder@cdas.com
ccole@cdas.com

*Attorneys for Plaintiffs and the Proposed Class*

## **PROOF OF SERVICE VIA EMAIL**

On November 13, 2023, I caused to be served the following document via email:

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

upon the persons listed below:

Joseph C. Gratz
Tiffany Cheung
Joyce C. Li
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
JGratz@mofo.com
TCheung@mofo.com
JoyceLi@mofo.com

Allyson R. Bennett
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
ABennett@mofo.com

Andrew Gass
Joe Wetzel
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Andrew.Gass@lw.com
Joe.Wetzel@lw.com

Sy Damle
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C., 20004
Sy.Damle@lw.com

*/s/ Rachel Geman*
Rachel Geman