**MORRISON FOERSTER**

707 WILSHIRE BOULEVARD
SUITE 6000
LOS ANGELES
CALIFORNIA  90017-3543

TELEPHONE: 213.892.5200
FACSIMILE: 213.892.5454

WWW.MOFO.COM

MORRISON FOERSTER LLP

AUSTIN, BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI,
NEW YORK, PALO ALTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

April 16, 2024

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Writer's Direct Contact
+1 (213) 892-5656
ABennett@mofo.com

Re:  *Authors Guild et al. v. OpenAI, Inc., et al.*, and *Alter et al. v. OpenAI Inc., et al.*, Nos. 1:23-cv-08292-SHS & 1:23-cv-10211-SHS

Dear Judge Stein:

OpenAI submits this opposition to Plaintiffs' April 13, 2024, letter motion.

I. **The Court Should Deny Plaintiff's Motion to Compel Production of OpenAI's Responses to the FTC's Interrogatories.**

Plaintiffs seek to circumvent the Federal Rules' limitation on the number of interrogatories by compelling production of 21 of OpenAI's interrogatory responses from an unrelated FTC investigation. Those responses are largely irrelevant to this case. The FTC action concerns OpenAI's privacy and data security practices, and practices that allegedly resulted in "reputational harm" to consumers. It is not about copyright infringement. The FTC's interrogatories accordingly focus primarily on matters irrelevant to this action, such as "Any steps [OpenAI has] taken to ensure that [any] Advertisement, disclosure, or representation has been clear and conspicuous to consumers" (FTC Interrogatory 13(c), ECF No. 108-1), and the extent to which OpenAI has conducted or relied on research to assess consumers' understanding of disclosures or other representations about its products (FTC Interrogatory 14). Plaintiffs have not made any attempt to demonstrate why those interrogatories are relevant to their claims. *Citizens Union of N.Y.C. v. Att'y Gen. of N.Y.* 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017) ("The party seeking discovery bears the initial burden of proving the discovery is relevant.").

Further, even where the subject of the FTC interrogatories may be relevant, the responses often center on information about the privacy issues at issue in the FTC investigation—and not at issue here. For example, FTC Interrogatory 16 seeks information regarding how and whether OpenAI has assessed or reviewed the content of the data used to train its Large Language Models ("LLMs"). OpenAI's response to the FTC's inquiry focused on the privacy and consumer-related aspects of that review, such as how OpenAI addressed personal data or harmful content while training its models. Thus, Plaintiffs seek significant information that has no relevance to this case.

In addition to seeking largely irrelevant data, Plaintiffs' request also appears to be an attempt to circumvent limits on interrogatories under both the Federal Rules and Local Rule 33.3.

The Federal Rules limit Plaintiffs to twenty-five interrogatories. Fed. R. Civ. P. 33(a)(1). Even without counting sub-parts, Plaintiffs' have sought to compel OpenAI to produce responses to almost that many interrogatories propounded by the FTC—and they claim that those interrogatories should not count towards their limit. But none of their cited cases supports that result; indeed, Plaintiffs have not cited a single case where a party was ordered to produce interrogatory responses from a different action.

Plaintiffs also attempt to evade Local Rule 33.3. That rule limits the types of interrogatories that can be served without leave or prior to the discovery cut off. Specifically, Rule 33.3 states that interrogatories seeking more than basic background information—such as the "names of witnesses"—can only be served "(1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court. Here, Plaintiffs seek information beyond the scope of that permitted as of right in Rule 33.3(a), but they have not made the showing required by Rule 33.3(b)(1) or obtained a Court order under Rule 33.3(b)(2). For example, Plaintiffs point to FTC Interrogatory 15 seeking a detailed description of OpenAI training data, how it was obtained, sources of the data, policies and procedures relating to that data, and the percentage each data source represents in the training set. But Plaintiffs would not be allowed to serve this interrogatory themselves now, as the FTC Interrogatory seeks information beyond the categories of information allowed by Local Rule 33.3.

Plaintiffs should not be allowed to circumvent the Federal and Local Rules by recasting a request for OpenAI's interrogatory responses in a completely unrelated action as a request for document production. *Accord* L.R. 33.3; *compare* Fed. R. Civ. P. 33(a)(1) (limiting interrogatory requests to 25), *with* FTC Interrogatories (requesting responses to over 100 queries). By seeking responses to 21 different interrogatories (not counting numerous substantive subparts), Plaintiffs are effectively granting themselves an exemption from the federal and local rules' limits. Courts have repeatedly rejected parties' attempts to circumvent limits on discovery by relying on more liberal rules from alternate fora. *See United States v. Chrein*, 368 F. Supp. 2d 278, 284 (S.D.N.Y. 2005) ("[A] FOIA request cannot be used as simply a way to get around the discovery rules, and limitations, of a civil action."), *aff'd*, 274 F. App'x 56 (2d Cir. 2008); *In re Silverman*, 36 B.R. 254, 259 (Bankr. S.D.N.Y. 1984) (bankruptcy rule "may not be utilized in a contested proceeding to circumvent the more limited discovery tools provided by the Federal Rules of Civil Procedure").

