UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>OPENAI INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC,OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION,<br><br>      Defendants. | Case No. 1:23-cv-08292-SHS;<br>Case No. 1:23-cv-10211-SHS<br><br>**PLAINTIFFS' PARTIAL OPPOSITION TO THE OPENAI DEFENDANTS' MOTION TO SEAL** |
| JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION,<br><br>      Defendants. | |

2988711.3

I.      **INTRODUCTION**

Pursuant to Rule 5(B) of this Court's Individual Rules and Practices, Plaintiffs respond in partial opposition to the OpenAI Defendants' ("OpenAI's") motion for leave to file portions of the parties' discovery-related briefing, including ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, under seal.  While Plaintiffs do not oppose OpenAI's request to maintain privacy over ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, Plaintiffs do oppose OpenAI's request to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ are facts to which the public should have access.  OpenAI's request to redact ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ should be denied for multiple reasons.

First, OpenAI has not come close to providing sufficient, specific bases in support of sealing, instead relying on the conclusory statement that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, are confidential.

Second, there is nothing commercially-sensitive about the information at issue here, given the publicly-disclosed ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is limited.  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  Instead, at issue is ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2988711.3

Third, ██████████████████████████████████████████████████

████████████████████████████████████████████████████████ is critical to the ultimate issues in the case, and will unavoidably be at issue over the life of this litigation.

## II.   RELEVANT BACKGROUND

### A.   Context of the Dispute

On April 12, Plaintiffs filed a letter motion seeking a discovery conference to resolve a ripe set of disputes between Plaintiffs and the OpenAI. Dkt. No. 108. Plaintiffs sought a highly relevant subset of information OpenAI submitted to the FTC pertaining to the precise issues in this case, such as the sources of training. *Id.* at 1-3. Plaintiffs also sought ████████████ ██████████████████████████████████ Plaintiffs filed this letter motion under seal in light of OpenAI's stringent confidentiality designations.

A couple of days after Plaintiffs filed their letter motion, OpenAI provided ███████████ ██████████████████████ that Plaintiffs had been requesting for weeks, including (despite OpenAI's suggestion otherwise) via a formal meet and confer. OpenAI previously had been unwilling to provide this information, but its doing so in the wake of the briefing fully mooted this aspect of Plaintiffs' request, leaving only the FTC portion pending.

On April 16, concurrently with its opposition to Plaintiffs' letter motion, Dkt. No. 113, OpenAI filed the Motion for Leave to File under Seal and Response to Plaintiffs' Motion for Leave to File under Seal at issue here. Dkt. No. 112. OpenAI acknowledged that the FTC-related material should not be sealed, but requested that the Court seal two categories of information: █████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ Dkt. No. 111 at 2-3.

-2-

### B. OpenAI's Declaration

To support its Motion to Seal, OpenAI filed the Declaration of Bright Kellogg ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. No. 112-1 at ¶ 3 (emphasis added).

### III. ARGUMENT

In deciding whether to seal or redact a judicial document, a court determines the weight of the presumption of public access for the particular documents at issue balanced against any competing interests against that presumption. *See BakeMark USA LLC v. Negron*, No. 23-CV-2360, 2024 WL 182505, at *1 (S.D.N.Y. Jan. 16, 2024). Here, the weight of the presumption of

public access is strong because the information that OpenAI seeks to seal pertains to issues at the very heart of this litigation.

Conversely, OpenAI's competing interests are weak to non-existent since OpenAI has not articulated, let alone precisely, the harm of this information being public. ███████████ ████████████████████████████ is public, and OpenAI has not claimed that ████████████████████████ for a sensitive or trade secret reason, ████████████ ████████████████████████████████ At most, OpenAI speculates that the public may draw certain inferences about ████████████████, but, again, it has not shown how. It defies common sense, and in practice invites a broadening on the concept, to argue that ████████████████████████████████

### A. The Public is Entitled to Access to the Limited Set of Information Plaintiffs Seek to Unseal.

The weight of the presumption of public access is based on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). "The presumption is at its strongest when the information at issue forms the basis of the court's adjudication" and "at its weakest in documents that have only a negligible role in the performance of Article III duties." *Coscarelli v. ESquared Hosp. LLC*, No. 18-CV-5943, 2021 WL 5507034, at *21 (S.D.N.Y. Nov. 24, 2021).

