**MORRISON FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AUSTIN, BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI,
NEW YORK, PALO ALTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

May 2, 2024

Writer's Direct Contact
+1 (213) 892-5656
ABennett@mofo.com

*Via ECF*

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

      RE:    *Authors Guild v. OpenAI Inc., 23-cv-8292 (S.D.N.Y.) and Alter v. OpenAI Inc.*, 23-cv-10211 (S.D.N.Y.)

Dear Honorable Judge Stein:

OpenAI and Microsoft submit this response to Plaintiffs' letter motion requesting an informal discovery conference concerning entry of an ESI Order (*Authors Guild,* Dkt. 138; *Alter,* Dkt. 113). Defendants share Plaintiffs' desire for an appropriate ESI Order. But Plaintiffs have refused to agree to the common provisions for such an order. Defendants respectfully request that the Court deny Plaintiffs' motion for entry of their proposed order, and instead enter the order Defendants have submitted as Ex. A. Defendants also submit a redline showing the differences between Plaintiffs' proposal and Defendants' proposal as Ex. B.

I.      **History of the Parties' Negotiations**

Plaintiffs characterize Defendants as delinquent in the discovery process. That story is inaccurate. Each of Microsoft and OpenAI has interviewed numerous witnesses and collected many documents. The sole obstacle holding up Microsoft's initial production, as it has repeatedly explained to Plaintiffs, is the lack of a Protective Order—not an ESI Order. The parties continue to negotiate a Protective Order, which has involved working through several legitimate disputes. As soon as that is entered, Microsoft will commence production.

While the lack of an ESI Order has not been an impediment to Defendants' collection of documents, which is ongoing, it will be an impediment to completing custodial document production. Plaintiffs and Defendants agreed to all of the basic provisions regarding production of ESI. The fundamental issue upon which the parties differ is whether there will be *any* initial cap on the number of custodians. Plaintiffs have flatly refused to agree *to any limit at all*.

An ESI Order that requires disclosure of potential custodians and search terms without any

**MORRISON FOERSTER**

presumptive cap on the number of persons for custodial ESI collection (i.e., email) would be a one-way ratchet for Plaintiffs to make limitless discovery requests. Plaintiffs could simply experiment at will, adding new custodians and search terms and constantly demanding new reports. Each time either Microsoft or OpenAI produces a hit report for identified custodians and search terms, there is nothing in their proposed ESI Order that stops Plaintiffs from simply asking for more. This is inefficient and highly burdensome.

Accordingly, without a custodian cap, Defendants declined to agree that they would disclose the details of their proposed investigations *as part of an advance negotiation*. Defendants instead preferred, as a general matter, to simply go ahead and conduct a reasonable investigation and produce documents. It also is not true that Microsoft refused to disclose in advance *any* custodians it is using for ESI searches. Rather, Microsoft and OpenAI both offered that, at a minimum, all witnesses disclosed in Defendants' initial disclosures to date will be ESI custodians. Moreover, the ESI provisions to which Defendants readily agreed require production of custodial metadata—meaning Plaintiffs will be able to readily identify the custodians from the documents that are produced.

In short, Defendants have been negotiating both the ESI Order and Protective Order in good faith. Defendants have responded to Plaintiffs' discovery requests, including conducting a thorough and ongoing investigation to identify and collect relevant documents. Only the lack of a Protective Order has held up Microsoft's initial production. And only Plaintiffs' refusal to agree to any custodian cap whatsoever has held up the ESI Order.

Reasonable caps on ESI custodians are both typical and critical in cases like these, especially for parties like Microsoft and OpenAI, which have large numbers of employees. While there is a dispute to resolve regarding the ESI Order, the focus should involve fashioning a reasonable compromise on custodians and search terms, not on hyperbolic and inaccurate assertions of discovery delay.

II.     **Defendants' Compromise Position: Cooperation and Reasonable Limits**

Defendants support a balanced proposal that would include: (1) a cooperative process for identifying relevant custodians; (2) an initial presumptive cap on the number of custodians of ten per party, with flexibility to add more for good cause; and (3) reasonable timelines for the parties to consider, investigate, and respond to proposed keyword searches or custodians.

