# EXHIBIT E

| | |
|---|---|
| **From:** | Geman, Rachel <rgeman@lchb.com> |
| **Sent:** | Friday, July 26, 2024 11:27 PM |
| **To:** | 'Ranieri, Vera'; Charlotte Lepic |
| **Cc:** | OpenAICopyright; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM; KVP-OAI |
| **Subject:** | RE: [EXT] Authors Guild v. OpenAI - follow up on meet and confer |

Vera: One quick issue. We will be sending information on AG-related issues next week, but to avoid confusion there is no Authors Guild email address for Maya Lang and never was.

**From:** Ranieri, Vera (via Alter-AI-TT list) <Alter-AI-TT@simplelists.susmangodfrey.com>
**Sent:** Friday, July 26, 2024 7:50 PM
**To:** Alter-AI-TT@simplelists.susmangodfrey.com; Charlotte Lepic <CLepic@susmangodfrey.com>
**Cc:** OpenAICopyright <OpenAICopyright@mofo.com>; Latham OpenAI Copyright Team <openaicopyrightlitigation.lwteam@lw.com>; KVP-OAI <KVPOAI@keker.com>
**Subject:** [EXT] Authors Guild v. OpenAI - follow up on meet and confer

Charlotte,

This email is in response to the two emails you sent on Saturday, July 20.

As an initial matter, we disagree with several of the characterizations you made in your emails about the parties' discussion during the meet and confers. As just one example, your email of Saturday July 20 at 7:27 pm point 2 did not accurately reflect the parties discussions. Your email states we did not explain why we believed the proposal of new terms was out of line with our proposed ESI order. We did so. We explained how nothing in our proposal allows for the addition of new terms without justification. Your email also improperly ignores that Plaintiffs previously recognized that proposing terms for all RFPs was not appropriate nor required, and there was no expectation or need for Plaintiffs to "ideate search terms in the first instance." We ask that you accurately reflect the parties' discussions going forward.

Setting aside your emails' inaccuracies, we've provided our responses on the discovery issues as we understood them below. To the extent plaintiffs would like to meet and confer on any issue, we can tentatively agree to be available for a meet and confer for Tuesday, July 30 during one of the following times: 11:30am – 2pm ET, 3pm – 3:30pm ET, 4:30pm – 6pm ET, with the tentativeness being driven by whether we can collect certain necessary information in advance.

1. **Proposal for Negotiating Search Terms and Custodians.** OpenAI agrees to add the following custodians:
    a. Henrique Ponde de Oliveira Pinto
    b. Lilian Weng
    c. Nick Turley
    d. Vinnie Monaco

   We do not agree at this time to adding additional custodians beyond those above.

   We reiterate that it does not make sense to consider Plaintiffs' proposed search terms until we can have a holistic discussion regarding all custodians and/or that issue has been settled. We are in the process of collecting the four custodians listed above's documents and running search terms for a hit report. Once that process is complete (which we expect to be done in the next few days), we will provide a search term hit count for current terms and we can meet and confer to have a holistic discussion regarding the burden of Plaintiffs' proposed search terms as applied to all 16 custodians' documents. On that meet and confer, please be prepared to explain the relevancy of each term proposed by Plaintiff and what RFP it relates to.

2. **Additional Custodians Requested by Plaintiffs.**  Plaintiffs have failed to demonstrate good cause to add additional custodians, including because Plaintiffs requests are burdensome and duplicative over current custodians, and because there is no demonstrated need for those custodians' documents that does not represent an unreasonable burden on OpenAI, especially in light of documents and custodians already produced or as agreed to by OpenAI.  If you would like to meet and confer on the issue, we can provide high-level overviews of our bases for not adding Plaintiffs' additional requested custodians. We note that the explanations Plaintiffs have provided to date regarding the need for documents from these custodians are inadequate.  Rather than explaining why Plaintiffs believe any custodian has unique, non-duplicative information and why the request is proportional to the needs of the case in light of documents already in Plaintiffs' possession or expected to be produced via current search terms/custodians, Plaintiffs appear to take the position that merely because a custodian might have relevant documents, they should be added as a custodian.  This is not an adequate basis for imposing burdensome discovery on OpenAI.

    In addition, we note that if Plaintiffs insist on adding additional custodians, this insistence will impact the parties discussions surrounding current custodians and search terms.  On any meet and confer, please be prepared to discuss how to account for the burden of current terms and custodians informs your request for additional custodians, and how you intend to accommodate that fact.

    Finally, we do not believe it is relevant to provide information on (a) whether we have collected documents from proposed custodians yet or (b) the relevant accounts of these custodians. This is a request for discovery on discovery, which is not appropriate.

3. **Custodian-Specific Slack Message Search.**  We've communicated with our vendor, who reviewed the information you provided and has explained to us that you appear to misunderstand the data that Slack makes available and in what form.  Additionally, we have been told that it would be extremely difficult and burdensome to run custodian-specific searches across Slack messages.  We also don't believe that searching for documents in this manner would return a materially different set of documents than those we plan to or have already reviewed.  If you have additional questions, we can discuss on a meet and confer.

4. **Burden of Search Terms.**  While we're not obligated to disclose this information, as a gesture of good faith we can confirm we've reviewed approximately 215K documents to date using both terms agreed-upon by the parties and through other search and review methods.  We continue to believe that your additional search terms will impose an undue burden, particularly given the addition of four custodians.  We are amenable to further meeting and conferring on the proposed search terms and associated hit counts, but would like Plaintiffs to provide adequate justification for their belated proposal of terms.  Specifically, please be prepared to explain what RFPs those terms relate to, and why Plaintiffs could not propose those terms earlier.

5. **Hit Counts.**  The parties have agreed to provide custodian-by-custodian and unique hit counts.  We have begun to collect that information and will provide it as soon as we can.  Please provide your equivalent information as soon as possible.

We are still waiting to hear from you on your search for relevant, responsive documents from president@authorsguild.com, president@authorsguild.com, mlang@authorsguild.com and dpreston@authorsguild.com.  You indicated that you would provide an update this week.  Please let us know when to expect it.

**Repository requests**

In light of your explanations of why you need this information on our last meet and confer, it is clear that your repository requests are an improper attempt to serve discovery on discovery.  We decline that request for information with respect to all items.  In addition, your email included several inaccuracies as to what the parties discussed on the meet and

2

confer.  We've clarified our positions on some requests below, and provide additional reasons for declining your requests with respect to specific items below.  These reasons are not exhaustive.

**Item 1.**  We did not agree to provide this information to you, contrary to the implication you state in your July 20 at 7:29pm PT email.  Instead, we stated on the call that we would consider your request in light of your stated reasons for its relevance.  We have considered it.  Our dataset storage has no audit functionality that would allow us to feasibly generate the information that you've requested.

**Item 2.**  See above.  Similarly, we did not agree to provide this information.  Instead, we agreed to consider the basis you provided for how this is relevant.

**Item 6.**  This request is overly broad.  Plaintiffs can serve targeted discovery for documents they view as relevant and OpenAI will respond accordingly.

**Item 7.**   We confirm that if an employee is on legal hold, their materials are still retained when they depart the company.

**Item 9.**  Our position remains the same as was stated in our May 14 email.  We do not understand what you mean by retention policies "implemented programmatically, rather than documented in writing" and we will not be producing that information, at least because we do not understand it.

Thanks,

**VERA RANIERI**
Of Counsel | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-6025
mofo.com | LinkedIn | Twitter

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

To unsubscribe from this list please go to
https://simplelists.susmangodfrey.com/confirm/?u=vVj99yst7PI0ulNrnlA3A35cxY4K8IU9



This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.