

R. James Slaughter
(415) 391-5400
rslaughter@keker.com

August 16, 2024

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Authors Guild, et al. v. OpenAI, Inc., et al.*, Case No. 1:23-cv-08292-SHS
       *Alter, et al. v. OpenAI Inc., et al.*, Case No. 1:23-cv-10211-SHS

Dear Judge Wang:

      We write on behalf of Defendants OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC (collectively, "OpenAI") in the above actions ("NY Class Actions") to respectfully request that the Court extend the current deadlines in these cases by 90 days pursuant to Fed. R. Civ. P. 16(b)(4), Civil Local Rule 7.1(d), and Sections I.b and I.e of Your Honor's Individual Rules of Practice.[1] **This request is unopposed and has been agreed to by counsel for Plaintiffs and Defendant Microsoft**. This is the first request by any party for an extension of these deadlines.[2]

---

[1] OpenAI submits this unopposed request for an extension of case deadlines as a letter motion pursuant to Section I.e of your Honor's Individual Rules of Practice. If the Court determines that Section III.b of the Individual Rules of Practice extends to this request, such that a pre-motion conference is required, OpenAI respectfully requests that your Honor construe this letter as a request for a pre-motion conference regarding an extension of case deadlines as outlined below.

[2] On January 11, 2024, the Court granted the parties' request for an extension of time from January 12, 2024, to January 26, 2024, for the defendants to file a response to the amended complaints in the *Authors Guild* and *Alter* actions and for the parties to file their positions

2746569

Hon. Ona T. Wang
August 16, 2024
Page 2

On January 31, 2024, the Court accepted the parties' jointly proposed scheduling order. *See* Dkt. 65. According to that schedule, the close of fact discovery is set for September 17, 2024, and the other deadlines for expert discovery and for briefing on motions for summary judgment and *Daubert* motions are coordinated to the deadline for the close of fact discovery. *See id.* at 1–2.

All parties respectfully request a 90-day extension of the existing pre-trial deadlines to allow sufficient time to complete fact discovery. This case is one in a series of cases filed against OpenAI and Microsoft. OpenAI is also a defendant in three previously filed class actions involving similar claims that have been consolidated into *In re OpenAI ChatGPT Litigation*, No. 23-CV-3223 (N.D. Cal.) ("CA Class Actions"). Since the filing of this matter, OpenAI and Microsoft have been sued on similar claims in four other cases in New York bought by individual defendants (*see The New York Times Company v. Microsoft Corporation, et al.* (1:23-cv-11195-SHS), *Intercept Media v. Open AI, Inc., et al.* (1:24-cv-01515-SHS), *Daily News LP, et al. v. Microsoft Corporation, et al.* (1:24-cv-03285-SHS), *The Center for Investigative Reporting, Inc. v. Open AI, Inc., et al.* (1:24-cv-04872-SHS)). The class actions in New York and California involve a combined 44 named plaintiffs, and the parties in those cases are represented by different counsel. The technology at issue in these cases is complex and its protection and production during discovery have not been previously addressed by the parties or any court.

While significant discovery efforts have already been undertaken, because of the complexity of the technology and the cases and the number of parties involved across the various matters, despite diligent efforts, more time is necessary to coordinate and complete discovery within the NY Class Actions. Document discovery is still ongoing and incomplete, and the parties continue to meet and confer and work cooperatively regarding a number of outstanding discovery issues. In addition, there are four (4) letter motions to compel pending before the Court, the resolution of which could result in additional document discovery. *See* 1:23-cv-08292-SHS, Dkts. 75 (Motion to Compel RFA Responses from OpenAI), 106 (Motion to Compel Documents from OpenAI), 164 (Motion to Compel Documents from Authors Guild), 169 (Motion to Compel Documents from Microsoft). The parties have also reached an impasse on the terms of an ESI Protocol, and have filed competing proposals with the Court. *See* 1:23-cv-08292-SHS, Dkts. 138, 140. The parties are meeting and conferring regarding search terms and custodians, but have not reached agreement. The parties to this case and the California Class Plaintiffs have been meeting and conferring regarding a protocol to coordinate depositions across these cases and the CA Class Actions.[3] However, the parties have not yet agreed upon a

---

regarding whether briefing on any summary judgment or class certification motions should proceed first. Dkt. 52, 53.

[3] Order Re: Third Discovery Dispute, *In re OpenAI ChatGPT Litigation*, No. 23-CV-3223 Dkt. 144 (N.D. Cal. May 24, 2024).

2746569

Hon. Ona T. Wang
August 16, 2024
Page 3

deposition protocol and no fact depositions have occurred. Accordingly, the parties agree that there is need and good cause for a modest 90-day extension. Fed. R. Civ. P. 16(b)(4).

Extending the existing pre-trial deadlines will not prejudice any party's trial preparations because no trial date has been entered. *See* Dkt. 65 at 1–2; *Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 60 (S.D.N.Y. 2019) (observing that where "no trial date has been set," a request to modify the discovery schedule "will not impact the timing on a final resolution of this case").

The parties to the CA Class Actions have also stipulated to a 90-day extension of deadlines and are contemporaneously filing a stipulation with Judge Martínez Olguín in the Northern District of California for such extensions in those actions.

Granting the parties' request for a 90-day extension would result in the following schedule:

2746569

Hon. Ona T. Wang
August 16, 2024
Page 4

| Case Event | Previous Deadline[4] | New Deadline[5] |
|---|---|---|
| *Fact Discovery* | | |
| Substantial completion of document productions | June 14, 2024 | September 12, 2024[6] |
| Close of fact discovery | September 17, 2024 | December 16, 2024 |
| *Expert Reports* | | |
| Deadline to Serve Expert Reports on All Issues on which a Party Has the Burden of Proof | October 18, 2024 | January 16, 2025 |
| Deadline to Serve Opposing Expert Reports | November 18, 2024 | February 18, 2025 |
| Expert Discovery Cutoff | December 9, 2024 | March 10, 2025 |
| *Daubert & Summary Judgment Motions* | | |
| Motions for Summary Judgment & *Daubert* motions | January 7, 2025 | April 7, 2025 |
| Oppositions to Motions for Summary Judgment & *Daubert* motions | February 7, 2025 | May 8, 2025 |
| Replies in Support of Motions for Summary Judgment & *Daubert* motions | February 28, 2025 | May 29, 2025 |

---

[4] These deadlines were ordered in Dkt. 65.

[5] Some new deadlines are extended beyond 90 days to account for weekends and federal holidays.

[6] Defendants expressed concern to Plaintiffs that the substantial completion deadline is unreasonable in light of outstanding ESI negotiations, while Plaintiffs disagree. Defendants will make every effort to comply with the substantial completion deadline, and the parties have agreed to meet and confer and endeavor to address any issues related to the substantial-completion deadline cooperatively.

2746569

Sincerely,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON FOERSTER |
|---|---|---|
| */s/ R. James Slaughter* | */s/ Elana Nightingale Dawson* | */s/ Allyson R. Bennett* |
| R. James Slaughter | Elana Nightingale Dawson | Allyson R. Bennett |

2746569