

September 10, 2024

**VIA ECF**

Hon. Ona T. Wang
United States District Court
Southern District of New York

Re:   *Authors Guild et al. v. OpenAI, Inc., et al., and Alter et al. v. OpenAI Inc., et al.*, Case Nos. 1:23-cv-08292-SHS & 1:23-cv-10211-SHS

Dear Magistrate Judge Wang:

      The parties have agreement on a slate of 24 OpenAI custodians, including OpenAI's CEO, President, and CTO, as well as many key executives and members of OpenAI's technical, research, product, and business teams. Yet, Plaintiffs demand six additional custodians without making any showing that those individuals possess unique, non-duplicative information. The Court should reject their request.

    **I.   Plaintiffs misstate the legal standard**

      Plaintiffs insist that for each requested custodian, they need only show relevance before the burden shifts to OpenAI to establish that the addition would be unduly burdensome. *See* Dkt. 193 ("Mot.") at 1. That is not the standard. And despite OpenAI's repeated requests during meet and confer, Plaintiffs have never provided any support for asserting it. *See, e.g.*, Dkt. 193-1 at 3-5, 7-10. The law is clear that "the responding party is entitled to select the custodians most likely to possess responsive information[,]" and "[u]nless that choice is manifestly unreasonable or the requesting party demonstrates that the resulting production is deficient, the court should play no role in . . . designating custodians." *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, Case No. 15-cv-0293 (LTS) (JCF), 2017 WL 2305398, at *2 (S.D.N.Y. May 18, 2017) (cleaned up). Plaintiffs therefore bear the burden of showing that additional custodians "would provide unique, relevant and noncumulative evidence." *Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, Case No. 17-cv-7417 (VM), 2021 WL 961750, at *2 (S.D.N.Y. Mar. 15, 2021).

      Plaintiffs' own cases confirm that this is their burden. For example, as OpenAI pointed out during meet and confer, *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99 (S.D.N.Y. 2013), holds that the "[requesting party] must demonstrate that the additional requested custodians would provide unique relevant information not already obtained." *Id.* at 107; *see also* Dkt. 193-1 at 3-4, 8. *Mt. Hawley Insurance Company v. Felman Prod., Incorporated* is an out of Circuit case, but identifies the same standard. 269 F.R.D. 609 (S.D.W. Va. 2010). Likewise, the Northern District of California held that the plaintiffs in *In re Chat GPT Litigation* could seek more custodians only to the extent they "can persuasively argue

2779499

to possess non-cumulative, unique documents or information[.]" Case No. 3:23-cv-03223 (N.D. Cal. July 31, 2024), Dkt. 166 at 2.[1] Here, Plaintiffs have not and cannot meet this burden.

> II. **Plaintiffs have not established that their requested custodians are likely to possess relevant, non-duplicative information**

**1. Andrew Mayne:** As an initial matter, Plaintiffs failed to meet and confer with OpenAI over their request to add Mayne as a custodian. In fact, Plaintiffs explicitly represented on August 22 and 29 that they planned to move to compel only the addition of the other five custodians identified in their letter brief. *See* Dkt. 193-1 at 1-2. This alone is grounds to deny the request to add Mayne. *See Avent v. Solfaro*, 210 F.R.D. 91, 95 (S.D.N.Y. 2002); *see also* Individual Practices in Civil Cases, Rule II.b.

To the extent the Court is inclined to consider the request, Plaintiffs have failed to clear even the low "relevance" bar they have set for themselves. Citing only to personal musings from Mayne's Twitter and blog posts about the capabilities of AI, Plaintiffs argue that the fact that Mayne is a "published author" and a "former OpenAI employee" suffices to add him as a custodian. Mot. at 3. That is insufficient under any standard.

**2. Ilya Sutskever:** Plaintiffs' initial justification for requesting Sutskever is that he  *Id.* at 2. The documents Plaintiffs cite show nothing of the sort. They show, respectively: Dkt. 193-3.[2]

Plaintiffs offer no additional justification for claiming Sutskever has noncumulative information related to ▮▮▮▮▮. Crucially, OpenAI has already designated multiple custodians to cover training data issues, including, but not limited to, the heads of the Training teams – Nick Ryder (Pre-Training) and Barret Zoph (Post-Training), as well as Dario Amodei (former VP of Research), Ben Mann (former technical staff member), and five additional engineers (Radford, Alex Paino, Ian Sohl, Chris Koch, and John Schulman) who all worked directly on training the relevant OpenAI models.

