Susman Godfrey l.l.p.
a registered limited liability partnership



October 16, 2024

*Sent via ECF*

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RE:   *Authors Guild et al. v. OpenAI Inc. et al.*, No. 1:23-cv-8292
      *Alter et al. v. OpenAI Inc. et al.*, No. 1:23-cv-10211

Dear Magistrate Judge Wang:

On behalf of all parties in the above-referenced actions and pursuant to the Court's September 13 Order, counsel for Class Plaintiffs hereby submits the below proposed agenda for the October 30, 2024 Status Conference.

The parties met and conferred in an effort to streamline the issues before the Court. All items identified by any party for resolution have been included in the below list.

All parties wish to express their gratitude to the Court for its attention to these matters.

Respectfully submitted,

Sincerely,

| LIEFF CABRASER HEIMANN & BERNSTEINS LLP | SUSMAN GODFREY LLP | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| /s/ Rachel Geman | /s/ Rohit Nath | /s/ Scott J. Sholder |
| Rachel Geman | Rohit Nath | Scott J. Sholder |

October 16, 2024
Page 2

**Shared Agenda Items**

1. <u>Deposition Coordination.</u> The parties have reached impasse and submitted competing proposals regarding deposition coordination. Plaintiffs' proposal is at Dkt. 218. Defendants' proposal is at Dkt. 216. While the parties continue to be open to compromise, they agree that the dispute is unlikely to be resolved without Court intervention.

**Plaintiffs' Proposed Agenda Items Regarding Discovery from OpenAI**

2. <u>Licensing / Data Access Agreement Discussions.</u>
   a. The parties have a dispute regarding the proper scope of production of communications relating to licensing[1] / data access agreement negotiations. The parties have exchanged proposed compromise positions and are continuing to negotiate with respect to this issue and hope to reach an out of Court resolution, but motion practice will likely be required to resolve it.
   b. The parties have a dispute regarding the proper scope of OpenAI's response to Plaintiffs' Interrogatories 5 and 6, both of which concern licensing / data access agreements. The parties have exchanged proposed compromise positions and are continuing to negotiate with respect to these issues and hope to reach an out of Court resolution, but motion practice will likely be required to resolve it.
3. <u>Models.</u> The parties have a dispute regarding the models for which OpenAI will produce documents. The parties are continuing to negotiate with respect to these issues and hope to reach an out of Court resolution, but motion practice may be required to resolve them.
4. <u>Corporate Structure.</u> The parties have a dispute regarding the scope of documents OpenAI will produce regarding its corporate structure. The parties have exchanged proposed compromise positions and are continuing to negotiate with respect to these issues and hope to reach an out of Court resolution, but motion practice may be required to resolve them.
5. <u>Financial Information and Communications with Microsoft.</u> The parties have a dispute regarding the scope of financial information OpenAI will produce and the proper scope of production of OpenAI's communications with Microsoft. The parties have exchanged proposed compromise positions and are continuing to negotiate with respect to these issues and hope to reach an out of Court resolution, but motion practice may be required to resolve them.
6. <u>Texts and X.com Direct Messages.</u> The parties have a dispute regarding the text messages of Sam Altman, Mira Murati, and Greg Brockman and the direct messages from the X.com accounts of Chelsea Voss, Sam Altman, Greg Brockman, and Nick Turley. The parties have reached impasse on these issues, and Plaintiffs intend to file a motion to

---

[1] OpenAI does not concede that any data agreements produced are licenses.

October 16, 2024
Page 3

      compel to resolve them. Nonetheless, the parties are continuing to negotiate to attempt to reach an out of Court resolution.

7. <u>Virtual Data Rooms, Asana, Salesforce.</u> The parties have a dispute about OpenAI's collection, review, and production of documents from these repositories. Plaintiffs believe the parties have reached impasse on these issues and intend to file a motion to compel to resolve them. Nonetheless, the parties are continuing to negotiate to attempt to reach an out of Court resolution.

8. <u>Complaints.</u> The parties have a dispute regarding OpenAI's search for internal and employee complaints about the issues in this case. The parties have exchanged proposed compromise positions and are continuing to negotiate with respect to these issues and hope to reach an out of Court resolution, but motion practice may be required to resolve them.

9. <u>Custodians.</u> Plaintiffs wish to renew their motion to add the following individuals as custodians: Andrew Mayne, Cullen O'Keefe, Ilya Sutskever, Jong Wook Kim, Qiming Yuan, Shantanu Jain. OpenAI will renew its opposition to that motion. Plaintiffs also request that OpenAI search and produce the files of two additional custodians: Chelsea Voss and Jan Leike. OpenAI has not agreed to include those individuals as custodians. The parties are continuing to negotiate with respect to these custodians and hope to reach an out of Court resolution, but motion practice may be required to resolve them.

