## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.<br><br>COPYRIGHT INFRINGEMENT<br>LITIGATION<br><br>This Document Relates To:<br><br>Class Cases | Case No. 1:25-md-3143-SHS-OTW |

## DEFENDANT MICROSOFT CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Paragraph 25 of the Modified Stipulated Protective Order in the Class Cases (*Authors Guild*, ECF 338), Defendant Microsoft Corporation ("Microsoft") submits this response in support of Plaintiffs' Motion for Leave to File Under Seal (ECF 150) ("Motion") requesting that the redacted portions in the first sentence and the last sentence of the third paragraph on page 2 of Plaintiffs' letter motion regarding production of documents that hit on LibGen search terms ("Letter Motion") (ECF 153) and Exhibit 5 (ECF 153-5) thereto be sealed.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). "The proponent of sealing 'must demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "[T]he presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions . . . ." *Brown v. Maxwell*,

929 F.3d 41, 50 (2d Cir. 2019). "[W]hile a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*

The Letter Motion contains descriptions of Exhibit 5 thereto, which is a highly confidential document, the disclosure of which would unfairly prejudice Microsoft. Exhibit 5 to the Letter Motion, which has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order, contains highly confidential information about the terms of Microsoft's agreement with OpenAI. *See* Ex. A (Declaration of Lucky Vidmar). It is also a documents that has been exchanged during the course of discovery and is designated under the Protective Order. *New York Times*, ECF 378. *Authors Guild*, ECF 305. Microsoft requests that the redacted portions in the first sentence and the last sentence of the third paragraph on page 2 of the Letter Motion are sealed from the public and Exhibit 5 be sealed in its entirety.

The information Microsoft seeks to seal and redact is the type of information commonly found to warrant sealing. *See id.* (granting motion to seal similar information and documents in this case); *see also Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (finding that requested redactions were "narrowly tailored to protect competitive business information, including the non-public terms of [various agreements]" and concluding "that the sensitivity of this information outweighs the presumption of access"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted) (concluding that proposed redactions were "generally limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'").

For the reasons stated above, and those set forth in the Declaration of Lucky Vidmar, Microsoft supports Plaintiffs' Motion for Leave to File Under Seal (ECF 150). Specifically, Microsoft requests that the redacted portions in the first sentence and the last sentence of the third paragraph on page 2 of Plaintiffs' Letter Motion (ECF 153) and Exhibit 5 (ECF 153-5) thereto be sealed.

Dated: June 16, 2025                            Respectfully submitted,

                                               /s/ Jared B. Briant
                                               Jared B. Briant (admitted *pro hac vice*)
                                               Kirstin L. Stoll-DeBell (admitted *pro hac vice*)
                                               FAEGRE DRINKER BIDDLE & REATH LLP
                                               1144 Fifteenth Street, Suite 3400
                                               Denver, CO 80202
                                               Telephone: (303) 607-3500
                                               Facsimile: (303) 607-3600
                                               Email: jared.briant@faegredrinker.com
                                               Email: kirstin.stolldebell@faegredrinker.com

                                               Annette L. Hurst (admitted *pro hac vice*)
                                               ORRICK, HERRINGTON & SUTCLIFFE LLP
                                               The Orrick Building
                                               405 Howard Street
                                               San Francisco, CA 94105-2669
                                               Telephone: (415) 773-5700
                                               Facsimile: (415) 773-5759
                                               Email: ahurst@orrick.com

                                               Christopher Cariello
                                               Marc Shapiro
                                               ORRICK, HERRINGTON & SUTCLIFFE LLP
                                               51 West 52nd Street
                                               New York: NY 10019
                                               Telephone: (212) 506-3778
                                               Facsimile: (212) 506-5151
                                               Email: ccariello@orrick.com
                                                      mrshapiro@orrick.com

                                               Sheryl Koval Garko (admitted *pro hac vice*)
                                               Laura Brooks Najemy (admitted *pro hac vice*)
                                               ORRICK, HERRINGTON & SUTCLIFFE LLP
                                               222 Berkeley Street, Suite 2000
                                               Boston, MA 02116

Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
        lnajemy@orrick.com

Carrie A. Beyer (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL  60606-5707
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: carrie.beyer@faegredrinker.com

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
Email: jeffrey.jacobson@faegredrinker.com

Elizabeth M.C. Scheibel (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: elizabeth.scheibel@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*