LATHAM&WATKINS<sub>LLP</sub>  ⅢORRISON ⅎOERSTER

October 28, 2024

<u>Via ECF</u>

Hon. Ona T. Wang
United States District Court
Southern District of New York

Re:    *Authors Guild v. OpenAI Inc.*, 23-cv-8292 (S.D.N.Y.) and *Alter v. OpenAI Inc.,*
       23-cv-10211 (S.D.N.Y.): Repositories [ECF No. 230]

Dear Magistrate Judge Wang:

Plaintiffs' motion to compel the production of OpenAI's current and former employees' personal text messages and social media accounts is emblematic of how far Plaintiffs' discovery efforts have strayed from the issues relevant to this copyright case. Plaintiffs seek access to some of OpenAI's senior-most executives' personal devices and social media accounts, none of which are in OpenAI's possession, custody, or control. Plaintiffs have tacitly admitted as much by informing OpenAI that they intend to subpoena these same individuals for the same information sought here. Tellingly, Plaintiffs do not acknowledge this fact in their motion. Nor do Plaintiffs bother to explain how the information they seek is relevant and proportional to the needs of this case. It is not. The discovery Plaintiffs demand is overreaching, invasive, and designed to harass, burden, and annoy the impacted individuals. Their motion should be denied.

## I.    Personal X (formerly Twitter) accounts are irrelevant and not in OpenAI's control.

Plaintiffs argue that OpenAI "must collect and search the X.com direct messages of Sam Altman, Greg Brockman, Nick Turley, and Chelsea Voss." But in hopes of justifying this intrusion into employees' personal accounts, Plaintiffs misrepresent the record and misstate the law.

Plaintiffs bear the burden to establish that employees' personal X.com messages are in OpenAI's possession, custody, or control. *See Coventry Cap. US LLC v. EEA Life Settlements Inc.,* 334 F.R.D. 68, 73 (S.D.N.Y. 2020). They have failed to meet it. Nor could they, as "[c]orporations do not own or control their employees' personal social media accounts." *See Commentary on Rule 34 and Rule 45 "Possession, Custody, or Control,"* 25 SEDONA CONF. J. 1, 59 (2024). Indeed, Plaintiffs cite no authority for the proposition that an employee's personal social media account is in their employers' control. And, the Sedona Conference found that "no court has specifically held this to be true," including under the "practical ability" standard applicable in this circuit. *Id.* at 23-24, 59.

Consistent with that fact, Plaintiffs admit they intend to subpoena the same information from the employees themselves. Ex. 1. Plaintiffs plan to pursue these subpoenas, in part, because California Labor Code § 980 explicitly puts employees' social media *outside* of OpenAI's control. This statute prohibits OpenAI from even *asking* its employees for access to their social media accounts. *Id.* ("An employer shall not require or request an employee . . . to . . . [d]ivulge any personal social media[.]"). Rather than engage with the substance of Section 980, Plaintiffs argue that the Court should disregard the statute altogether because it is supposedly preempted by federal law. Plaintiffs do not cite a single case holding that Section 980 is preempted. Instead, Plaintiffs' cases make clear that preemption is relevant only where there is a *conflict* between state and federal law. There is no conflict here: Federal Rule of Civil Procedure 34 limits a party's discovery obligations to those documents and things in its "possession, custody, or control." Section 980 simply says that OpenAI may not ask its employees for access to their social media accounts, which necessarily means that such social media accounts are outside of OpenAI's possession, custody, or control. There is no conflict with federal law.

Plaintiffs' cases do not hold otherwise.[1] None addresses Section 980 or the question at issue here—whether OpenAI has possession, custody, or control over its employees' personal X.com direct messages. OpenAI does not, as Section 980 makes clear. Rather than address that reality, Plaintiffs rely on a series of inapposite cases, all of which arise out of Section 1983 claims. Two of them–*Allegrino v. Sachetti*, 2015 WL 3948986, at *8-9 (D. Conn. June 29, 2015), and *Miller v. Pancucci*, 141 F.R.D. 292, 299 (C.D. Cal. 1992)—involved actual conflicts between state and federal law; something that, as explained above, is not at issue here. The other two cases— *Lehman v. Kornblau*, 206 F.R.D. 345, 348 (E.D.N.Y. 2001), and *Bliss v. Putnam Valley Cent. Sch.*, 2008 WL 4355400, at *1 (S.D.N.Y. Sept. 22, 2008)—involved claims against government entities and officials where the targets of discovery sought to avoid complying based on state confidentiality laws. In neither case was there any question as to whether the material sought was within the targeted party's possession, custody, or control. Here, by contrast, both as a practical matter and as a matter of California law, OpenAI does not have possession, custody, or control over the social media direct messages at issue. Nothing in Plaintiffs' motion establishes otherwise.

