Lieff Cabraser Heimann & Bernstein
Attorneys at Law

SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP



October 28, 2024

**VIA ECF**

Hon. Judge Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

     RE:    *Authors Guild et al. v. OpenAI, Inc., et al.*, and *Alter et al. v. OpenAI Inc., et al.*, Nos. 1:23-cv-08292-SHS & 1:23-cv-10211-SHS

Dear Magistrate Judge Wang:

     Plaintiffs respond to OpenAI's letter-motion, dated October 23, 2024 (Dkt. 232) ("Letter"), seeking to compel responses to contention interrogatories demanding the identification of documents about the harm Plaintiffs have suffered ("Interrogatories").[1] Aside from its failure to exhaust the meet and confer process, OpenAI's motion should be denied for three reasons: (A) the interrogatories are premature and prohibited under Local Rule 33.3.; (B) courts in this district have routinely held that interrogatories like this one—seeking "any information" or "all facts" supporting an assertion—are overbroad; and (C) there would be no undue prejudice to OpenAI if the Letter was denied as Open AI already possesses most of what it seeks to be identified in the Interrogatories.[2]

     ***A. The Interrogatories are premature contention interrogatories under Local Rule 33.3.*** The Interrogatories ask Plaintiffs to "[i]dentify documents reflecting any information you have received regarding harm You have suffered as a result of the alleged use of Your Asserted Works by OpenAI to train ChatGPT . . ." This amounts to a request for a detailed and exhaustive listing of all evidence Plaintiffs will rely on to show harm. This clearly exceeds the scope of Local Rule 33.3(a) (as well as Rule 26(a)(1)(A)(iii)) which at this stage permit only interrogatories seeking the disclosure of a "computation of each category of damages." OpenAI's reliance on Rule 26 is therefore misplaced. *See Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 367 (S.D.N.Y. 2010)

---

[1] *See* Dkt. 232-1 at 8-9 (Authors Guild response); Ex. A at 6-7 (Individual Plaintiffs' response).
[2] Contrary to OpenAI's representation that Plaintiffs raised only one objection (to prematurity), Plaintiffs raised all three of these objections. *See* Dkt. 232-1 at 8-9, Ex. A at 6-7; *see also* Nonfiction Plaintiffs' response to Request for Production ("RFP") No. 34, Dkt. 232-4 at 18; Fiction Plaintiffs' response to RFP No. 35, Ex. B at 17; Authors Guild's response to RFP No 35, Ex. C at 18. Plaintiffs incorporated their RFP responses in their responses to the Interrogatories. *See* Dkt. 232-1, at 8, Ex. A at 6. The RFPs are duplicative of the Interrogatories in that they request: "All Documents and Communications relating to any injury or harm You claim to have suffered as a result of the conduct alleged in the Complaint." Dkt. 232-4 at 18; Ex. B at 17; Ex. C at 18. The Authors Guild and Individual Plaintiffs' responses to the Interrogatories inadvertently only refer to RFP No. 34. It is clear from context, however, that the responses are meant to incorporate the identical responses to RFP No. 35 with regard to the Authors Guild and Fiction Plaintiffs.

3119804.7

(denying motion to compel interrogatories seeking customer and sales data, noting that "[m]any of Sitel's interrogatories are plainly far broader than contemplated by [Local Rule 33.3.], and for that reason Sitel's motion to compel is denied …").

The Interrogatories are akin to contention interrogatories, which may only be served "[a]t the conclusion of other discovery, and at least 30 days before the discovery cutoff date." Local Rule 33.3(c). Fact discovery is not set to close until December 20 (and will likely be postponed further). Thus, unlike in the sole case cited by OpenAI for the proposition that the Interrogatories are not premature, *Ohanian v. Apple*, 2022 WL 576314 (S.D.N.Y. 2022), the close of fact discovery is not "imminent." *Id*. at *1. *Ohanian* is also distinguishable because the plaintiff there had not produced a single document. *Id*.[3] By contrast, Plaintiffs have already produced over 13,000 documents, 1,104 of which were produced today. *See* Decl. of Anna J. Freymann, at ¶3. More productions are forthcoming. *Id*. Plaintiffs have agreed to review at least 13,000 additional documents for responsiveness and production as ESI search term negotiations remain ongoing. *Id*. at ¶4.[4]

