

**Susman Godfrey l.l.p.**
a registered limited liability partnership

November 18, 2024

**VIA ECF**
Hon. Ona T. Wang
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      RE:   *Authors Guild et al. v. OpenAI, Inc., et al., and Alter et al. v. OpenAI Inc., et al.,* Nos. 1:23-cv-08292-SHS & 1:23-cv-10211-SHS

Dear Judge Wang:

    A group of former high-level OpenAI employees have raised public, explicit concerns about issues pertinent to this case and OpenAI's defenses, including the risks of OpenAI's large language models and generative AI technology on workers and the absence of proper controls. Another group of individuals with similar concerns have left or been terminated from the company. The red flags these employees raised—and documents about them—are relevant.

    OpenAI has made clear it intends to defend its conduct based on the purported (and apparently as yet unrealized) benefits of AI in the abstract, a distracting speculative question that has nothing to do with whether OpenAI must be accountable for having stolen books that were invaluable to its models. As relevant for this motion, though, and setting aside the merits (or lack thereof) of OpenAI's public benefit claim, OpenAI cannot curate a one-side record: if it is going to make arguments about the public *benefits* of its models, then the dangers to the public of OpenAI LLMs are well within the scope of discovery.

    Pursuant to Rule II.b of Your Honor's Individual Practices, Plaintiffs seek an informal discovery conference about their request to obtain documents about these specific former employees' concerns. Plaintiffs at this juncture only ask that the Court compel OpenAI to provide hit counts for a targeted set of search terms to enable the parties to make informed decisions about the actual burden of producing these documents from the individuals at issue, *i.e.,* those whose files OpenAI refuses to search.

**I.**    **Background & Relevance of Documents Requested.**

    On August 16, 2024, Plaintiffs sought documents about specific people's concerns relating to the LLMs' harms and risks, lack of internal controls, and use of copyright protected materials. **Ex. A.**[1] While the request identified 23 people, the current dispute relates to a much narrower set.

---

[1] RFP No. 98: "To the extent not covered by Request for Production No. 7 or other previous requests, all **Documents Concerning** or **Relating To** statements made or concerns raised by Dario Amodei, Leopold Aschenbrenner, Yoshua Bengio, Greg Brockman, Chris Clark, Jacob Hilton, Geoffrey Hinton, Pavel Izmailov, Andrej Karpathy, Logan Kilpatrick, Daniel Kokotajlo, Ramana Kumar, Jan Leike, Ben Mann, Evan Morikawa, Neel Nanda, Stuart Russell, William Saunders, John Schulman, Ilya Sutskever, Carroll

Specifically: four of the initial 23 are already custodians, as to whom the parties have resolved disputes[2], and Plaintiffs further are now narrowing their request to focus only on former OpenAI employees. Thus, this dispute relates to 14 individuals: Aschenbrenner, Clark, Hilton, Izmailov, Karpathy, Kilpatrick, Kokotajlo, Leike[3], Morikawa, Saunders, Sutskever[4], Wainwright, Yoon, and Ziegler.

Plaintiffs carefully selected these specific individuals. Five were among the authors of a public document called "A Right to Warn about Advanced Artificial Intelligence," which argued that "AI companies possess substantial non-public information about the capabilities and limitations of their systems, the adequacy of their protective measures, and the risk levels of different kinds of harm.[5] https://righttowarn.ai/ (also addressing displacement and disempowerment of workers). As to these individuals, the nexus between their concerns and the RFP's topics—such as lack of internal controls, lack of control over output—is clear.

Another group of OpenAI employees left OAI due to safety related concerns, and were involved with OpenAI's decision to use books to train its LLMs. Others, like Aschenbrenner, were terminated and, shortly afterward, raised serious concerns about OpenAI's safety practices (Aschenbrenner himself called OpenAI's safety practices "egregiously insufficient"[6]). The small remainder includes people in relevant positions who interacted with the safety whistleblowers (such as Yoon) or who left OpenAI.

