

November 19, 2024

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

      RE:    *Authors Guild v. OpenAI Inc.*, 23-cv-8292 (S.D.N.Y.) and *Alter v. OpenAI Inc.*, 23-cv-10211 (S.D.N.Y.): Data Working Group

Dear Judge Wang:

      Pursuant to Rule II(b) of Your Honor's Individual Practices, Plaintiffs seek a conference and request that the Court order OpenAI and Microsoft to search and produce documents relating to the Data Working Group.[1] The Data Working Group ███████████████████████████████████████████████████████████████████████████████████████████████████████████████ Though they do not deny that those documents are highly relevant to the case, Defendants claim that reviewing them is too burdensome because some of them are privileged. That argument is meritless.

      ***Background.*** ████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████

      ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████

      ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████

---

[1] The parties have met and conferred about the relief sought and did not reach agreement.

November 19, 2024
Page 2

Plaintiffs sought documents about the Data Working Group. RFP 72. Defendants refuse to even *review* those documents. They assert that ▓▓▓▓▓▓▓▓▓▓▓▓▓ reviewing those documents for non-privileged material would be unduly burdensome. Ex. 4 at 3. Yet Defendants have refused to name the Group's members, identify the subject matter of the supposed legal advice, or estimate what portion of the communications are privileged. *Id.* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Data Working Group documents are highly relevant and, contrary to Defendants' claim, proportionate: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and most of its documents are likely unprivileged.

**The Data Working Group's Activities, and Therefore Its Documents, Are Undisputedly Highly Relevant.** The Data Working Group's activities are relevant to several issues in the case. *First*, the existence or development of licensing market. *Am. Geophysical Union v. Texaco Inc.*, 60 F.3d 913, 928 (2d Cir. 1994). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ will show the existence of a licensing market. *Second*, damages. A key term in acquiring data is the *price* of a license, directly relevant to lost licensing revenues. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Those factors inform the relative value of different types of data, and thus the portion of Defendants' "profits . . . that are attributable to" their use of copyrighted books. 17 U.S.C. § 504(b). And *third*, Microsoft's liability. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ bear on Microsoft's willful direct infringement, and on its knowledge and support of OpenAI's data use—elements of Plaintiffs' contributory infringement claim.

**OpenAI Has Failed To Meet Its Burden To Show That Production of Data Working Group Documents Is Unduly Burdensome.** Defendants do not dispute that these documents are relevant, but say that any search for them—of any scope—is unduly burdensome, because (they assert) many of them are likely to be privileged. As an initial matter, despite the Court's guidance at the prior hearing, *see* Tr. 14-17, Defendants have refused to provide any support for that objection. They have not disclosed the number of documents at issue, or even identified the Group's members. Ex. 4 at 3. That alone justifies overruling this objection. *Delta Air Lines, Inc. v. Lightstone Grp., LLC*, No. 21-MC-374, 2021 WL 2117247, at *2 (S.D.N.Y. May 24, 2021) (Wang, J.) ("The party opposing discovery has the burden of demonstrating an undue burden . . .").

In any event, the contention that a large portion of these documents are privileged is highly dubious. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ the Group's communications will reflect that.

November 19, 2024
Page 3

Defendants respond ███████████████████████████████████████████
███████████████████████████████████ communications are not privileged simply because they involve lawyers—particularly in-house counsel, who often have "mixed business-legal responsibility." *Shih v. Petal Card, Inc.*, 565 F. Supp. 3d 557, 567 (S.D.N.Y. 2021); *see also MSF Holding, Ltd. v. Fiduciary Tr. Co. Int'l*, No. 03-CV-1818, 2005 WL 3338510, at *1 (S.D.N.Y. Dec. 7, 2005). "[T]he importance of applying the privilege cautiously and narrowly is heightened in the case of corporate staff counsel, lest the mere participation of an attorney be used to seal off disclosure." *Shih*, 565 F. Supp. 3d at 567. That risk is especially salient here. OpenAI had at least one lawyer in a non-legal role: Tom Rubin, OpenAI's Chief of Intellectual Property and Content. In his own words, Mr. Rubin manages "products, policy and partnerships"[2]—a commercial role. *See id.* (no privilege where attorney was not "serving on any regular . . . basis as legal counsel"). ████████
████████████████████████████████████████████████████████████████████████████████



████████████████████████████████████████ Defendants cannot turn a blind eye to that by refusing to review the documents altogether. *TIG Ins. Co. v. Swiss Reins. Am. Corp.*, No. 21-CV-8975, 2023 WL 6058649 (S.D.N.Y. Sept. 18, 2023) (no "blanket" privilege for "Key Case Committee" that gave "both legal and strategic advice" and involved "business evaluations," noting, "the presence of counsel at a meeting is not determinative").

Defendants' refusal to log what they are withholding is all the more problematic given their questionable claim of privilege. They argue that, under the "common interest" doctrine, they did not waive privilege by sharing legal advice with one another. Ex. 4 at 6. But the common interest doctrine—which they bear the burden of proving—requires an agreement to pursue a joint legal strategy, *Denney v. Jenkens & Gilchrist*, 362 F. Supp. 2d 407, 415 (S.D.N.Y. 2004), and a common *legal* (not business) interest. *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 448 (S.D.N.Y. 1995). As such, it is almost unfailing rejected absent concretely anticipated litigation. *Id.*; *Denney*, 362 F. Supp. 2d 415. ██████████████████████████████
███████████████████████████████████ They have not met their burden of showing common interest, and cannot rely on that doctrine to refuse to even *review* the Data Working Group documents. At a minimum, Defendants must log any Data Working Group document they withhold, to give Plaintiffs' a full opportunity to assess that claim of privilege. *40 Gardenville LLC v. Travelers Property Casualty*, 02-CV-788, at *6 (W.D.N.Y. Apr. 22, 2004) (overruling privilege objections altogether where defendants failed to serve a log).

---

[2] https://www.rcfp.org/thomascrubin/

November 19, 2024
Page 4

                                        Sincerely,

| LIEFF CABRASER HEIMANN & BERNSTEIN LLP | SUSMAN GODFREY LLP | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| /s/ Rachel Geman | /s/ Rohit Nath | /s/ Scott J. Sholder |
| Rachel Geman | Rohit Nath | Scott J. Sholder |