

November 22, 2024

**VIA ECF**                                                      **REDACTED**

███████████████████

Honorable Ona T. Wang
United States District Court
500 Pearl Street
New York, NY 10007

Re:   *Authors Guild v. OpenAI Inc.*, 23-cv-8292 (S.D.N.Y.) and *Alter v. OpenAI Inc.*, 23-cv-
      10211 (S.D.N.Y.) – Response to Letter Motion regarding Data Working Group

Dear Magistrate Judge Wang:

      Microsoft submits this response to Class Plaintiffs' November 19, 2024 letter (Dkt. 267)
requesting that the Court order Microsoft (and OpenAI) to search for and produce documents
relating to the Data Working Group (the "DWG"). The DWG ████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████ As such, DWG
communications are squarely protected by the common interest privilege. Class Plaintiffs' present
attempt to invade those privileges should be denied.

      The common interest privilege "has been described as an extension of the attorney client
privilege [and] serves to protect the confidentiality of communications passing from one party to
the attorney for another party where a joint defense effort or strategy has been decided upon and
undertaken by the parties and their respective counsel." *United States v. Schwimmer*, 892 F.2d 237,
243 (2d Cir. 1989). The privilege is well-established in the Second Circuit and requires a showing
that "(1) the party who asserts the rule must share a common legal interest with the party with
whom the information was shared and (2) the statements for which protection is sought must have
been designed to further that interest." *HSH Nordbank AG New York Branch v. Swerdlow*, 259
F.R.D. 64, 71 (S.D.N.Y. 2009) (internal citations omitted). The DWG's communications satisfy
this standard.

**I.    The DWG Communications Are Rooted in a Common Legal Interest Between
       Microsoft and OpenAI.**

      The DWG ████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████ At that time, Microsoft and OpenAI were named defendants in a set of
consolidated putative class actions styled as *Doe 1 v. GitHub, Inc.*, Case No. 4:22-cv-06823 (N.D.
Cal.), and *Doe 3 v. GitHub, Inc.*, Case No. 3:22-cv-07074 (N.D. Cal.), that involve allegations of

violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-1205, and other claims relating to Microsoft's and OpenAI's data acquisition practices, including theories whereby Microsoft would be held responsible for actions or omissions of OpenAI. ███████████████ ███████████████████████████████████ The *Doe* class action remains pending. Microsoft and OpenAI have since been sued in multiple additional lawsuits, including a number of additional suits in which Microsoft is alleged to be responsible for the actions or omissions of OpenAI.

The purpose of the DWG squarely overlaps with the parties' existing common legal interest in the *Doe* litigation because ██████████████████████████████████████ Microsoft has every reason to try to reach a common understanding with respect to the legal analysis of another company whose actions are the basis for claims being made against Microsoft.

## II. The Communications Within the DWG Were in Furtherance of the Parties' Common Legal Interest.



███████████████████████████████████████████████ Therefore, the core purpose of the DWG was in furtherance of the above litigation joint interest, as well as related joint interests involving legal practices related to the acquisition and use of data.



---

[1] While certain Microsoft non-lawyers may appear on produced communications referencing or relating to the DWG, those individuals all reside within Microsoft's in-house legal department and support the legal function, *i.e.*, support the provision of legal advice. *See Allied Irish Banks v. Bank of Am.*, 240 F.R.D. 96, 103 (S.D.N.Y. 2007) (holding "[a] communication between an attorney and the agent or employee of a corporation may be privileged where the agent possessed the information needed by the corporation's attorneys in order to render informed legal advice.") (internal citations omitted).

Class Plaintiffs argue that the DWG "has a business purpose, and most of its documents are likely unprivileged." (*Id.* at 2.)  They rely on a serious mischaracterization of the Microsoft documents in Exhibits 2 and 3 of the letter motion to characterize the DWG as serving a business—and not legal—purpose.

As the above-listed operating principles make clear, the DWG served a legal purpose, ***not*** a business purpose. Microsoft is well within its right to assert common interest privilege over DWG documents furthering its common legal interest with OpenAI. *See, e.g.*, *Swerdlow*, 259 F.R.D. at 71.

Finally, Class Plaintiffs also mischaracterize Microsoft's response to its request for production regarding the DWG. Class Plaintiffs state that "Plaintiffs sought documents about the [DWG]. RFP 72 [to OAI]. Defendants refuse to even *review* those documents." (Letter Motion at 2) (emphasis in original).) Class Plaintiffs requested these documents in RFP No. 77, to which Microsoft responded: "Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning Microsoft's involvement in the [DWG] as it relates to the Relevant Generative AI Models." (Ex. A). Indeed, Microsoft has produced redacted documents that reference the DWG, to the extent they were relevant, responsive, and not privileged. (*See, e.g.,* Ex. B).

\* \* \*

If, despite the foregoing, the Court has any favorable inclination towards this request, then Microsoft requests full briefing on this issue so that it can provide declarations from witnesses further detailing the foundation for the exclusively legal work of the DWG. For each of the above reasons, the Court should deny Class Plaintiffs' attempt to invade the common interest privilege.

Respectfully submitted,                Respectfully submitted,

*/s/  Annette L. Hurst*                  */s/  Jared B. Briant*

Annette L. Hurst                       Jared B. Briant

*Counsel for Defendant Microsoft Corporation*