UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, et al.,<br><br>                       Plaintiffs,<br><br>        v.<br><br>OPEN AI INC., et al.,<br><br>                       Defendants. | **Consolidated:**<br>Case No. 1:23-cv-08292-SHS-OTW<br>Case No. 1:23-cv-10211-SHS-OTW |
| THE NEW YORK TIMES COMPANY,<br><br>                       Plaintiff,<br><br>        v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>                       Defendants. | **Consolidated:**<br>Case No. 1:23-cv-11195-SHS-OTW<br>Case No. 1:24-cv-03285-SHS-OTW<br>Case No. 1:24-cv-04872-SHS-OTW |

**<u>NOTICE OF OBJECTIONS TO DISCOVERY ORDERS</u>**

      PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Points and Authorities, Defendant Microsoft Corporation moves this Court, before the Honorable Sidney H. Stein in Courtroom 23A of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York, 10007, for an order pursuant to Federal Rule of Civil Procedure 72(a) modifying or setting aside the discovery orders at NYT ECF 351, 354, 355 and AG ECF 289, which incorporate by reference and rely exclusively upon NYT ECF 344, and directing Plaintiffs to produce the discovery

requested in Microsoft's letter motions NYT ECF 315, 320, 321 and AG ECF 263.[1]  By refusing evidence much of which is exclusively in Plaintiffs' hands, these discovery Orders have improperly curtailed the merits of the fair use and substantial noninfringing uses defenses in these important cases of first impression regarding new technology.

Microsoft therefore requests the Court set aside ECF 344 as applied to Microsoft's letter motions in NYT ECF 351 and AG ECF 289 because it is contrary to law: ECF 344 improperly refuses discovery of economic evidence exclusively in the Plaintiffs' hands regarding the effects of the technology at issue on the traditional markets for the copyrighted works-in-suit.  By refusing such discovery, the Order improperly limits the scope of evidence that can be adduced regarding the fourth factor of fair use.

ECF 344, as applied in NYT ECF 354 & 355 and AG ECF 289, also erroneously restricts discovery into Plaintiffs' development and use of generative AI tools.  The Order fails to address the controlling passage from the Supreme Court in *Google LLC v. Oracle Am., Inc.*, 593 U.S. 1 (2021) considering the importance to the fourth factor of a plaintiff's efforts to develop the technology at issue.  The Order also does not account for the importance of Microsoft's requested evidence regarding Plaintiffs' use of the technology at issue to the pro-copyright benefits of the accused technology, central to the consideration of the first fair use factor.  And, ECF 344 simply does not address the defense of substantial noninfringing uses raised by Microsoft in its letter motions.

---

[1] The "News" cases have been consolidated and include *The New York Times Company v. Microsoft Corporation, et al.*, 1:23-cv-11195 ("NYT"), *Daily News LP, et al. v. Microsoft Corporation, et al.*, 1:24-cv-03285, and *The Center for Investigative Reporting, Inc. v. OpenAI, Inc., et al.*, 1:24-cv-04872.  The "Class" cases have been consolidated and include *Authors Guild, et al. v. OpenAI Inc., et al.*, 1:23-cv-08292 ("AG") and *Alter, et al. v. OpenAI Inc., et al.*, 1:23-cv-10211.

For the reasons set forth in the accompanying Memorandum of Law, Microsoft respectfully requests that the Court sustain its Objection and set aside NYT ECF 351, 354, 355 and AG ECF 289, and ECF 344 insofar as necessitated by the arguments set forth therein.

Dated:  December 23, 2024              /s/ Annette L. Hurst

Annette L. Hurst (admitted *pro hac vice*)
ORRICK, HERRINGTON &
SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415)773-5700
ahurst@orrick.com

Christopher Cariello
Marc Shapiro
ORRICK, HERRINGTON &
SUTCLIFFE LLP
51 West 52nd Street
New York: NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
ccariello@orrick.com
mrshapiro@orrick.com

Sheryl Koval Garko (admitted *pro hac vice*)
Laura Brooks Najemy (admitted *pro hac vice*)
ORRICK, HERRINGTON &
SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
sgarko@orrick.com
lnajemy@orrick.com

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE
& REATH LLP
1177 Avenue of the Americas
New York, New York 10036

Telephone: (212) 248-3191
jeffrey.jacobson@faegredrinker.com

Jared B. Briant (admitted *pro hac vice*)
Kirstin L. Stoll-DeBell (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE
& REATH LLP
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
jared.briant@faegredrinker.com
kirstin.stolldebell@faegredrinker.com

Carrie A. Beyer (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL  60606-5707
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
carrie.beyer@faegredrinker.com

Elizabeth M.C. Scheibel (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
elizabeth.scheibel@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*