UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, *et al.*, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>OPENAI INC., *et al.*,<br>        Defendants. | Case No. 1:23-cv-08292 (SHS) (OTW)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF OPENAI DEFENDANTS' OBJECTION TO NONDISPOSITIVE ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(a)** |
| JONATHAN ALTER, *et al.*, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>OPENAI INC., *et al.*,<br>        Defendants. | |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..........................................................................................................1

II. BACKGROUND ............................................................................................................2

III. STANDARD OF REVIEW ............................................................................................4

IV. ARGUMENT .................................................................................................................5

V. CONCLUSION...............................................................................................................6

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bill Graham Archives v. Dorling Kindersley Ltd.*,
   448 F.3d 605 (2d Cir. 2006)..........................................................................................................2

*Coventry Capital US LLC v. EEA Life Settlements Inc.*,
   333 F.R.D. 60 (S.D.N.Y. 2019) .....................................................................................................5

*Google LLC v. Oracle Am., Inc.*,
   593 U.S. 1 (2021)...........................................................................................................................4

*R.F.M.A.S., Inc. v. So*,
   748 F. Supp. 2d 244 (S.D.N.Y. 2010)............................................................................................5

*U.S., Dep't of Interior v. 16.03 Acres of Land, More or Less, Located in Rutland Cnty., Vt.*,
   26 F.3d 349 (2d Cir. 1994).............................................................................................................6

*Volt Elec. NYC Corp. v. A.M.E., Inc.*,
   No. 20-cv-4185, 2020 WL 6378945 (S.D.N.Y. Oct. 30, 2020)....................................................3

**STATUTE**

17 U.S.C. § 107...............................................................................................................................2

**RULES**

Fed. R Civ. P.
   33(d).......................................................................................................................................1, 3, 6
   72(a) .................................................................................................................................1, 4, 5, 6

I.  **INTRODUCTION**

The OpenAI Defendants[1] hereby object, pursuant to Federal Rule of Civil Procedure 72(a), to the court's order at ECF 290 ("OpenAI AG Order"). In that Order, the court denied OpenAI's request for a pre-motion conference to address Plaintiffs' refusal to identify documents, as required by Federal Rule of Civil Procedure 33(d), in response to an interrogatory seeking identification of documents regarding Plaintiffs' allegation that OpenAI's activity "harms the market" for their fiction and non-fiction books. ECF 69 ¶ 3 (pleading); ECF 232 (OpenAI pre-motion letter). The court denied OpenAI's request for two reasons. First, for the reasons stated in an order the court entered in a related case brought by The New York Times Company. ECF 290; *see also* Order *in New York Times Co. v. Microsoft Corp.*, No. 1:23-cv-11195, ECF 344 (S.D.N.Y. Nov. 22, 2024) ("344 Order"). And second, as "premature," noting that OpenAI can revisit the issue once it has reviewed further documents from Plaintiffs. *See* ECF 290. While OpenAI plans to follow the court's guidance and revisit this important discovery at a later stage of the case, the court's separate reliance on the 344 Order is itself clearly erroneous and contrary to law, thus necessitating this objection.

The 344 Order is contrary to law for the reasons OpenAI has explained in its objection to the 344 Order as well as its concurrently filed objection to subsequent orders in the New York Times case. *See, e.g.*, Objection *in New York Times Co. v. Microsoft Corp.*, No. 1:23-cv-11195, ECF 363 (S.D.N.Y. Dec. 6, 2024) ("Times Objection"). The OpenAI AG Order—and all other orders relying on the 344 Order—are thus contrary to law as well. In addition, the OpenAI AG Order is also clearly erroneous because the 344 Order is entirely inapposite to the relief OpenAI

---

[1] The OpenAI Defendants are OpenAI Inc., OpenAI OpCo LLC, OpenAI GP LLC, OpenAI LLC, OpenAI Global LLC, OAI Corporation LLC, OpenAI Holdings LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund GP I LLC, and OpenAI Startup Fund Management LLC.

