

January 16, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

cc:     All Counsel of Record Line (via ECF)

Re:    *Authors Guild v. OpenAI Inc.*, Case No. 1:23-cv-08292-SHS
         *Alter v. OpenAI Inc.*, Case No. 1:23-cv-10211-SHS
         Resp. to Pls' Ltr. Brief re: Depo Length [ECF No. 308]

Dear Judge Wang:

This dispute is narrow. Contrary to what Plaintiffs' motion suggests, OpenAI *agrees* that the length of *all* custodial 30(b)(6) depositions should be limited to three hours. Indeed, it was OpenAI that first proposed that three-hour time limit. Ex. 1 at 1; ECF 253 at 4. The parties' sole disagreement concerns whether the custodial deposition of the Authors Guild witness should be subject to a different time limit than the limit that applies to *every other* custodial 30(b)(6) deposition, including those of the New York Times, Daily News, and CIR witnesses. Because that special treatment is unwarranted, the Court should deny Plaintiffs' request and order that *all* custodial depositions are subject to a three-hour cap.

At the outset, Plaintiffs' motion is premised on an inaccurate recitation of the parties' conferrals to date. OpenAI and the Authors Guild have not been negotiating about custodial depositions in a vacuum. For weeks, the parties in both the Class and News Cases have been conferring about reasonable limits that would apply to *all* of the custodial depositions for *all* of the parties putting up witnesses. As part of those discussions, OpenAI originally "proposed that each custodial 30(b)(6) deposition be capped at 3 hours of on-record time," and later, in an attempt to resolve the parties' dispute, "suggested that *all parties* compromise and agree that each custodial deposition be subject to a cap of 5 hours of on-record time." Ex. 1 at 1 (emphasis added). At no point during any of these discussions did any party—Plaintiff or Defendant—suggest that different time limits should apply to different witnesses. Following these conversations, and during a later meet and confer the day before Plaintiffs filed their motion, Authors Guild suggested, for the first time, that the deposition of its 30(b)(6) witness should be subject to a different and lower time limit. No other Plaintiff—not the New York Times, not the Daily News Plaintiffs, and not CIR—has made a similar demand.

2852621

Hon. Ona T. Wang
January 16, 2025
Page 2

Put simply, there is no reason to treat the Authors Guild differently than every other party. Plaintiffs assert that the deposition of the Authors Guild witness will take less time, but present no explanation showing, or evidence supporting, that assertion. It would be premature and inequitable to impose, *ex ante*, a more restrictive time limit than would apply to every other party's witness. If the issues turn out to be as simple as Plaintiffs suggest, the deposition will simply conclude early. Plaintiffs further contend that OpenAI has not "justified the need for the deposition" because "[t]here are no live disputes" that the deposition will address. ECF 308 at 2. Not only is this incorrect, but Plaintiffs have already agreed "to make Authors Guild available for a custodial [deposition] notwithstanding the absence of disputes" because doing so will likely "help[] with discovery." 12/3/24 Hr'g Tr. at 68: 8-11. So, no justification or "live dispute" is necessary. Finally, the Court's denial of Plaintiffs request to compel Microsoft to designate a custodial witness also does not support giving the Authors Guild's witness special treatment. That denial was premised on Plaintiffs' concession that there was not a ripe dispute with Microsoft. *See id*. at 68:23-69:21. By contrast, here, OpenAI has several significant concerns about the Authors Guild's meager document productions to date, which a custodial deposition will help resolve. This includes, but is not limited to, missing agreements, licenses, sales and revenue data, and market-related evidence.

Nor have Plaintiffs identified any reason to permit more than three hours for any custodial deposition. Plaintiffs assert that they need more time with OpenAI's witness because they will be sharing time with counsel in the other cases. But, presumably, Plaintiffs' counsel will proceed efficiently and refrain from asking duplicative questions. So it is unclear why more time is necessary. Plaintiffs also assert they need more time with OpenAI's witness because OpenAI has "complex repositories of data" but, again, never describe why. ECF 308 at 2. As Plaintiffs concede, these custodial depositions should be straightforward affairs "addressing the location and preservation of documents," *id*. at 1, and Plaintiffs have committed to "not using [the deposition] to get substantive discovery," 12/3/24 Hr'g Tr. at 69:69:4-5. That being the case, three hours should be more than enough.

Plaintiffs present no legitimate reason for carving out a special rule for the Authors Guild's custodial witness. Accordingly, the Court should deny Plaintiffs' motion and enter an order limiting *all* custodial 30(b)(6) depositions to three hours.

Respectfully,

| KEKER, VAN NEST & PETERS LLP[1] | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Christopher Sun*<br>Christopher Sun | */s/ Herman H. Yue*<br>Herman H. Yue | */s/ John Lanham*<br>John Lanham |

---

[1] All parties whose electronic signatures are included herein have consented to the filing of this document.

2852621