# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, *et al.*, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>          v.<br><br>OPENAI INC., *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-08292-SHS (OTW)<br><br>**CLASS PLAINTIFFS' RESPONSE TO OPENAI'S OBJECTION TO NONDISPOSITIVE ORDER DKT. 290 PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(a)** |
| JONATHAN ALTER, *et al.*, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>          v.<br><br>OPENAI, INC., *et al.*,<br><br>    Defendants. | |

3157057.7

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND .................................................................... 2

LEGAL STANDARD ........................................................................................................................ 4

ARGUMENT ....................................................................................................................................... 4

I.    OPENAI FAILED TO OBJECT TO ALL PARTS OF THE AG ORDER ........................ 4

II.   THE AG ORDER CORRECTLY HELD THAT PLAINTIFFS SHOULD NOT BE COMPELLED TO IDENTIFY DOCUMENTS IN RESPONSE TO THE INTERROGATORIES ................................................................................................................ 5

III.  THE CORRECTLY-DECIDED 344 ORDER IS DISPOSITIVE OF THE DISCOVERY DISPUTE UNDERLYING THE AG ORDER .......................................... 7

CONCLUSION ................................................................................................................................... 8

## **TABLE OF AUTHORITIES**

Page

**Cases**

*Convolve, Inc. v. Compaq Computer Corp.*,
    223 F.R.D. 162 (S.D.N.Y. 2004) ........................................................................................5

*David v. Weinstein Co. LLC*,
    No. 18-CV-5414 (RA), 2020 WL 4042773 (S.D.N.Y. July 17, 2020) ...................................5

*In re Facebook, Inc.*,
    No. MDL 12-2389, 2016 WL 5080152 (S.D.N.Y. July 7, 2016) ..............................................7

*Phillies v. Harrison/Erickson, Inc.*,
    2020 WL 6482882 (S.D.N.Y. Nov. 4, 2020) ........................................................................7

*R.F.M.A.S., Inc. v. So*,
    748 F. Supp. 2d 244 (S.D.N.Y. 2010) ...................................................................................4

**Court Rules**

Fed. R. Civ. P. 26(b)(1) ...................................................................................................................6

Fed. R. Civ. P. 72(a) .......................................................................................................................5

**INTRODUCTION**

OpenAI fails to carry its heavy burden of showing that the order at issue (Dkt. 290) (the "AG Order") is clearly erroneous or contrary to law. The AG Order relates to OpenAI's request to compel responses to contention interrogatories about harm and damages long before "other discovery" has "conclu[ded]," as is required by SDNY Local Rule 33.3.

*First,* OpenAI effectively concedes this issue is not yet ripe, stating it will revisit the interrogatories at issue later on. *See* Dkt. 301 at 1. OpenAI also does not object to the AG Order to the extent it ruled that OpenAI may only renew its motion "after reviewing the produced documents and meeting and conferring with their adversaries," Dkt. 290, and only upon explanation "why and how they still need identification of documents after they have reviewed the documents themselves." *Id*. This directly undermines OpenAI's request to set aside the AG Order and is reason enough to deny the Objection, as there can be no doubt that the interrogatories at issue are premature under SDNY Local Rule 33.3.

*Second,* the Court's robust and extensive reasoning in the Order entered in the related New York Times Case, Case No. 23-cv-11195, Dkt. 344 (the "344 Order") should govern here, and Plaintiffs incorporate by reference the opposition to OpenAI's objection to the 344 Order concurrently filed in that case. *See* Opposition to NYT Dkt. 363.[1] Both the 344 Order and the letter-motion underlying the AG Order pertain to OpenAI's fair use defense, in particular, the fourth fair use factor focusing on market harm.[2] The 344 Order informs the scope of relevant

---

[1] "NYT Dkt." refers to the Docket in the New York Times Case (23-cv-11195).
[2] The discovery requests in the New York Times Case underlying the 344 Order pertained to the Times's use of other Generative AI tools, the creation and use of its own Generative AI products; and the Times's position regarding Generative AI. *See* 344 Order at 1. The 344 Order ruled that those requests were irrelevant to the issue of fair use.

discovery under that factor and is thus directly applicable here. The AG Order should therefore be upheld.

## FACTUAL AND PROCEDURAL BACKGROUND

OpenAI's letter-motion (Dkt. 232) pertained to the following Interrogatories:

> "Identify documents reflecting any information you have received regarding harm You have suffered as a result of the alleged use of Your Asserted Works by OpenAI to train ChatGPT, including but not limited to (i) any information You have received about third parties using outputs from GPT Services as an alternative to purchasing or obtaining a licensed copy of Your Asserted Works, and (ii) any information You have received about any impact by the availability of GPT Services on licensing royalties or other revenues generated in connection with Your Asserted Works."
> (No. 5 to Authors Guild; No. 6 to remaining Plaintiffs).

