UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>OPENAI INC., et al.,<br><br>　　　　Defendants. | **Consolidated:**<br>Case No. 1:23-cv-08292-SHS;<br>Case No. 1:23-cv-10211-SHS<br><br>**CLASS PLAINTIFFS' RESPONSE TO MICROSOFT'S OBJECTION TO DISCOVERY ORDER DKT. 289 PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(a)** |
| THE NEW YORK TIMES COMPANY,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>　　　　Defendants. | **Consolidated:**<br>Case No. 1:23-cv-11195-SHS-OTW<br>Case No. 1:24-cv-03285-SHS-OTW<br>Case No. 1:24-cv-04872-SHS-OTW |

**TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND.................................................................. 2

ARGUMENT ........................................................................................................................ 4

    I.     THE 344 ORDER IS NOT CONTRARY TO LAW ............................................. 4

    II.    JUDGE WANG DID NOT ERR IN NOT CREDITING MICROSOFT'S ARGUMENT RELATING TO ITS NON-INFRINGING USES DEFENSE ................................................................................................................ 4

    III.   THE AG ORDER DID NOT FAIL TO CONSIDER MICROSOFT'S MARKET AND VALUATION RELATED DOCUMENT REQUESTS ............. 6

CONCLUSION..................................................................................................................... 7

3157058.10

## **TABLE OF AUTHORITIES**

Page

**Cases**

*R.F.M.A.S., Inc. v. So*,
    748 F. Supp. 2d 244 (S.D.N.Y. 2010) ........................................................................................4

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
    464 U.S. 417 (1984) ....................................................................................................................5

*Viacom Int'l Inc. v. Youtube Inc.*,
    253 F.R.D. 256 (S.D.N.Y. 2008) ................................................................................................5

3157058.10

## INTRODUCTION

Microsoft seeks to set aside Judge Wang's Order (Dkt. 289) (the "AG Order") refusing to compel production of documents relating to (a) Plaintiffs'[1] own use, if any, of ChatGPT, and (b) documents regarding the valuation of and markets for the works asserted in this litigation (Dkt. 263). *See* Dkt. 299. The AG Order referenced an earlier-entered order issued in the related New York Times case, Case No. 1:23-cv-11195 (the "NYT Case"), likewise holding that documents relating to Plaintiffs' use of Generative AI tools are not relevant to Defendants' fair use defense, and otherwise explicating certain contours of discovery related to the fair use defense. *See* NYT Dkt. 344 at 1 ("344 Order").[2]

Microsoft argues that the underlying 344 Order is contrary to law, and that the AG Order therefore should be set aside. Yet, the 344 Order is well reasoned for all the reasons set forth in the concurrently-filed responses to Microsoft's and OpenAI's Rule 72(a) Objections in the NYT Case: this case is not about Plaintiffs' use of generative AI, if any. *See* Oppositions to NYT Dkt. 363, 369, and 373. Microsoft also claims that the AG Order failed to address Microsoft's market- and valuation-related document requests. *See* Dkt. 299. Not so. As Plaintiffs had demonstrated in the underlying briefing, and as Microsoft explicitly acknowledged, any *ripe* dispute was *resolved prior to the date of the AG Order* with respect to all Author Plaintiffs. *See* Ex. 1 at 1. This is dispositive of Microsoft's objections.

---

[1] "Plaintiffs" refers to Class Plaintiffs in the *Authors Guild* and *Alter* cases, including the Authors Guild and other individually named authors (the "Author Plaintiffs"). Plaintiffs have filed a pending motion for voluntary dismissal of Maya Shanbhag Lang, one of the Author Plaintiffs (Dkt. 173, July 4, 2024).
[2] Microsoft's Objection (Dkt. 299) was also filed in the NYT Case and seeks to set aside several other orders entered in that case that reference the 344 Order (NYT Dkt. 351, 354, 355), as well as the 344 Order "insofar as necessitated by the arguments set forth [in the Objection]." *See* NYT Dkt. 369 at 25. OpenAI also filed a Rule 72 Objection to the 344 Order. *See* NYT Dkt. 363. The instant brief only specifically responds to Microsoft's Objection (Dkt. 299) to the extent it pertains to the AG Order. As to the merits of the 344 Order, this Brief is supplemental to and incorporates the reasons set forth in the concurrently filed responses to Microsoft's and OpenAI's Rule 72(a) Objections in the NYT Case.

## FACTUAL AND PROCEDURAL BACKGROUND

Microsoft sought to compel Plaintiffs (both the Authors Guild and the Author Plaintiffs) to produce two categories of documents based on their purported relevance to the first and/or fourth fair use factors, as well as the defense of substantial non-infringing uses:(1) Documents "reflecting [Plaintiffs'] own usage of ChatGPT," [3] Dkt. 263 at 1 (an issue addressed in the concurrently-filed NYT opposition briefs); and (2) Documents regarding the valuation of the works-in-suit and the markets, including derivative markets. *Id*. at 2-3.