Similarly, many courts in the Second Circuit and beyond have recognized that requests for "cloned discovery" are inappropriate. *In re CI Invs., Inc.*, No. 23 Misc. 434 (GHW) (GS), 2023 WL 8643965, at *6 (S.D.N.Y. Dec. 14, 2023) (citing cases); *N.J. Carpenters Health Fund v. DLJ Mortg. Cap., Inc.*, No. 08 Civ. 5653 (PAC), 2012 WL 13135408, at *1 (S.D.N.Y. Mar. 2, 2012) (denying discovery request characterized by the court as "you gave some documents to the government concerning another investigation, so give them to me"); *Humana Inc. v. Teva Pharms. USA, Inc.*, No. 6:21-CV-72-CEM-DCI, 2021 WL 8651837, at *1 (M.D. Fla. Oct. 19, 2021) ("Generally, cloned discovery has not been compelled, even absent a showing of undue burden, unless the requesting party shows that all the cloned discovery is relevant."). Here, Plaintiffs seek discovery of information produced in a separate matter where the "Government's investigation is far broader" than—and entirely distinct from—the lawsuit at issue. *See N.J. Carpenters Health Fund*, 2012 WL 13135408, at *1. As in *N.J. Carpenters*, "Plaintiffs continue to be free to seek specific information" through ordinary discovery processes. *Id*. But the Court should reject

Plaintiffs' attempt to circumvent ordinary discovery limitations and deny Plaintiffs' problematic "cloned discovery" requests.

Plaintiffs fail to distinguish these cases rejecting "cloned discovery." They cite *Fort Worth Employees Retirement Fund v. JP Morgan Chase & Co.*, 297 F.R.D. 99 (S.D.N.Y. 2013), but *Fort Worth* supports OpenAI, not Plaintiffs. In that case, the plaintiffs requested documents relating to a government investigation into "the same culpable conduct" as the subject of the litigation. *Id.* at 110. The court limited the production to only "those responses that are relevant to this case and which conform to the limits of Rule 26(b)." *Id.* The court specifically noted that the plaintiffs were not "entitled to all documents" turned over to the regulator that involved mortgage-backed securities merely because the plaintiffs' claims related to those securities. *Id.* Similarly, *Michelo v. National Collegiate Student Loan Trust 2007-2* related to a request for documents provided to a federal agency where the issues in the district court "overlap[ped] substantially" with the issues at the agency. *See* No. 18-CV-1781, 2020 WL 9423921, at *1 (S.D.N.Y. Aug. 31, 2020). The requested documents were also limited to only those relevant to the district court action. *Id.* at *3, 5. Thus, each of Plaintiffs' cited cases describes a party being ordered to produce documents provided to a regulator that were relevant to the case. That is unlike here, where Plaintiffs seek responses to interrogatories that were served in a federal investigation into issues **unrelated** to Plaintiffs' claims for copyright infringement. Additionally, those cases involved requests for relevant *documents*, which the plaintiffs could have validly requested in the underlying action. None of them involved overbroad requests for irrelevant *interrogatories*, which are explicitly subject to a cap under the Federal Rules.

## II. Plaintiffs' Motion to Compel Mischaracterizes OpenAI's Conduct.



Plaintiffs' initial filing also sought to compel OpenAI to disclose ▮▮▮▮▮. Plaintiffs have since withdrawn their motion on this issue as moot. (Dkt. 110). Nevertheless, because Plaintiffs accused OpenAI of ▮▮▮▮ and "chronically resisting [] basic discovery," OpenAI must correct the record. First, Plaintiffs' motion omits key information that OpenAI had previously provided to them: namely, ▮▮▮▮▮▮▮▮▮▮▮▮. Second, OpenAI had *already agreed* to supplement its interrogatories to give Plaintiffs ▮▮▮ when the motion was filed. Plaintiffs claim that they couldn't tell from OpenAI's correspondence that it was agreeing ▮▮▮, but if anything wasn't clear, Plaintiffs should have asked OpenAI—not filed an unnecessary motion (much less without meeting-and-conferring). Third, OpenAI has not resisted basic discovery. It is working diligently to provide Plaintiffs with the information to which they are entitled. This is an example. As noted above, OpenAI had already agreed to supplement its interrogatories before Plaintiffs' motion was filed. Plaintiffs' withdrawn motion did nothing but divert OpenAI's resources away from its good faith efforts to investigate the case and produce relevant discovery in this matter.

Sincerely,

*/s/ Allyson R. Bennett*
Allyson R. Bennett (*pro hac vice*)
MORRISON & FOERSTER LLP

*/s/ Joseph R. Wetzel*
Joseph R. Wetzel
LATHAM & WATKINS LLP

cc:     All Counsel of Record