Here, the presumption of public access is strong. The information OpenAI seeks to withhold from the public pertains to ████████████████████████████████████████ ████████████████████████████████████████████████████ These facts go directly to the heart of Plaintiffs' allegations that OpenAI infringed their registered copyrights. To answer the question of whether OpenAI infringed Plaintiffs' copyrights requires ██

-4-

██████████████████████████████████████████████████ And, ████████████████████████████ Plaintiffs' Class Works is one of the ultimate issues of this case. In fact, this particular information will likely arise countless times throughout the life of this litigation.

In addition, it is important to emphasize that Plaintiffs are not seeking the unsealing of specific information about internal OpenAI algorithms. They are seeking to unseal information about what OpenAI has already publicly acknowledged ████████████████████████████████████████████████████████████████████████████████████████████████████████████ *See generally Grayson v. General Elec. Co.,* No 3:13-CV-1799, 2017 WL 923907 (D. Conn. Mar. 7, 2017) (drawing a distinction between an internal spreadsheet showing monies customers paid and discounts, which could be public, and pricing and profit documents, which were confidential).

The public knows that carbonated water is an input/ingredient into Coke; the public has not inferred from this the recipe for Coke itself. Plaintiffs' view is that the public—████ ████████████████████████████████████████████████████████████████████████████████—can learn that ████████████ ████ There has been no suggestion that ████████████ was necessary or for a reason linked ████████████████████████████ themselves.

**B.    OpenAI's Arguments Fail to Overcome the Presumption of Public Access.**

**1.    The procedural posture does not permit unjustified sealing.**

Open AI's primary argument is that the presumption of public access is "somewhat" lower in the context of discovery disputes. However, as OpenAI acknowledges and the cases it cites make clear, there still must be specific reasons for sealing. In *Brown v. Maxwell,* 929 F.3d 41, 52 (2d Cir. 2019) (cited by OpenAI), the Second Circuit reaffirmed the "still substantial"

2988711.3

presumption of public access to juridical filings even about discovery. Nothing about the opinion, which in relevant part addressed privacy interests not at issue here, supports the notion that a mere assertion of competitive harm is enough. *Rand v. Travelers Indem. Co.*, No. 21-CV-10744 (VB)(VF), 2023 WL 4636614 (S.D.N.Y. July 19, 2023), OpenAI's other case, undertakes the sort of precise issue-by-issue specific analysis that OpenAI elides. *Id.* at *2-*3 (provisionally denying a request to seal a purportedly confidential email exchange about publicly-available industry guidance and about public facts, but granting a motion to seal other documents).

More broadly, ███████████████████████ cannot be likened to a passing quarrel about a discrete document among a large universe of documents in discovery, which may or may not be relevant when the parties whittle down the issues. ███████████████████████████████████████████████████████ is a core issue in this case.

### 2.      OpenAI has not demonstrated specific harm or risk.

To the extent OpenAI claims it has demonstrated specific harm via its Declaration, its argument is unsupported. "[T]he party seeking non-disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *Ashmore v. CGI Group, Inc.*, 138 F.Supp.3d 329, 351 (S.D.N.Y. 2015), aff'd, 923 F.3d 260 (2d Cir. 2019); *see also BakeMark USA LLC*, 2024 WL 182505, at *4.

Here, there are ███████████████████, precisely the type of "broad allegations of harm unsubstantiated by specific examples or articulated reasoning" that fail to satisfy the test. *See Ashmore,* 138 F.Supp. at 351. The case on which OpenAI relies, *IBM Corporation v. Micro Focus (US), Inc.*, No. 22-cv-9910, 2024 WL 495137, at *1 (S.D.N.Y. Feb. 8, 2024), is

2988711.3

inapposite, as the parties *agreed* the material in question was a trade secret, and the short opinion did not address the specific materials, such as the extent of specificity of the showing of a trade secret.[1]

IV.     **CONCLUSION AND SUMMARY OF PROPOSED REDACTIONS**

OpenAI's request to seal information ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ should be denied.