***A Cooperative Process for Identifying Appropriate Custodians.*** Defendants have agreed that anyone identified in their Rule 26 Initial Disclosures to date will be a custodian. Plaintiffs are insisting that anyone identified in an interrogatory response and anyone whom they request for deposition must also be a custodian. This is unreasonable. ***First***, requiring Defendants to add as a custodian anyone identified in response to one of Plaintiffs' interrogatories is unreasonable because it vests complete control over the identification of custodians in the hands of Plaintiffs without any meaningful restriction on relevance or scope. Plaintiffs have already served multiple interrogatories seeking, for example, to "[i]dentify the five OpenAI Individuals who are most knowledgeable" about varied topics. (Ex. C). Under Plaintiffs' proposal, they can

**MORRISON FOERSTER**

continue serving interrogatories demanding the identities of any number of Defendants' employees on any number of issues, all of whom would—under their proposal—automatically be deemed custodians in this case—regardless of the number of existing custodians, whether the additional custodians are cumulative of the existing custodians,[1] the degree of knowledge any particular individual actually has regarding the particular topic, or whether the topic itself is relevant or proportional to the claims and defenses at issue in the case. *Second*, a requirement to add anyone whom Plaintiffs choose to depose is unworkable given the sequence, timing, and burden issues that will necessarily create. Document production generally happens *before* depositions. Unless Plaintiffs are going to identify all potential deponents now, Plaintiffs' proposal would likely require Defendants to add entirely new custodians *after* the Court's deadline for document production has passed.

*Initial Presumptive Cap.* Defendants seek only an initial presumptive—but not absolute—cap on the number of custodians to avoid unreasonably burdensome discovery. Defendants request an initial cap of ten custodians per party, inclusive of those identified in the parties' Rule 26 Initial Disclosures to date. This approach is not only common,[2] it is particularly appropriate in this case given the risk of duplicative, broad, and disproportionately burdensome discovery in light of the size of the Defendants and the potential universe of responsive information. The cap encourages Plaintiffs to prioritize and enables Defendants to be efficient in their collection and review of documents. Additional custodians could be added for good cause.

*A Reasonable Deadline to Respond to Proposed Keywords & Custodians.* Lastly, Plaintiffs' proposal imposes an unreasonable three-day deadline to respond to proposed additional keyword searches and custodians. This is too short. Analyzing new custodians and search terms, collecting the data, running hit reports, and vetting the resulting population of documents for responsiveness takes time. Defendants appreciate the need for efficiency, but an ESI Order should not impose unreasonable burdens that threaten the efficacy of the discovery process. Defendants request a turnaround time of five business days for responding to search term proposals, and ten business days if the request involves a new custodian.

OpenAI and Microsoft agree that these issues need to be resolved and respectfully submit that Defendants' proposals, as embodied in the attached alternative form of ESI Order, are far more reasonable and should be entered by the Court.

---

[1] *Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC*, No. 15-CV-7505, 2016 WL 6208288, at *3 (S.D.N.Y. Oct. 18, 2016) ("a court must limit discovery to the extent that it would be 'unreasonably cumulative or duplicative'") (quoting Fed. R. Civ. P. 26(b)(2)(C)); *Kaiser Aluminum Warrick, LLC v. U.S Magnesium, LLC.*, No. 22CV3105JGKKHP, 2023 WL 2024620, at *1 (S.D.N.Y. Feb. 15, 2023) ("court has broad discretion to manage discovery and place limitations on its scope.").

[2] *See, e.g.*, Ex. D ¶ 10 (N.D. Cal. Model ESI Order for Patent Litigation requiring parties to limit "email production requests to . . . five custodians"); Ex. E ¶ 3 (D. Del. Model ESI Order providing that "each party shall disclose . . . 10 custodians").

MORRISON FOERSTER

Sincerely,

*/s/ Allyson R. Bennett*
Allyson R. Bennett

*/s/ Annette Hurst*
Annette Hurst