Next, citing unsubstantiated claims from a third-party article, Plaintiffs assert that Sutskever should be added because he was allegedly a "whistleblower" on safety issues. Mot. at

---

[1] The remaining cases Plaintiffs cite bear little resemblance to the instant dispute. *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of New York*, does not even contain the word "custodians." 284 F.R.D. 132 (S.D.N.Y. 2012). And, in *Delta Air Lines, Inc. v. Lightstone Grp., LLC*, the responding party had refused to produce ***any*** documents—the issue was not the appropriate number of custodians. Case No. 21-MC-374 (RA) (OTW), 2021 WL 2117247, at *1-2 (S.D.N.Y. May 24, 2021). The portion of *Capitol Recs., Inc. v. MP3tunes, LLC* that Plaintiffs cite concerns a discrete search, not custodians. 261 F.R.D. 44, 50 (S.D.N.Y. 2009). The order addresses ESI custodians later, and orders ***fewer*** than the responding party initially offered. *Id.* at 54. Finally, *U.S. v. United Techs. Corp.* compelled additional custodians because they appeared on the responding party's initial disclosures—a circumstance inapplicable here. Case No. 3:16-cv-01730 (AVC), 2020 WL 7339916, at *9 (D. Conn. Dec. 14, 2020).

[2] The bases for sealing the information redacted in OpenAI's letter brief are set forth in the parties' joint letter motion to seal. Dkt. 192.

2779499

3. Putting aside the article's inaccuracy, the "safety" issues it describes are not relevant to this copyright case, and Plaintiffs have made no effort to establish otherwise.

Finally, Plaintiffs have no basis for claiming that Sutskever has relevant, noncumulative information regarding safety or the social benefits and detriments of AI. *Id.* at 2-3. OpenAI has already designated as custodians its top executives (CEO, President, CTO), its VP of Product (Peter Welinder), the head of its safety team (Lilian Weng), and other relevant members of the product and safety teams. Plaintiffs have not identified any deficiencies in OpenAI's designation of custodians on these subjects, let alone ones that the addition of Sutskever is necessary to fix.

**3. Shantanu Jain:** Plaintiffs request Jain because he was purportedly involved in ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.* at 2. However, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Unsurprisingly, the documents Plaintiffs cite in support of this request include some of those designated custodians ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Dkt. 193-2 at 6. Far from establishing that Jain possesses noncumulative information, Plaintiffs have proven the opposite.

**4. Qiming Yuan:** Plaintiffs request Yuan because he was purportedly involved in ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Mot. at 3. Yuan is highly duplicative – among other reasons, he reports to Paino, who reports to Ryder (Head of the Pre-Training team), both of whom are custodians. Indeed, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See* Dkt. 193-6 at 11-12. Here too, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Plaintiffs have only succeeded in establishing that Yuan possesses cumulative information, at best.

**5. Jong Wook Kim:** As with Jain and Yuan, Plaintiffs claim Kim purportedly possesses ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Mot. at 3. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Dkt. 193-4 at 3.[3] And, as explained above, OpenAI has already comprehensively designated custodians to address the issues about which they claim Kim possesses relevant information.

**6. Cullen O'Keefe:** Plaintiffs describe O'Keefe as "▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉" Mot. at 3. In reality, O'Keefe, who was then working in a legal capacity, was the opposite of a primary source: as Plaintiffs admitted during meet and confer, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ 193-1 at 5. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Plaintiffs cannot justify a search of O'Keefe's files, which would require a burdensome privilege review, based on a document he compiled relying largely on information gleaned from current custodians.

Plaintiffs' request to add six additional custodians should be denied.

---

[3] Plaintiffs cite a single conversation including Kim and no other designated custodians. Dkt. 193-4 at 2. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.*

2779499

Sincerely,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON FOERSTER |
|---|---|---|
| */s/Christopher Sun* | */s/Elana Nightingale Dawson* | */s/Vera Ranieri* |
| Christopher Sun | Elena Nightingale Dawson | Vera Ranieri |

2779499