10. <u>Measures to Accelerate Pace of Discovery.</u> The parties have a dispute about whether a custodial 30(b)(6) deposition and a follow-on substantial completion deadline for document productions are appropriate or necessary to complete discovery expeditiously.

### OpenAI's Proposed Agenda Items Regarding Discovery from Plaintiffs

11. The Parties have a dispute regarding OpenAI's request for Plaintiffs' copyright applications and correspondence with the Copyright Office (as sought in RFP 27 to the Nonfiction Plaintiffs and RFP 28 to Fiction Plaintiffs and the Authors Guild).[2] The Parties are continuing to confer regarding this dispute and hope to reach an out-of-Court resolution, but motion practice may be required to resolve the dispute.

12. The Parties have a dispute regarding OpenAI's request for discovery relating to Plaintiffs' efforts to make their works publicly available, either in print or on the Internet (as sought in RFP 37 to the Nonfiction Plaintiffs and RFP 38 to Fiction Plaintiffs and the Authors Guild). The Parties are continuing to confer regarding this dispute and hope to reach an out-of-Court resolution, but motion practice may be required to resolve the dispute.

13. The Parties have a dispute regarding OpenAI's request for documents and communications related to four Authors Guild surveys–two surveys about author income

---

[2] Plaintiffs Jonathan Alter, Kai Bird, Taylor Branch, Rich Cohen, Eugene Linden, Daniel Okrent, Julian Sancton, Hampton Sides, Stacy Schiff, James Shapiro, Jia Tolentino, Simon Winchester, authors of nonfiction works, are referred to herein as the "Nonfiction Plaintiffs." Plaintiffs David Baldacci, Sylvia Day, Mary Bly, Michael Connelly, Jonathan Franzen, John Grisham, Elin Hilderbrand, Christina Baker Kline, Maya Shanbhag Lang, Victor LaValle, George R. R. Martin, Jodi Picoult, Douglas Preston, Roxana Robinson, George Saunders, Scott Turow, and Rachel Vail, authors of fiction works, are referred to herein as the "Fiction Plaintiffs."

October 16, 2024
Page 4

and two surveys about generative artificial intelligence (as sought in RFP 47 to the Nonfiction Plaintiffs, RFP 48 to Fiction Plaintiffs, and RFP 49 to the Authors Guild). The Parties are continuing to confer regarding this dispute and hope to reach an out-of-Court resolution, but motion practice may be required to resolve the dispute.

14. The Parties have a dispute regarding OpenAI's request for documents and communications related to the Hollywood Reporter's January 11, 2024 article titled "Authors Guild Exploring Blanket License for Artificial Intelligence Companies," by Winston Cho, and the subject matter therein (as sought in RFP 51 to the Nonfiction Plaintiffs, RFP 52 to Fiction Plaintiffs, and RFP 53 to the Authors Guild). The Parties are continuing to confer regarding this dispute and hope to reach an out-of-Court resolution, but motion practice may be required to resolve the dispute.

15. The Parties have a dispute regarding OpenAI's interrogatory to Plaintiffs seeking the identification of all editor(s), writing assistant(s), researchers, publisher(s), agents, or other third parties who worked on the works at issue (as sought in Interrogatory 2 to the Nonfiction and Fiction Plaintiffs and Interrogatory 3 to the Authors Guild). The Parties are continuing to confer regarding this dispute and hope to reach an out-of-Court resolution, but motion practice may be required to resolve the dispute.

16. The Parties have a dispute regarding OpenAI's interrogatories requesting the identification of (a) all third parties with whom they have discussed any system to license, via collective license, blanket license, or otherwise, the use of any copyrighted works for the training of generative artificial intelligence (as sought in Interrogatory 7), and (b) all third parties with whom they have discussed the possibility of licensing any of their Asserted Works as training data for generative artificial intelligence (as sought in Interrogatory 3). The Parties are continuing to confer regarding this dispute and hope to reach an out-of-Court resolution, but motion practice may be required to resolve the dispute.

17. The Parties have a dispute regarding OpenAI's interrogatory to Plaintiffs seeking the identification of documents received by Plaintiffs reflecting the harm Plaintiffs allege in this case (as sought in Interrogatory 5 to the Nonfiction and Fiction Plaintiffs and Interrogatory 6 to the Authors Guild). The Parties are continuing to confer regarding this dispute and hope to reach an out-of-Court resolution, but motion practice may be required to resolve the dispute.

18. The Parties are conferring regarding several matters related to Plaintiffs' document collection and production. Those matters include (a) additional custodians and document sources that OpenAI has sought from Plaintiffs, but to which Plaintiffs have not yet agreed; and (b) documents OpenAI maintains Plaintiffs agreed to produce, but have not yet been produced. The Parties are continuing to confer regarding this dispute and hope to reach an out-of-Court resolution, but motion practice may be required to resolve the dispute.