Plaintiffs' motion also should be denied because their own evidence proves that these employees' X.com messages are irrelevant. For instance, Plaintiffs cite four public tweets to justify searching Ms. Voss's personal social media messages. Tellingly, Plaintiffs did not reproduce any of the four as exhibits to its motion. They are attached here as Exhibits 2-5. Three are instances in which Ms. Voss reposted, without comment, a colleague's tweets. The fourth is an exchange in which a colleague asked for a book recommendation and Ms. Voss provided one. *Nothing* in these tweets suggests Ms. Voss has ever used X.com "for work," let alone that she has used *direct messages* for work. And Plaintiffs cite no evidence that Ms. Voss has used direct

---

[1] Perhaps recognizing that the cases on which they rely are inapposite, Plaintiffs also claim, without explanation or legal support, that Section 980 "does not even apply" because these accounts are "not 'personal.'" This assertion is nonsensical on its face and does not warrant further discussion.

messages to discuss issues relevant here. As for the other three custodians, the tweets Plaintiffs cite show merely that the three individuals have discussed OpenAI on X.com, not that they use direct messages "for work" generally or to discuss anything pertinent to this copyright case. Plaintiffs have failed to show that collecting these employees' personal X.com accounts is relevant and proportional to the needs of the case.

## II.    OpenAI is meeting its obligations as to text messages.

Plaintiffs next assert that OpenAI must collect and produce the texts of Chief Executive Officer Sam Altman, President Greg Brockman, and former Chief Technology Officer Mira Murati. There is nothing for the Court to do. The text messages Plaintiffs demand reside on these executives' *personal* devices. Plaintiffs concede that the most the law requires under these circumstances is for OpenAI to "ask" for cooperation from its employees. As Plaintiffs acknowledge, OpenAI has already done so. ECF No. 230-1. Indeed, it has done so even for Ms. Murati, despite the fact she is no longer employed by OpenAI. Plaintiffs are entitled to no Court-ordered relief.

## III.    Plaintffs' request for discovery on discovery should be denied.

Plaintiffs' final demand is for a list of all custodians who use text messages for work. This amounts to discovery on discovery, which is "disfavored." *See Williams v. NYC Bd. of Elections*, 2024 WL 3567395, at *4 (S.D.N.Y. July 29, 2024). A party seeking such information "must provide an adequate factual basis to justify the discovery, and the Court must closely scrutinize the request in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum.*" *Haroun v. ThoughtWorks, Inc.*, 2020 WL 6828490, at *1 (S.D.N.Y. Oct. 7, 2020) (internal quotations omitted) (italics in original). Plaintiffs have provided *no* basis for this discovery. They simply claim, without any support, that without this information "the timely completion of discovery" will be "jeopardize[d]." ECF No. 230 at 3. That is false.

Here, too, Plaintiffs' citations in support of their position are misleading and off topic. *None* of Plaintiffs' cases ordered the discovery Plaintiffs seek. For instance, in *Ferring v. Fera Pharms., LLC*, 2016 WL 5396620, at *3 (E.D.N.Y. Sept. 27, 2016), the dispute was about the defendant's obligation to disclose its ESI search terms after failing to produce *any* documents from multiple custodians. That is not what Plaintiffs seek to compel. Nor could they. OpenAI has been exchanging ESI search terms with Plaintiffs for months.

*        *        *

The three demands in this motion form a single theme: Plaintiffs are scorching the earth in search of documents residing in the personal devices and personal social media accounts of OpenAI employees, including its most senior executives, without any concern for their relevance and proportionality. And they are demanding discovery into discovery without any basis to justify such requests. Plaintiffs' efforts are overkill. They are burdensome and harassing. And they are miles away from the issues relevant to Plaintiffs' copyright infringement allegations. Their motion should be denied.

Sincerely,

KEKER, VAN NEST & PETERS
LLP

LATHAM & WATKINS LLP

MORRISON FOERSTER

*/s/Nicholas S. Goldberg*
Nicholas S. Goldberg

*/s/Elana Nightingale Dawson*
Elena Nightingale Dawson

*/s/Carolyn Homer*
Carolyn Homer

2779499