**B. The Interrogatories are overbroad and unduly burdensome.** OpenAI asks this Court to compel Plaintiffs to list "any" document related to Plaintiffs' "harm." *See* Letter at 3. Courts in this District have disallowed or disfavored contention interrogatories of such breadth and have limited the obligations of the responding party to explaining the factual basis for the contention – nothing more. *See Convolve, Inc. v. Compaq Computer Corp*., 223 F.R.D. 162, 173 (S.D.N.Y. 2004) (holding that plaintiff did not have to identify documents) ("Particularly in advance of an exchange of expert reports, the purpose of damages interrogatories is not to inquire into every specific factual detail that a party will rely on, but rather to determine the categories of damages sought, the methodologies for calculating them, and the general types of evidence on which the calculations are ultimately grounded."); *see also Linde v. Arab Bank, PLC*, No. CV-04-2799 NG VVP, 2012 WL 957970 at *1 (E.D.N.Y. Mar. 21, 2012) (noting that in response to contention interrogatories, a party must merely "explain the factual bases for their contentions by providing the material facts upon which they will rely, but not a detailed and exhaustive listing of all of the evidence that will be offered."); *Chen-Oster v. Goldman, Sachs & Co*., No. 10 CIV. 6950 AT JCF, 2013 WL 6501184, at *1 (S.D.N.Y. Dec. 11, 2013) (disallowing contention interrogatories). These cases belie Defendants' assertion "that responding to this interrogatory would [not] be unduly burdensome." [5] Letter at 3. Plaintiffs are willing to confer with OpenAI on narrowing the Interrogatories to an appropriate scope.

---

[3] None of the other cases in the Letter are pertinent. OpenAI relies on several cases that discuss Rule 33(d). Letter at 1-2. But those cases either involve mere computation interrogatories clearly within the scope of Rule 26 and Local 33.3. (*see Volt Elec. NYC Corp. v. A.M.E., Inc.*), or do not address Local Rule 33.3. at all (*see Hallmark Licensing LLC v. Dickens Inc.*; *Norman Maurice Rowe, M.D., MHA., L.L.C. v. Oxford Health Ins. Co., Inc.*; *Neogenix Oncology, Inc. v. Gordon*). The two remaining cases *Bass v. Diversity* and *Cariou v. Prince*, do not involve discovery disputes.

[4] In light of the ongoing document productions and the existence of duplicative RFPs (RFP Nos. 34 and 35), the Interrogatories are also disfavored under Local Rule 33.3(b)(1). *See Copantitla v. Fiskardo Estiatorio, Inc*., No. 09 CIV. 1608 RJH JCF, 2010 WL 1327921, at *15 (S.D.N.Y. Apr. 5, 2010) (holding that defendant did not have to respond to interrogatory that sought information already covered by document requests).

[5] Moreover, OpenAI's suggestion that they have always supplemented their "responses with Bates numbers" is disingenuous. In response to several interrogatories, OpenAI currently states: "OpenAI responds that pursuant to

**C. Denial of the letter-motion would not unduly prejudice OpenAI.** Finally, there is no undue prejudice to OpenAI if the Letter is denied. The Class Plaintiffs' case focuses on OpenAI's alleged unlawful downloading and reproduction of Plaintiffs' books. *See* Dkt. 69, at ¶¶ 96 *et seq.*, ¶415.[6] Thus, Open AI already possesses most of what it seeks to be identified in the Interrogatories.

For these reasons, OpenAI's motion should be denied.

Respectfully,

| LIEFF CABRASER HEIMANN & BERNSTEINS LLP | SUSMAN GODFREY LLP | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| */s/ Rachel Geman* | */s/ Rohit Nath* | */s/ Scott J. Sholder* |
| Rachel Geman | Rohit Nath | Scott J. Sholder |

cc:   All Counsel of Record (via ECF)

---

Federal Rule of Civil Procedure 33(d), it will produce for inspection the training data." OpenAI's Supplemental Responses to Plaintiffs' Interrogatory Nos. 13, and 14 (Ex. D).
[6] Nov. 29, 2023 Hr'g Tr. at 11:24-12:1 (Dkt. 44) ("We're focusing on the mass copying of protective works for purposes of 'training' the large language model.").