OpenAI's served objections on September 16, 2024, asserting that Plaintiffs' request was duplicative of other discovery. **Ex. B.** Plaintiffs sent a meet and confer letter on September 19, 2024, **Ex. C**, and the parties met and conferred several times, most recently on Nov. 12. During the parties' meet and confers, OpenAI claimed Plaintiffs were seeking to re-open and broaden the searches for documents using custodians and keyword searches. Plaintiffs explained this was not the case because they were seeking only limited and discrete information, against the backdrop that OpenAI has an obligation to produce relevant discovery. OpenAI thereafter invited Plaintiffs to provide search terms "to run on the existing custodians' files," **Ex. D**, at 3, which Plaintiffs did, as part of an overall proposal on October 14 to cover both custodians and non-custodians, ***id.***, at

Wainwright, Dianne Yoon, or Daniel Ziegler regarding: (a) **Your** use of purportedly copyrighted material in training **Large Language Models**; (b) **Your** lack of or insufficient internal controls with regard to acquisition and use of training materials or control over output; or (c) the general harm or risk to content creators posed by **Your LLMs**."

[2] There are no disputes related to this dispute as to Amodei, Brockman, Mann, and Schulman.

[3] The parties have a separate dispute regarding Leike and Sutskever, and earlier moved to have them added as document custodians. Mr. Sutskever co-founded OpenAI, formerly served as its Chief Scientist, and his crucial role in this case was addressed in ECF No. 193 at 2-3 and ECF No. 234. Mr. Leike was involved in books discussions and made clear that he had been "disagreeing with OpenAI leadership about the company's core priorities for quite some time." ECF No. 234 at 2 and notes 2-3.

[4] See note 3.

[5] OAI affiliated letter-writers: Hilton, Kokotajilo, Saunders, Wainwright, Zeigler. Non-OAI affiliated letter-writers: Kumar, Nanda. Endorsers: Benigo, Hinton, and Russell. There were also a number of anonymous authors.

[6] https://decrypt.co/234079/openai-safety-security-china-leopold-aschenbrenner (accessed Nov. 18, 2024).

1-2. Plaintiffs also included other aspects to the proposal, *id.*, but, in the interest of simplifying, now remove those other proposals in favor of adding these additional search terms to the list in Exhibit D: "internal controls" and ["safety" w/15 (work OR job OR books OR risk)].

At no point has OpenAI denied these individuals possess relevant information, but has refused to agree to run keyword searches. OpenAI also said it had agreed to make a reasonable search for complaints about copyrights, but RFP 98, as Plaintiffs have maintained, is broader and narrower: the request seeks documents about only a specific a group of individuals' concerns, and in this sense is narrower than the very important separate request about internal complaints about copyright infringement. But it is broader insofar as the individuals at issue have concerns about the general loss of work and threats of harm, and lack of internal controls (which relates to safety).

## II. Plaintiffs' Proposal for OpenAI to Run Limited Searches on the Files of 14 People is Reasonable.

The Court should compel OpenAI to run the limited set of search terms in Exhibit D plus the two noted above over the files of the 14 identified individuals. OpenAI's argument that it should not have to run terms over these individuals because they are not "custodians" ignores the basic principle of discovery that "an ESI protocol and search terms work in tandem with the parties' obligations under the Federal Rules and do not replace a party's independent obligation to produce electronic (or paper) documents that are reasonably accessible, relevant, and responsive," *Raine Grp. LLC v. Reign Cap., LLC*, 2022 WL 538336, at *1 (S.D.N.Y. Feb. 22, 2022); *see also* October 30 Hearing Transcript at 19:7-18 (Court proposing that Defendants provide hit counts for additional custodians.). That the parties have reached agreement over searches for some custodians does not mean that other relevant discovery is off the table, *see also Gardner-Alfred v. Fed. Rsrv. Bank of New York*, No. 22-CV-01585 (LJL), 2023 WL 3495091, at *15 (S.D.N.Y. May 17, 2023) ("[T]he producing party, even absent agreement or discussion about the appropriate terms, still has an independent obligation to craft search terms to fulfill the requirements of Rules 26 and 34"); *Sanders v. SUNY Downstate Med. Ctr.*, No. 22 CV 4139 (KAM) (CLP), 2024 WL 4198355, at *11 (E.D.N.Y. Sept. 16, 2024) ("Agreeing to ESI searches is not the same … as agreeing to produce responsive documents …"). Thus, Plaintiffs respectfully submit that the modest relief requested in this motion is handily warranted.

Respectfully submitted,

| LIEFF CABRASER HEIMANN & BERNSTEIN LLP | SUSMAN GODFREY LLP | COWAN DEBAETS ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| */s/ Rachel Geman* | */s/ Rohit D. Nath* | */s/ Scott J. Sholder* |
| Rachel Geman | Rohit D. Nath | Scott J. Sholder |

cc:   All Counsel of Record (via ECF)