1

sought. The 344 Order says nothing about the propriety of OpenAI's *interrogatory* about the harm Plaintiffs claim to have suffered—the subject matter of OpenAI's pre-motion letter. The OpenAI AG Order should thus be set aside as both contrary to law and clearly erroneous.

## II. BACKGROUND

As discussed at length in papers filed recently in this Court, *see, e.g.*, Times Objection, this is a copyright case against several OpenAI entities and Microsoft Corporation. One of OpenAI's central defenses is that the challenged activity—*i.e.*, its alleged use of Plaintiffs' fiction and non-fiction books as part of a vast corpus of text used to train large language models—is a protected fair use under Section 107 of the Copyright Act. 17 U.S.C. § 107. One factor of the fair use defense is "the effect of [OpenAI's] use upon the potential market for or value of the [Plaintiffs'] copyrighted work[s]." *Id.* That factor considers, among other things, whether the challenged use "impact[ed]" the "primary market" through which the Plaintiffs have commercialized their works—in this case, the market for purchasing or obtaining licensed copies of their books. *Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605, 614 (2d Cir. 2006). It also asks whether the challenged use impacted the Plaintiffs' ability to derive licensing fees through "traditional license market[s]," *id.*, which in this case might include the market for licensing books for TV or film adaptations.

Plaintiffs specifically allege that the challenged use "harms the market" for their books. ECF 69 ¶ 3 (First Consolidated Class Action Complaint). OpenAI has thus sought discovery about that alleged harm, including via the following interrogatory:

> Identify documents reflecting any information you have received regarding harm You have suffered as a result of the alleged use of Your Asserted Works by OpenAI to train ChatGPT, including by not limited to (i) any information You have received about third parties using outputs from GPT Services as an alternative to purchasing or obtaining a licensed copy of Your Asserted Works, and (ii) any information You have received about any impact by the availability of GPT Services on licensing royalties

2

or other revenues generated in connection with Your Asserted Works.

ECF 232-1 at 7 (Interrogatory 6).[2]  Plaintiffs refused to substantively respond to the interrogatory and instead cited Federal Rule of Civil Procedure 33(d).  *Id.* at 7–8.  Plaintiffs did not identify any specific documents in that response.  *But see Volt Elec. NYC Corp. v. A.M.E., Inc.*, No. 20-cv-4185, 2020 WL 6378945, at *2 (S.D.N.Y. Oct. 30, 2020) (under Rule 33(d), a response must "identif[y]" the documents "with enough specificity to enable the interrogating party to locate them").

On October 23, 2024, OpenAI filed a letter brief before the Magistrate Judge "request[ing] that the Court order Plaintiffs to respond" to the foregoing interrogatory "by providing the Bates numbers of the documents to which Plaintiffs referred in their response."  ECF 232 at 3; *see Volt*, 2020 WL 6378945 at *2 (interrogatory response lacking Bates numbers was "inadequate").  Plaintiffs responded on October 28, 2024, arguing that OpenAI's interrogatory constituted a "premature contention interrogator[y] under Local Rule 33.3," and that it was "overbroad and unduly burdensome" because OpenAI sought to require Plaintiffs to "list 'any' document related to Plaintiffs' 'harm.'"  ECF 244 at 1–2.  Plaintiffs did not, however, dispute that OpenAI's interrogatory sought relevant information.  *See id.*

While OpenAI's pre-motion letter was pending, the Magistrate Judge issued an order in a related case—*New York Times Co. v. Microsoft Corp.*—denying a separate pre-motion letter from OpenAI.  *See* 344 Order.  The 344 Order denied requests by OpenAI for discovery directed to The New York Times Company's creation and employment of non-OpenAI large language models in its own business in a manner that substantially contradicted its litigation position.  *See generally* Times Objection.  The 344 Order denied those requests entirely on relevance grounds: it held that

---

[2] This interrogatory was served as Interrogatory 5 to the Authors Guild and Interrogatory 6 to the remaining plaintiffs.  ECF 232 at 1.