Plaintiffs[3] objected on numerous grounds, including that the Interrogatories exceeded the scope of SDNY Local Rule 33, were premature, required expert input, were overly burdensome and overbroad and that a majority of the documents responsive to the Interrogatories are in the possession of OpenAI. *See* Dkt. 244 at 1-2. Plaintiffs also objected to the Interrogatories "to the extent [they] seek information *not relevant* to the claims and defenses in this case …" Dkt. 244-1 at 6 (emphasis added).[4]

The letter-motion sought the narrow relief that Plaintiffs identify documents by bates numbers in response to the Interrogatories. *See* Dkt. 232. OpenAI argued that the Interrogatories were relevant to both damages and OpenAI's fair use defense, specifically the fourth fair use factor that considers market harm. *Id.* at 2 ("whether there has been any 'harm to the market' for

---

[3] "Plaintiffs" refers to Class Plaintiffs in the above captioned case. Plaintiffs have filed a pending motion for voluntary dismissal of Maya Shanbhag Lang, one of the 30 plaintiffs (Dkt. 173, July 4, 2024).
[4] This belies OpenAI's statement that "Plaintiffs did not … dispute that OpenAI's interrogatory sought relevant information." Dkt. 301 at 3. Plaintiffs never conceded relevance. And indeed, the 344 Order is pertinent because it sets crucial limitations to the scope of relevant discovery relating to the fair use defense. *See infra*.

Plaintiffs' works during the relevant time period, as Plaintiffs allege, and the cause of any such harm goes directly to the question of fair use–a central issue in this case.").

As Plaintiffs pointed out in their response, the letter-motion disregarded most of Plaintiffs' objections to the Interrogatories. *See* Dkt. 244 at 1. For one, the letter-motion ignored pertinent authority from this District according to which Plaintiffs do not have to provide an exhaustive and continuously-updated list of all documents relating to harm in response to overbroad contention interrogatories. *See* Dkt. 244. OpenAI also failed to properly oppose the Local Rule 33 objection and only cited distinguishable case law relating to computation interrogatories. *Id*. at 1-2.

Judge Wang agreed that Plaintiffs should not be compelled to identify documents in response to the Interrogatories and denied the letter-motion for two reasons:

> (1) "The discovery dispute relates to Defendants' fair use defense and is denied for the reasons identified in ECF 344 in the related Newspaper Cases (23-cv-11195)." Dkt. 290.
>
> (2) "Additionally, the request is denied as premature . . . The parties should be guided by the scope of agreed-upon document production that the Plaintiffs in these cases and the Newspaper Cases have been and will be producing. If Defendants still seek identification of documents produced, they may renew this motion after reviewing the produced documents and meeting and conferring with their adversaries, but would need to explain why and how they still need identification of documents after they have reviewed the documents themselves." *Id*.

OpenAI's Objection followed, seeking to set aside the AG Order in its entirety. *See* Dkt. 301 at 6 ("For the foregoing reasons, the OpenAI Defendants respectfully request that this Court set aside the OpenAI AG Order and direct Plaintiffs to provide the discovery at issue."). OpenAI does not object to the part of the Order that denied the letter-motion as premature, and agreed to the procedure set forth in the AG Order that OpenAI may only renew its motion after (1) reviewing Plaintiffs' document production, (2) meeting and conferring with Plaintiffs, and

-3-

(3) explaining why they still need identification of responsive documents. *Id*. at 1 ("While OpenAI plans to follow the court's guidance and revisit this important discovery at a later stage of the case, the court's separate reliance on the 344 Order is itself clearly erroneous and contrary to law, thus necessitating this objection."). OpenAI's objections only pertain to the 344 Order and are two-fold: (1) The NYT 344 Order is contrary to law; and (2) the 344 Order is not dispositive of the dispute underlying the AG Order. Specifically, OpenAI contends that "the 344 Order is entirely inapposite to the relief OpenAI sought [in Dkt. 232]" since the "344 Order says nothing about the propriety of OpenAI's interrogatory about the harm Plaintiffs claim to have suffered—the subject matter of OpenAI's pre-motion letter." *Id*. 1-2. These objections have no merit.