As to the first group of documents, Plaintiffs agreed to produce documents related to ChatGPT, namely "all non-privileged documents in our client's emails that contain the term OpenAI or ChatGPT. Plaintiffs have also produced all ChatGPT outputs cited in the Complaint." Dkt. 274 at 1. However, as Plaintiffs explained in their response, "[c]ompelling Plaintiffs to produce *all* prompts, even those "entirely unrelated to this litigation or the works-in-suit (e.g., asking ChatGPT about the weather) would not be proportional to the needs of the case." *Id*.

Regarding the second group of documents (relating to valuation and markets), Microsoft sought to compel different sets of documents from the Authors Guild and the Author Plaintiffs. *Id.* at 1-2. The parties reached agreement on the dispute as to the Author Plaintiffs, thereby mooting that part of the letter-motion shortly after the motion was filed. *See* Ex. 1 at 1 (December 2, 2024, email from Microsoft's counsel: "We can confirm that this agreement resolves this issue in Microsoft's motion"). Microsoft has not rescinded that agreement, and Plaintiffs have been collecting documents in accordance with that agreement.

---

[3] Specifically, Microsoft sought to compel documents showing "*all* non-privileged prompt attempts." *Id*. at 2.

Regarding the Authors Guild, Microsoft initially complained that the Authors Guild had only agreed to produce documents for Mignon Eberhart.[4] However, as Plaintiffs' response to the letter-motion explained in detail, Microsoft *had only served document requests pertaining to works of Mignon Eberhart. See* Dkt. 274 at 2. Microsoft did not serve requests seeking broader discovery until November 20, 2024, *after* filing the letter-motion. *Id*.; *see also* Dkt. 288 at 3 (Plaintiffs' position: "[T]he Authors Guild in fact has produced documents related to its "Copyrighted Works" as that term was defined by Microsoft itself in the requests it cited, that is, relating to Mignon Eberhart …"). The Authors Guild served its responses to that new (and objectionable for other reasons) set of requests on December 20 – well after the AG Order was issued.

On December 3, 2024, Judge Wang entered the AG Order, denying the letter-motion for the reasons identified in the 344 Order. *See* Dkt. 289. The 344 Order generally addresses the scope of relevant discovery under the fair use factors, with a particular focus on the fourth factor. *Id*. at 2 *et seq*. The Order emphasized that "[e]ach of the[] [fair use] factors requires scrutiny of a <u>defendant's</u> purported use of the copyrighted work(s), and whether that <u>defendant's</u> use may constitute 'fair use' under the Act." *Id*. at 2 (emphasis in original). Judge Wang ruled that OpenAI's document requests relating to the New York Times's use of and position regarding Generative AI tools were irrelevant to OpenAI's fair use defense. *Id*. at 1. The ruling fully addressed the issues of Plaintiffs' use, if any, of ChatGPT (which is the only actual dispute at issue now). To be clear, on December 3 (the date of the AG order), there were *no* pending disputes on the market and valuation requests, and there was thus noting for Judge Wang to

---

[4] The works of Mignon Eberhart are the only copyrighted works at issue in this case that are *owned* by the Authors Guild.

"ignore." Microsoft has misstated or ignored all the relevant background in mischaracterizing Judge Wang's orders.

## ARGUMENT

"In evaluating a magistrate judge's findings regarding non-dispositive issues such as pre-trial disputes, a district court may modify or set aside a determination only if it is found to be 'clearly erroneous or contrary to law.'" A finding is "clearly erroneous" if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *R.F.M.A.S., Inc. v. So*, 748 F. Supp. 2d 244, 248 (S.D.N.Y. 2010). "A magistrate judge's determinations on discovery matters are entitled to substantial deference." *Id*. "The party seeking to overturn a magistrate judge's decision thus carries *a heavy burden*." *Id*. (emphasis added).

Microsoft's arguments fall well short of this heavy burden.

### I.    THE 344 ORDER IS NOT CONTRARY TO LAW

The issue of Plaintiffs' own use of ChatGPT (if any) was raised and resolved in the 344 Order (as Judge Wang recognized in referencing the 344 Order in the AG Order). For the reasons stated in the concurrently-filed oppositions to Microsoft's and OpenAI's Objections in the NYT Case (NYT Dkt. 363, 369, and 373), which Plaintiffs incorporate herein, the 344 Order is not contrary to law and should be upheld. *See* Oppositions to NYT Dkt. 363, 369, and 373.

### II.   JUDGE WANG DID NOT ERR IN NOT CREDITING MICROSOFT′S ARGUMENT RELATING TO ITS NON-INFRINGING USES DEFENSE

To the extent Microsoft argues that the AG Order fails to address Microsoft's substantial non-infringing uses defense, *see* Dkt. 299 at 24, Microsoft ignores Plaintiffs' valid objection that Microsoft's request seeks irrelevant and disproportionate information. *See supra*, Dkt. 274 at 1. Plaintiffs' allegations of contributory infringement are focused on Microsoft's contributions to OpenAI's large-scale infringement—that is, OpenAI's reproductions of copyrighted works in the

acquisition of training material and the use of that material to train its LLMs. Neither Microsoft's original letter-motion nor its Objection cite pertinent legal authority to support its request to compel documents beyond those Plaintiffs already agreed to produce.