Given OpenAI's acknowledgement that the FTC material may be unsealed, and Plaintiffs' non-opposition to the portion of the motion relating to ▮▮▮▮▮▮▮▮▮, the import of denying the disputed portion of OpenAI's would be that the following materials would be unsealed (in addition to the briefing on the motion to seal):

*First,* from Plaintiffs' letter motion to compel[2]:

 (a) The first and third redactions in the introductory paragraph;

 (b) All redactions in the section titled "FTC Interrogatory Responses"; and

 (c) Certain redactions in the section entitled "Identities of Critical Former Employees", namely, (i) "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" (ii) "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" and (iii) "The FTC materials."

*Second,* Exhibit D to Plaintiffs' letter motion to compel (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).[3]

---

[1] *Cf. Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 136 (2d. Cir.2016) (affirming district court's denial of motion to seal notwithstanding parties' joint application).
[2] Dkt. No. 107 in Case No. 1:23-cv-08292; Dkt. No. 83 in Case No. 1:23-cv-10211.
[3] Dkt. No. 108 in Case No. 1:23-cv-08292; Dkt. No. 84 in Case No. 1:23-cv-10211.

*Third,* all redacted portions of OpenAI's April 16 opposition to Plaintiff's letter motion,[4] *except*: (a) "███████████████████████████████"; (b) "████████████████████████"; (c) "████████████████████████"

*Fourth*, all redacted portions of this Opposition brief, except those redactions made to maintain privacy over ████████████████████████.

| | |
|---|---|
| Dated: April 23, 2024 | Respectfully submitted, |
| | */s/ Rachel Geman* <br> Rachel Geman <br> LIEFF CABRASER HEIMANN & BERNSTEIN, LLP <br> 250 Hudson Street, 8th Floor <br> New York, NY  10013-1413 <br> Telephone:  212.355.9500 <br> rgeman@lchb.com |
| | Reilly T. Stoler (*pro hac vice*) <br> LIEFF CABRASER HEIMANN & BERNSTEIN, LLP <br> 275 Battery Street, 29th Floor <br> San Francisco, CA  94111-3339 <br> Telephone:  415.956.1000 <br> rstoler@lchb.com |
| | Wesley Dozier (*pro hac vice*) <br> LIEFF CABRASER HEIMANN & BERNSTEIN, LLP <br> 222 2nd Avenue, Suite 1640 <br> Nashville, TN 37201 <br> Telephone:  615.313.9000 <br> wdozier@lchb.com |
| | */s/ Rohit Nath* <br> Justin A. Nelson (*pro hac vice*) <br> Alejandra C. Salinas (*pro hac vice*) <br> SUSMAN GODFREY L.L.P. <br> 1000 Louisiana Street, Suite 5100 <br> Houston, TX 77002 <br> Telephone: 713-651-9366 <br> jnelson@susmangodfrey.com <br> asalinas@susmangodfrey.com |
| | Rohit D. Nath (*pro hac vice*) <br> SUSMAN GODFREY L.L.P. <br> 1900 Avenue of the Stars, Suite 1400 <br> Los Angeles, California 90067 <br> Telephone: 310-789-3100 |

---

[4] Dkt No. 113 in Case No. 1:23-cv-08292; Dkt. No. 89 in Case No. 1:23-cv-10211.

2988711.3

rnath@susmangodfrey.com

J. Craig Smyser
SUSMAN GODFREY L.L.P.
1901 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: 212-336-8330
csmyser@susmangodfrey.com

*/s/ Scott Sholder*
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Telephone: 212.974.7474
ssholder@cdas.com
ccole@cdas.com

*Attorneys for Plaintiffs and the Proposed Classes*

-9-

2988711.3

-1-

## PROOF OF SERVICE VIA ECF

On April 23, 2024, I caused to be served the following document on all counsel of record via ECF.

**PLAINTIFFS' PARTIAL OPPOSITION TO THE OPENAI DEFENDANTS' MOTION TO SEAL**

*/s/ Wesley J. Dozier*