3

the statutory fair-use factors look solely at "a defendant's purported use," and do not "require[] scrutiny" of a plaintiff's own business decisions and operations. *See* 344 Order at 2–3 (emphasis omitted). The Order did, however, acknowledge that fair use depends at least in part on a plaintiff's "loss of revenue." *See id.* at 4 (quoting *Google LLC v. Oracle Am., Inc.*, 593 U.S. 1, 35 (2021)). At no point did the 344 Order suggest that documents regarding the harm Plaintiffs allege to have suffered are irrelevant. OpenAI filed a Rule 72 objection to that Order in this Court on December 6, 2024. *See* Times Objection.

Shortly after the court issued the 344 Order, it issued a series of minute orders in the *New York Times* case denying other pre-motion letters filed by OpenAI and Microsoft "for the reasons stated in [the 344 Order]." *See* Orders *in New York Times Co. v. Microsoft Corp.*, No. 1:23-cv-11195, ECF 351, 352, 353, 354, 355 (S.D.N.Y. Dec. 2, 2024). The following day, the court issued two orders in this case that likewise denied pending pre-motion letters "for the reasons identified in [the 344 Order]." ECF 289, 290.

The second of those orders—the OpenAI AG Order—denied OpenAI's pre-motion letter seeking to compel the identification of documents in response to OpenAI's harm-related interrogatory for two reasons. *See* ECF No 232 (OpenAI pre-motion letter); ECF 290 (OpenAI AG Order). First, it stated that the relevant "discovery dispute relates to Defendants' fair use defense and is *denied for the reasons identified in ECF 344* in the related Newspaper Cases." ECF 290 (emphasis added). Second, the court stated that the request was "premature" and that OpenAI "may renew [its] motion after reviewing the produced documents and meeting and conferring with their adversaries, but would need to explain why and how they still need identification of documents after they have reviewed the documents themselves." *Id*.

III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), a district court "must" "modify or set aside"

4

any part of a magistrate judge's non-dispositive order "that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A magistrate judge's order is "contrary to law" if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Coventry Capital US LLC v. EEA Life Settlements Inc.*, 333 F.R.D. 60, 64 (S.D.N.Y. 2019) (quoting *R.F.M.A.S., Inc. v. So*, 748 F. Supp. 2d 244, 248 (S.D.N.Y. 2010)). A magistrate judge's order is "clearly erroneous" "if the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *R.F.M.A.S., Inc.*, 748 F. Supp. 2d at 248).

## IV.   ARGUMENT

The OpenAI AG Order—by relying on the 344 Order to deny the requested relief—is contrary to law. As OpenAI explained at length in OpenAI's December 6, 2024 Times Objection, the 344 Order misapprehends the fair use inquiry and the scope of relevant discovery in multiple respects. *See* Times Objection. Those errors alone require that the OpenAI AG Order be set aside.

The OpenAI AG Order is also clearly erroneous. The court denied OpenAI's pre-motion letter on the basis that "[t]he discovery dispute relates to Defendants' fair use defense and is denied for the reasons identified in ECF 344 in the Newspaper Cases." ECF 290. None of the reasons identified in the 344 Order, however, apply to the interrogatory at issue here. The 344 Order addresses the relevance of discovery regarding a plaintiff's *conduct*. 344 Order at 2–3. It says nothing about why information relating to the *harm* that a plaintiff alleges to have suffered is irrelevant. In fact, the 344 Order suggests the opposite: it acknowledges that fair use requires a "nuanced view of [] market effects" that necessarily includes information regarding "loss to the copyright owner." *Id.* at 4. That is precisely what the interrogatory at issue here targets— information that is directly relevant to OpenAI's fair use defense. *See, e.g.*, ECF 232-1 at 7 (Interrogatory 6). Plaintiffs seemingly recognize as much, as they did not contend that the