## LEGAL STANDARD

"In evaluating a magistrate judge's findings regarding non-dispositive issues such as pre-trial disputes, a district court may modify or set aside a determination only if it is found to be clearly erroneous or contrary to law. A finding is "clearly erroneous" if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *R.F.M.A.S., Inc. v. So*, 748 F. Supp. 2d 244, 248 (S.D.N.Y. 2010). "A magistrate judge's determinations on discovery matters are entitled to substantial deference." *Id*. "The party seeking to overturn a magistrate judge's decision thus carries *a heavy burden*." *Id*. (emphasis added).

## ARGUMENT

### I.   OPENAI FAILED TO OBJECT TO ALL PARTS OF THE AG ORDER

OpenAI failed to object to the part of the AG Order that denied the letter-motion as premature by accepting Judge Wang's ruling that OpenAI may only renew the motion after reviewing Plaintiffs' documents, meeting and conferring with Plaintiffs, and explaining why they still need Plaintiffs to identify documents in response to the Interrogatories. *See supra*, Dkt. 301

-4-

at 1. OpenAI therefore waived its right to object to that part of the AG Order. *See David v. Weinstein Co. LLC*, No. 18-CV-5414 (RA), 2020 WL 4042773, at *4 (S.D.N.Y. July 17, 2020) ("[T]he Second Circuit and courts within this Circuit have routinely held that failure to file objections to a magistrate judge's order in a timely manner operates as a waiver of such objections.") (collecting cases), *see also* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."). The part of the AG Order that OpenAI did not object to thus stands and is not subject to the review of the District Judge. This alone is sufficient to deny the Objection.

## II. THE AG ORDER CORRECTLY HELD THAT PLAINTIFFS SHOULD NOT BE COMPELLED TO IDENTIFY DOCUMENTS IN RESPONSE TO THE INTERROGATORIES

Plaintiffs' response to the letter-motion (Dkt. 244) provides additional reasons supporting Judge Wang's ruling that Plaintiffs should not be compelled to identify documents in response to the Interrogatories. As explained in Dkt. 244, the Interrogatories clearly exceed the scope of Local Rule 33.3(a) and 33.3(c) and are thus premature. *See* Dkt. 244 at 1-2. The Interrogatories are also unduly burdensome in that they seek an exhaustive listing of all material relating to harm. *Id*. at 2. Courts in this District have held that similar contention interrogatories of such breadth are inappropriate and limited the obligations of the responding party to "determine the categories of damages sought, the methodologies for calculating them, and the *general types of evidence* on which the calculations are ultimately grounded." *Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D. 162, 173 (S.D.N.Y. 2004) (holding that plaintiff did not have to identify documents) (emphasis added); *see also* Dkt. 244 at 2. This confirms that Judge Wang was correct in denying OpenAI's request to force Plaintiffs to identify every single document relating to harm, particularly when other discovery is far from being completed.

The AG Order correctly recognizes that OpenAI's request would unduly burden Plaintiffs in two respects:

*First*, as stated above, the AG Order holds that OpenAI may only renew its motion "*after* reviewing the produced documents and meeting and conferring with their adversaries," Dkt. 290 (emphasis added), and only after explaining "why and how they still need identification of documents after they have reviewed the documents themselves." *Id*.

*Two*, the 344 Order (which is incorporated in the AG Order) explains that the focus under the fair use defense is on defendants' conduct and that a large portion of relevant material would thus come from defendants, including OpenAI.[5] *See* 344 Order at 2 ("Each of the[] [fair use] factors requires scrutiny of a <u>defendant's</u> purported use of the copyrighted work(s), and whether that <u>defendant's</u> use may constitute 'fair use' under the Act."); *id* at 4 ("Similarly, discovery concerning the 'public benefits [from] the copying' would be directed to the Defendant . . .").

OpenAI argues that its letter-motion should have been granted because material relating to harm is relevant. But the mere fact that harm may be relevant does not mean that this particular interrogatory—demanding identification of an exhaustive list of documents—is appropriate. Rule 26(b)(1) clearly states that the scope of discovery is not just defined by relevance but also includes considerations such as proportionality, burden, and "the parties' relative access to relevant information . . ." Fed. R. Civ. P. 26(b)(1). Judge Wang correctly weighed all of these factors.

Lastly, OpenAI should not be entitled to contention interrogatories related to its fair use defense, as fair use is an affirmative defense on which OpenAI bears the burden of proof. This

---

[5] Similarly, Plaintiffs argue in their response to the letter-motion that most of what OpenAI seeks to have identified is in OpenAI's possession. *See* Dkt. 244 at 3. Specifically, in the context of damages, harm would be evidenced by the infringement itself, *i.e*., material evidencing the training of LLMs on the Class Works, which is clearly controlled by OpenAI.