Microsoft's reliance on *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 442 (1984), *see* Dkt. 299 at 24, is misplaced. *Sony* addressed when a defendant can be contributorily liable for the infringing acts of end-users when the theory of contributory liability is "predicated entirely on the sale of an article of commerce that is used" by an end-user to infringe. *Sony*, 464 U.S. at 440. There, copyright owners sought to hold Sony liable for the infringing acts of consumers, who used the Sony Betamax to make illegal reproductions of copyrighted works. The substantial non-infringing uses of the Betamax technology were relevant because the sole theory of liability in that case was that Sony had placed the Betamax into the stream of commerce knowing that some consumers would use it to infringe.

But this case doesn't involve any similar stream-of-commerce theory. Plaintiffs do not seek to hold Microsoft liable for the infringing acts of *end users* of ChatGPT. Instead, Plaintiffs allege that Microsoft is liable for the acts of *OpenAI*—namely, that Microsoft knowingly helped OpenAI commit mass copyright infringement in training its LLMs. Whether or not there are substantial non-fringing uses of ChatGPT is therefore entirely irrelevant to this case, and thus Plaintiffs' own use of ChatGPT is equally irrelevant.

Nor does *Viacom Int'l Inc. v. Youtube Inc.*, 253 F.R.D. 256, 261-62 (S.D.N.Y. 2008) move the needle for largely the same reasons. In that case, copyright owners sought to hold YouTube and Google liable for the infringing uploads of end users. Again, the acts of the end users of YouTube were relevant in that case because the theory of infringement was based on the infringing acts of end users, unlike here.

### III. THE AG ORDER DID NOT FAIL TO CONSIDER MICROSOFT'S MARKET AND VALUATION RELATED DOCUMENT REQUESTS

Microsoft's claim that the AG Order failed to consider Microsoft's market and valuation-related discovery requests misstates the record. As stated above, the dispute raised in Microsoft's letter-motion concerning those requests was either not ripe when Microsoft filed the letter-motion (as to the Authors Guild) or was mooted shortly after the filing of the letter-motion (as to the Author Plaintiffs). *See supra*. Microsoft did not renew the motion after serving the new (and broader) set of document requests to the Authors Guild on November 20, 2024—and in fact could not have renewed the same motion in the literal sense, given the requests were distinct. *See supra*. Plaintiffs' responses to the new requests, which raise a number of objections, are not in dispute now, and were certainly not in dispute at the time the AG Order was issued. Microsoft fails to acknowledge any of this in its Objection. *See supra*.

Finally, the 344 Order informs the scope of relevant discovery under the fourth fair use factor and, thus, will be instructive should disputes involving market- and valuation-related discovery requests become ripe in the future. Indeed, the 344 Order instructs that "[d]iscovery regarding the loss to the copyright owner would consist of documents concerning licensing discussions, which the Times has already agreed to produce, . . . and discovery from Defendant on how its use might 'kill demand for the original.'" 344 Order at 4. It further held that, "discovery concerning the 'public benefits [from] the copying' would be directed to the Defendant and the public benefits of its copying, not whether nonparties' Gen AI tools (which presumably were developed without copying) serve a general public benefit." *Id*. These statements belie Microsoft's assertion that Microsoft's requests relating to markets and valuation are not "even squarely addressed in ECF 344." Dkt. 299 at 11.

## CONCLUSION

For the reasons set forth above, Microsoft's Objection should be denied.

Dated:  January 17, 2025

/s/ Rachel Geman
Rachel Geman
Wesley Dozier(*pro hac vice*)
Anna Freymann
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
rgeman@lchb.com
wdozier@lchb.com
afreymann@lchb.com

Reilly T. Stoler (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
rstoler@lchb.com

/s/ Rohit Nath
Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: 713-651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: 310-789-3100
rnath@susmangodfrey.com

Charlotte Lepic
J. Craig Smyser
SUSMAN GODFREY L.L.P.
New York, New York 10001
Tel.: 212-336-8330
clepic@susmangodfrey.com
csmyser@susmangodfrey.com

/s/ Scott Sholder

3157058.10

Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS &
SHEPPARD LLP
60 Broad Street, 30th Floor
New York, New York 10010
Telephone: 212.974.7474
ssholder@cdas.com
ccole@cdas.com

*Interim Co-Lead Class Counsel*

**PROOF OF SERVICE VIA ECF**

On January 17, 2025, I caused to be served the foregoing document on all counsel of record via ECF:

**CLASS PLAINTIFFS' RESPONSE TO MICROSOFT'S OBJECTIONS TO DISCOVERY ORDER DKT 289 PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(a)**

*/s/ Rachel Geman*
Rachel Geman

3157058.10