5

interrogatory seeks irrelevant information. *See* ECF 244. Regardless of the merits of the 344 Order and OpenAI's objections to the same, *see* Times Objection, the reasons stated in that Order do not provide a legal basis to deny OpenAI's request for a Rule 33(d)-compliant response to the interrogatory at issue here. *See U.S., Dep't of Interior v. 16.03 Acres of Land, More or Less, Located in Rutland Cnty., Vt.*, 26 F.3d 349, 358 (2d Cir. 1994) (holding that "the district court's findings are clearly erroneous because they depend[ed] upon a misapplication" of governing law and rested "upon evidence that is irrelevant in [such] actions"). The court's conclusion to the contrary was thus clearly erroneous and should be "set aside." Fed. R. Civ. P. 72(a).

## V.   CONCLUSION

For the foregoing reasons, the OpenAI Defendants respectfully request that this Court set aside the OpenAI AG Order and direct Plaintiffs to provide the discovery at issue.

Dated: December 23, 2024

Respectfully submitted,

By: /s/ *Elana Nightingale Dawson*

**LATHAM & WATKINS LLP**
Andrew M. Gass (*pro hac vice*)
 andrew.gass@lw.com
Joseph R. Wetzel
 joseph.wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600
Sarang V. Damle
 sy.damle@lw.com
Michael A. David
 michael.david@lw.com
Elana Nightingale Dawson (*pro hac vice*)
 elana.nightingaledawson@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200
Allison L. Stillman
 alli.stillman@lw.com
Rachel R. Blitzer

  *rachel.blitzer@lw.com*
Herman H. Yue
 *herman.yue@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.751.4864

By: /s/ *John R. Lanham*

**MORRISON & FOERSTER LLP**
 Joseph C. Gratz (*pro hac vice*)
  *jgratz@mofo.com*
 Vera Ranieri (*pro hac vice*)
  *vranieri@mofo.com*
 Andrew L. Perito (*pro hac vice*)
  *aperito@mofo.com*
 Tiffany Cheung (*pro hac vice*)
  *tcheung@mofo.com*
 425 Market Street
 San Francisco, CA 94105
 Telephone: 415.268.7000
 Carolyn M. Homer
  *cmhomer@mofo.com*
 2100 L Street, NW, Suite 900
 Washington, DC 20037
 Telephone: 202.650.4597

 Eric K. Nikolaides
  *enikolaides@mofo.com*
 Emily Wood
  *ewood@mofo.com*
 250 West 55th Street
 New York, NY 10019
 Telephone: 212.336.4123

 Rose S. Lee (*pro hac vice*)
  *roselee@mofo.com*
 707 Wilshire Boulevard, Suite 6000
 Los Angeles, CA 90017-3543
 Telephone: 213.892.5200

 John R. Lanham (*pro hac vice*)*
  *jlanham@mofo.com*
 12531 High Bluff Drive
 San Diego, CA 92130-2040
 Telephone: 858.720.5100

7

By: /s/ *Andrew F. Dawson*

**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (*pro hac vice*)
  *rvannest@keker.com*
Paven Malhotra
  *pmalhotra@keker.com*
Michelle S. Ybarra (*pro hac vice*)
  *mybarra@keker.com*
Nicholas S. Goldberg (*pro hac vice*)
  *ngoldberg@keker.com*
Thomas E. Gorman (*pro hac vice*)
  *tgorman@keker.com*
Katie Lynn Joyce (*pro hac vice*)
  *kjoyce@keker.com*
Christopher S. Sun (*pro hac vice*)
  *csun@keker.com*
R. James Slaughter (*pro hac vice*)
  *rslaughter@keker.com*
Edward A. Bayley (*pro hac vice*)
  *ebayley@keker.com*
Andrew F. Dawson (*pro hac vice*)*
  *adawson@keker.com*
Andrew S. Bruns (*pro hac vice*)
  *abruns@keker.com*
Edward A. Bayley (pro hac vice)
  *ebayley@keker.com*
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415.391.5400

*Attorneys for OpenAI*

*All parties whose electronic signatures are included herein have consented to the filing of this document in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.