District disfavors interrogatories about contentions on issues as to which Defendant bears the burden of proof, such as affirmative defenses. *See In re Facebook, Inc.*, No. MDL 12-2389, 2016 WL 5080152, at *4 (S.D.N.Y. July 7, 2016) (denying motion to compel, holding that "Plaintiffs need not develop contentions as to loss causation, which is an affirmative defense."); *see also Phillies v. Harrison/Erickson, Inc.*, 2020 WL 6482882, at *2 (S.D.N.Y. Nov. 4, 2020).

### III. THE CORRECTLY-DECIDED 344 ORDER IS DISPOSITIVE OF THE DISCOVERY DISPUTE UNDERLYING THE AG ORDER

As set forth at length in the concurrently filed response to OpenAI's objection to the 344 Order in the New York Times Case, the 344 Order has merit and is not contrary to law. *See* Opposition to NYT Dkt. 363.[6]

Moreover, contrary to OpenAI's assertion, the 344 Order is dispositive of the instant dispute. The 344 Order discusses and limits the scope of relevant discovery under the fourth fair use factor. The 344 Order reads in pertinent part:

- "*Google v. Oracle* does not support a modification of the fourth fair use factor to include discovery about Plaintiff's views on or statements about the 'public benefits' of Gen AI in journalism." 344 Order at 4.

- "Discovery regarding the loss to the copyright owner would consist of documents concerning licensing discussions, which the Times has already agreed to produce, (see, supra n. 1), and discovery from Defendant on how its use might 'kill demand for the original.'" *Id*.

- "Similarly, discovery concerning the 'public benefits [from] the copying' would be directed to the Defendant and the public benefits of its copying, not whether

---

[6] Plaintiffs incorporate herein the reasons stated in that opposition.

nonparties' Gen AI tools (which presumably were developed without copying) serve a general public benefit." *Id*.

Thus, while the 344 Order may not explicitly address the Interrogatories, it informs the scope of what OpenAI may seek from Plaintiffs in response to the Interrogatories relating to the issue of harm.[7] As such, it is directly applicable to the instant discovery dispute.

The fact that the discovery requests underlying the 344 Order differ from the Interrogatories does not change this conclusion because the requests in the New York Times Case are also aimed at material relating to harm, both in the context of damages and fair use. Indeed, OpenAI argues at length in its letter-motion underlying the 344 Order why those documents are relevant to plaintiff's harm. *See* NYT Dkt. 232 *passim*.

The above belies OpenAI's assertion that the "344 Order says nothing about the propriety of OpenAI's interrogatory about the harm Plaintiffs claim to have suffered." Dkt. 301 at 2. Judge Wang's application of the lengthy and well-founded reasoning in the 344 Order to the instant dispute was thus not in error.

## CONCLUSION

For the reasons set forth above, OpenAI's Opposition should be denied.

Dated:  January 17, 2025              */s/ Rachel Geman*
                                      Rachel Geman
                                      Wesley Dozier(*pro hac vice*)
                                      Anna Freymann
                                      LIEFF CABRASER HEIMANN &
                                      BERNSTEIN, LLP
                                      250 Hudson Street, 8th Floor
                                      New York, NY  10013-1413

---

[7] With regard to the specific request that Plaintiffs identify documents in response to the Interrogatories, as stated above and in Dkt. 244, Plaintiffs would only have to identify categories of documents, not every single responsive document by bates number.

Telephone: 212.355.9500
rgeman@lchb.com
wdozier@lchb.com
afreymann@lchb.com

Reilly T. Stoler (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
rstoler@lchb.com


*/s/ Justin A. Nelson*
Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: 713-651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: 310-789-3100
rnath@susmangodfrey.com

Charlotte Lepic
J. Craig Smyser
SUSMAN GODFREY L.L.P.
New York, New York 10001
Tel.: 212-336-8330
clepic@susmangodfrey.com
csmyser@susmangodfrey.com

*/s/ Scott Sholder*
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS &
SHEPPARD LLP
60 Broad Street, 30th Floor
New York, New York 10010
Telephone: 212.974.7474
ssholder@cdas.com
ccole@cdas.com

**Interim Co-Lead Class Counsel**

**PROOF OF SERVICE VIA ECF**

On January 17, 2025, I caused to be served the foregoing document on all counsel of record via ECF:

**CLASS PLAINTIFFS' RESPONSE TO OPENAI'S OBJECTION TO NONDISPOSITIVE ORDER DKT. 290 PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(A)**

*/s/ Rachel Geman*
Rachel Geman

3157057.7