# EXHIBIT 10

| | |
|---|---|
| **From:** | Scheibel, Elizabeth M.C. |
| **To:** | Freymann, Anna J.; "Alter-AI-TT@simplelists.susmangodfrey.com" |
| **Cc:** | #Microsoft.NYClassAction.FDBR; "nyclassactions_microsoft_ohs@orrick.com" |
| **Subject:** | [EXT] AG v. OAI (S.D.N.Y.) - Plaintiffs" 2/14 letter, Microsoft"s 3/5 letter |
| **Date:** | Friday, March 14, 2025 11:05:29 PM |

Counsel-

I have updated the subject line here to better reflect the contents of this email thread. We will respond to your most recent email (sent yesterday in the same thread as the below emails) separately, as it addresses new issues from those here. The "first," "second," etc. labelling below corresponds to your March 10 email.

First, we are working on a separate response regarding RFP Nos. 62, 63, 65, which each involve complicated financial questions. We anticipate providing a substantive response with respect to each of Plaintiffs' questions regarding these requests next week.

Second, you have separately received Microsoft's response to Plaintiffs' search terms.

Third, on custodians for Plaintiffs' RFP No. 46, we are searching and collecting documents from the following custodians, who handled the negotiations for the agreements that are responsive:

Shabnam Abedi
Kathy Henwood
Geraldine Russell
Erasmo Montalván
Devna Shukla

These custodians are being added solely for the purpose of producing documents responsive to RFP No. 46; accordingly, we are running search terms that correspond to the parties to the agreements identified in Microsoft's supplemental response to Interrogatory No. 5.

Fourth, we do not appreciate your statement that Microsoft attempted to "circumvent" its obligation to supplement its responses, which there is no basis for, but in any event, you received the supplemental response earlier this week, on March 12. As for producing the agreements themselves, as you know and as stated in our letter, Microsoft requested a modification to the protective order two months ago that would allow us to proceed with production. We understand that the parties are now in agreement about adding a HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY designation to the protective order and are meanwhile working on other modifications to address other issues. If Microsoft produces these documents before these modifications have been submitted to and ordered by the Court, can Plaintiffs' counsel confirm that documents designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY will be treated as such?

Fifth and finally, regarding Plaintiffs' data inspection request, the additional documents Plaintiffs identify still do not indicate that any of the purported data referenced was actually used to train a relevant model, and in any event Plaintiffs' apparent interpretation of these documents is contrary

to documents produced by Microsoft in this case. *See, e.g.*, MSFT_AICPY_000225001; MSFT_AICPY_000552197. Plaintiffs are not entitled to information about data that was not actually used to train a relevant model; nonetheless, Microsoft has not excluded from its productions information about text data sharing between Microsoft and OpenAI, as shown by the documents Plaintiffs have been referencing. But an inspection of data that was not used for training a relevant model is not within the appropriate scope of discovery.

Thank you,
Liz

**Elizabeth M.C. Scheibel**
Associate
Pronouns: she/her/hers
elizabeth.scheibel@faegredrinker.com
Connect: vCard / LinkedIn

+1 612 766 7628 direct

**Faegre Drinker Biddle & Reath LLP**
2200 Wells Fargo Center, 90 South Seventh Street
Minneapolis, Minnesota 55402, USA

---

**From:** Freymann, Anna J. <afreymann@lchb.com>
**Sent:** Monday, March 10, 2025 1:27 PM
**To:** Briant, Jared B. <jared.briant@faegredrinker.com>; #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>; 'nyclassactions_microsoft_ohs@orrick.com' <nyclassactions_microsoft_ohs@orrick.com>
**Cc:** 'Alter-AI-TT@simplelists.susmangodfrey.com' <Alter-AI-TT@simplelists.susmangodfrey.com>
**Subject:** RE: [EXT] AG v. OAI - Plaintiffs' request to Microsoft for additional search terms & custodians

---

**This Message originated outside your organization.**

---

Counsel:

We reviewed your March 5 letter. Even though you have had our letter since February 4 and our conferral took place over two weeks ago, you still have not provided answers to several outstanding issues. To avoid further delay, please provide responses by the dates indicated below.

*First*, you did not respond to our questions regarding RFP No. 62, 63 & 65. **No later than March 14**, please provide Microsoft's final position on RFP Nos. 62, 63 and 65 and clearly state what Microsoft is willing to produce and withholding as required by Rule 34. Your answer should address the following issues raised in our previous correspondence:

- Whether Microsoft will produce documents responsive to RFP Nos. 62, 63 and 65 relating to GitHub, and if not, MSFT's rationale for withholding those documents. *See* my Feb. 21

- email. GitHub is powered by GPT-3 and thus clearly falls within the scope of the complaint. *See, e.g.,* MSFT_AICPY_000101074 ("GitHub Copilot is powered by GPT-3 …"). Moreover, Microsoft's documents show that GitHub Copilot is part of Microsoft's strategy to commercialize OpenAI's LLMs. *See, e.g.,* MSFT_AICPY_000000972 (slide 9).
- Whether Microsoft will produce documents responsive to RFP Nos. 62, 63 and 65 relating to models other than GPT-3 and GPT-3.5. *See* my Feb. 19 and March 4 emails.
- Whether you will limit your production of documents responsive to RFP Nos. 62, 63 and 65 to products whose pricing is specifically tied to the product's GPT LLM capability. As previously noted, Microsoft's own documents show that such limitation would be improper. *See, e.g.,* MSFT_AICPY_000000972 (slide 2); MSFT_AICPY_000002710 (slide 5: "AI Infused Products Indirect Revenue" listing Office, LinkedIn, GitHub Co-pilot and further stating: "AI indirect revenue attributed to increase users/monetization"); MSFT_AICPY_000216137 (pp. 2, 32 et seq.). *See also* my Feb. 19 email.

**Second**, please provide hit counts for the following terms **no later than March 14**:
- ("OpenAI" OR "OAI") AND NEAR(10) Reddit
- (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND NEAR(10) agent*
- (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND NEAR(10) authori*
- (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND NEAR(10) control*
- (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND NEAR(10) direct*
- (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND NEAR(10) GPU*
- (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND NEAR(10) manag*
- (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND NEAR(10) overs*
- (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND NEAR(10) partner*

**Third**, we asked to add Geraldine Russell and Matt Dahlin as custodians in our February 4 letter. You asked us to hold these requests in abeyance while Microsoft investigated whether there were other custodians for the licensing topics. Yet, your letter only mentions Ms. Russell and fails to identify alternative licensing custodians. This delay is unacceptable. Setting aside Plaintiffs' request for custodians with knowledge of Microsoft's licenses and licensing negotiations, Microsoft has an independent obligation to identify custodians with relevant knowledge. Dkt. 201 at 2 ("The Producing Party will conduct a reasonable investigation to identify custodians and use search terms reasonably calculated to identify responsive materials consistent with the parties' discovery obligations pursuant to the Federal Rules of Civil Procedure."). Microsoft's delay in even identifying custodians with knowledge of licensing (let alone producing responsive documents about licensing and licensing negotiations) is inexcusable. **No later than March 14**, tell us whether Microsoft will agree to add Mr. Dahlin as a custodian or explain the basis for Microsoft's refusal to add him. Please also identify additional relevant custodians.

**Fourth**, your justification for Microsoft' failure to update its response to Interrogatory No. 5 is not well taken. We are not aware of any authority allowing Microsoft to circumvent its obligation to update its Interrogatory responses for more than six months to appease third parties. As you are well aware, Microsoft can designate its supplemental responses as AEO. We are also willing to agree not to share with the AG's counsel while we resolve the protective order language. At a minimum, Microsoft should immediately supplement its response to identify the relevant information for

Harper Collins and all other publicly reported licensing negotiations. We expect Microsoft to supplement its response to Interrogatory No. 5 **no later than March 14.**

**Finally,** as to Plaintiffs' data inspection request, we disagree that the document we provided to support our data inspection request does not relate to training data used for the relevant models. Notwithstanding, we have identified additional documents predating 2023 to provide further context for the request. Those documents are: MSFT_AICPY_000003514 (from 2019 "Statement of Work #1 – Bing Index Data"); MSFT_AICPY_000340737 (from 2020 "RE: Bing corpus – feedback"); MSFT_AICPY_000169741 (from 2021 "Access to the Bing dataset is urgent for use in the GPT-4 training run in November"). To be clear, Plaintiffs have identified these documents to speed up the meet and confer process, but Microsoft has an independent obligation to produce information relevant to Plaintiffs claims. If Microsoft provided any crawl data to OpenAI under the JDCAs or in connection with the training of the relevant models, Microsoft has an independent obligation to produce that information. **By March 14**, please confirm whether you will agree to make Microsoft crawl data provided to OpenAI available for inspection.

If Microsoft does not make the requested information available by the dates indicated above, we'll understand that the parties are at impasse and that Microsoft is refusing to confer in good faith, and we will proceed accordingly.

Thank you.

**Anna J. Freymann**
Attorney at Law
afreymann@lchb.com
t 212.355.9500
f 212.355.9592
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
www.lieffcabraser.com

---

**From:** Briant, Jared B. <jared.briant@faegredrinker.com>
**Sent:** Wednesday, March 5, 2025 8:54 PM
**To:** Freymann, Anna J. <afreymann@lchb.com>; #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>; 'nyclassactions_microsoft_ohs@orrick.com' <nyclassactions_microsoft_ohs@orrick.com>
**Cc:** 'Alter-AI-TT@simplelists.susmangodfrey.com' <Alter-AI-TT@simplelists.susmangodfrey.com>
**Subject:** RE: [EXT] AG v. OAI - Plaintiffs' request to Microsoft for additional search terms & custodians

Anna –

Thanks for following up, please see the attached letter of today's date that addresses pending discovery issues. We will follow up on additional outstanding issues separately.

Sincerely,

**Jared B. Briant**

Partner
jared.briant@faegredrinker.com
Connect: vCard

+1 303 607 3588 direct / +1 303 520 5987 mobile / +1 303 607 3600 fax

**Faegre Drinker Biddle & Reath LLP**
1144 15th Street, Suite 3400
Denver, Colorado 80202, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

**From:** Freymann, Anna J. <afreymann@lchb.com>
**Sent:** Tuesday, March 4, 2025 11:39 AM
**To:** #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>; 'nyclassactions_microsoft_ohs@orrick.com' <nyclassactions_microsoft_ohs@orrick.com>
**Cc:** 'Alter-AI-TT@simplelists.susmangodfrey.com' <Alter-AI-TT@simplelists.susmangodfrey.com>
**Subject:** RE: [EXT] AG v. OAI - Plaintiffs' request to Microsoft for additional search terms & custodians

**This Message originated outside your organization.**

Counsel,

You've had our February 4 discovery letter for 4 weeks, and you haven't provided substantive responses to the vast majority of our requests. Please provide Microsoft's positions on each of the issues raised in our February 4 letter and February 19 email no later than March 6.

With regard to your previous position that you would limit your production in response to RFP Nos. 62, 63, and 65 to GPT-3 and GPT-3.5, we would like to point out that you yourself have identified newer GPT versions as relevant. See Microsoft's Suppl. Responses to Plaintiffs' Fourth Set of RFPs (defining "Relevant Generative AI Models" to include GPT-3, GPT-3.5, GPT-4, and GPT-4 Turbo); see also Microsoft's Responses to Interrogatory No. 6 (identifying "Azure OpenAI Service's offerings related to the GPT-3, GPT-3.5, GPT-4, and GPT-4 Turbo models."). In light of the foregoing, please confirm that your production will pertain to at least those models you identified in your Interrogatory response.

Thank you.

**Anna J. Freymann**
Attorney at Law
afreymann@lchb.com
t 212.355.9500
f 212.355.9592

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
www.lieffcabraser.com

**From:** Freymann, Anna J.
**Sent:** Wednesday, February 26, 2025 6:17 PM
**To:** #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>; 'nyclassactions_microsoft_ohs@orrick.com' <nyclassactions_microsoft_ohs@orrick.com>
**Cc:** Alter-AI-TT@simplelists.susmangodfrey.com
**Subject:** FW: [EXT] AG v. OAI - Plaintiffs' request to Microsoft for additional search terms & custodians

Counsel:

I am following up on my emails below. Please let us know the status of any updates regarding the issues listed below. Please also provide your availability for a follow-up conferral later this week or early next week.

Thank you.

**Anna J. Freymann**
Attorney at Law
afreymann@lchb.com
t 212.355.9500
f 212.355.9592
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
www.lieffcabraser.com

**From:** Freymann, Anna J.
**Sent:** Friday, February 21, 2025 4:40 PM
**To:** #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>; 'nyclassactions_microsoft_ohs@orrick.com' <nyclassactions_microsoft_ohs@orrick.com>
**Cc:** Alter-AI-TT@simplelists.susmangodfrey.com
**Subject:** [EXT] AG v. OAI - Plaintiffs' request to Microsoft for additional search terms & custodians

Counsel:

Following up on my email from Wednesday (below), please see attached a document that provides further context for our data inspection request.

Moreover, as to your statement that you would not produce any documents relating to GitHub (see no. 7 in my email below), please provide a basis for this limitation.

Thank you.

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

**Anna J. Freymann**
Attorney at Law
afreymann@lchb.com
t 212.355.9500
f 212.355.9592
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
www.lieffcabraser.com

---

**From:** Freymann, Anna J.
**Sent:** Wednesday, February 19, 2025 5:07 PM
**To:** #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>; 'nyclassactions_microsoft_ohs@orrick.com' <nyclassactions_microsoft_ohs@orrick.com>
**Cc:** Alter-AI-TT@simplelists.susmangodfrey.com
**Subject:** [EXT] AG v. OAI - Plaintiffs' request to Microsoft for additional search terms & custodians

Counsel,

Thank you for the conferral yesterday.

Please find below a summary of our discussion and follow-up items:

1. **Custodians**: You stated that Microsoft was investigating and would propose the appropriate custodians in response to RFP No. 46. We are amenable to that plan but ask that you accept our proposed custodians or provide a counterproposal by the end of next week.
2. **Search terms**: We agreed that you would run a hit report on our updated terms, as set forth in my email below.
3. **Slack channels**: You will follow up following your call with OpenAI today regarding the status of the collection of messages from Slack channels. You also agreed to find out whether the Slack channels were only used by Microsoft onsite employees and confirmed that you have produced documents sufficient to show all Microsoft employees that have worked onsite at OpenAI.
4. **RFP No. 42**: You confirmed that Microsoft was not excluding Copilot from its production and that the production was not limited to Bing Chat.
5. **RFP No. 78**: You made the same representation (as to Bing Chat and Copilot) with regard to RFP No. 78. With regard to the request that you produce all meeting minutes, notes, or other summaries from these meetings of the Governing Board, you stated that you would follow up regarding the scope of what is being produced.
6. **RFP No. 43**: Based on the concern set forth in the February 4 letter, you said that you would clarify your response to RFP No. 43.
7. **RFP Nos. 62, 63 and 65**: You confirmed that Microsoft was producing documents sufficient to show commercialization revenues received under the JDCA. As to the questions listed in the letter regarding RFP Nos. 62, 63 and 65, the following was discussed:
    - Microsoft will produce information in response to RFP Nos. 62 and 63 (gross revenues, net revenues, profits) and RFP No. 65 (predictions, forecasts, projections of

- profits, revenues, or cash flows) for Bing Chat, Copilot and Azure OpenAI Services. Microsoft will not produce documents for GitHub. You will confirm whether you will provide documents regarding Browse with Bing (which according to you is an OpenAI product).
- Microsoft currently takes the position that only GPT-3 and GPT-3.5 are relevant and that it will not produce documents relating to any of the newer models (GPT-4 and subsequent versions). We pointed out that the newer versions also powered ChatGPT as identified in OpenAI's supplemental response to Interrogatory No. 11 (attached). You stated that you would take this under advisement and get back to us with Microsoft's final position on this point.
- You clarified that Microsoft would only produce revenue information for products whose pricing is specifically tied to the product's GPT LLM capability. Accordingly, you will not produce documents showing revenue relating to products that include or use OpenAI's LLMs but do not have separate pricing for the LLM capability. We believe this an improper narrowing of our requests and your obligations. As stated before, pursuant to 17 U.S.C.A. § 504 (b), plaintiffs may disgorge "any profits of the infringer that are attributable to the infringement." Plaintiffs are seeking to discover profits that derive from the sale of products that use OpenAI's LLMs – regardless of whether users are paying specifically for the LLM capability of the product. Documents you produced clearly show that those products were part of Microsoft's commercialization and investment strategy. *See, e.g.,* MSFT_AICPY_000000972 (slide 2: "Infusion in Existing Microsoft Products"). To the extent the profits did not derive solely from the infringing activity, that is a question of apportionment. Moreover, at this stage, Plaintiffs do not have to establish a causal link between the sale of the products and infringement. *See, e.g., Prolo v. Blackmon*, 2022 WL 2189643, at *9 (C.D. Cal. Mar. 25, 2022).

    Please provide Microsoft's final position on the production in response to RFP Nos. 62, 63 and 65 by the end of the week.

8. **Blocked data**: You said that you would review the relevant documents and follow up on this issue. Please provide a response by the end of this week.
9. **Copyright infringement announcement**: You said that you would review the relevant documents and follow up on this issue. Please provide a response by the end of this week.
10. **Microsoft/OpenAI 2024 negotiations and new agreement**: You expressed doubt that this material from 2024 was relevant to the case but stated that you would follow up to provide a final position.
11. **Microsoft Computing Power in Training OpenAI's LLMs**: We agreed that we would discuss subsequent steps after reviewing the hit count for the new search term "GPU".
12. **Supplemental response to ROG Nos. 4&5**: You agreed to supplemental ROG Nos. 4&5. Please give us a date certain by which you'll supplement these ROGs on licensing topics. On a related note, please also tell us when Microsoft will complete its production of the licensing agreements and negotiations that Microsoft agreed to produce in its 1/13/25 supplemental responses to Plaintiffs' Second Set of RFPs.

We will follow up as follows:
1. **Data inspection request**: We will identify representative documents to provide context for

our data inspection request.
2. **Slack channels**: We will cross-check the names of onsite employees with the current list of custodians and provide specific names of employees we believe should be added as custodians, should they exist.

Items for future conferrals:
1. We will send a separate email with specific issues we would like to discuss with regard to the Third Set of RFPs.
2. We would also like to discuss the status of the production of due diligence material relating to Microsoft's investment in OpenAI since we still have not seen any such documents.

Thank you.

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

**Anna J. Freymann**
Attorney at Law
afreymann@lchb.com
t 212.355.9500
f 212.355.9592
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
www.lieffcabraser.com

---

**From:** Freymann, Anna J.
**Sent:** Tuesday, February 18, 2025 3:09 PM
**To:** 'Scheibel, Elizabeth M.C.' <elizabeth.scheibel@faegredrinker.com>
**Cc:** 'nyclassactions_microsoft_ohs@orrick.com' <nyclassactions_microsoft_ohs@orrick.com>; #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>; Alter-AI-TT@simplelists.susmangodfrey.com
**Subject:** RE: [EXT] AG v. OAI - Plaintiffs' request to Microsoft for additional search terms & custodians

Liz,

Thank you for your email.

Your counterproposals look fine.

As to the terms you rejected, we propose adding "NEAR(10)" to each query as follows:
1. ("OpenAI" OR "OAI") AND NEAR(10) Reddit
2. (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND NEAR(10) agent*
3. (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND NEAR(10) authori*
4. (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND NEAR(10) control*
5. (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND NEAR(10) direct*
6. (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND NEAR(10) GPU*
7. (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND NEAR(10) manag*
8. (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND NEAR(10) overs*
9. (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND NEAR(10) partner*

We can discuss this further on our call at 4:30 pm ET.

Best regards,
Anna

> **Anna J. Freymann**
> Attorney at Law
> afreymann@lchb.com
> t 212.355.9500
> f 212.355.9592
> Lieff Cabraser Heimann & Bernstein, LLP
> 250 Hudson Street, 8th Floor
> New York, NY 10013
> www.lieffcabraser.com

---

**From:** Scheibel, Elizabeth M.C. <elizabeth.scheibel@faegredrinker.com>
**Sent:** Saturday, February 15, 2025 9:13 AM
**To:** Freymann, Anna J. <afreymann@lchb.com>; Alter-AI-TT@simplelists.susmangodfrey.com
**Cc:** 'nyclassactions_microsoft_ohs@orrick.com' <nyclassactions_microsoft_ohs@orrick.com>; #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>
**Subject:** [EXT] AG v. OAI - Plaintiffs' request to Microsoft for additional search terms & custodians

Anna and Counsel-

Updated the subject line here to reflect the contents of this thread.

Attached is the hit report for Plaintiffs' request for additional search terms, including responses to each term and counterproposals for certain terms. Please let us know if the counterproposals are accepted and we will begin running them. The de-duplicated total hit count for Plaintiffs' requested terms, for parent-level emails, is 164,784. As a reminder, de-duplicated totals do not include non-email custodial documents (i.e., documents in a custodian's individual OneDrive), though the email has so far accounted for the majority of each custodians' documents by far, so the actual number of unique documents is somewhat higher than that total. Once family members are taken into account, Plaintiffs' requested search terms would likely generate more than 260,000 new documents to collect and review.

On Plaintiffs' request to add Matt Dahlin and Geraldine Russell as custodians: Your letter identifies "licensing discussions with HarperCollins (and potentially other publishers)" and "the issue of whether a market exists for LLM training data licenses (i.e., fair use)" as the basis for the relevance of these custodians, but you did not identify which RFP(s) their documents would be responsive to. We believe Microsoft's January 13, 2025 supplemental response to Plaintiffs' RFP No. 46 is the right framework here.

Microsoft is investigating the appropriate custodians for the documents Microsoft agreed to produce in response to RFP No. 46. Microsoft will search for and collect those custodians' documents for the relevant negotiations. To the extent such documents were already collected and not produced to Plaintiffs, Microsoft will additionally identify and produce them. The appropriate custodian as to each executed agreement may or may not be the individuals Plaintiffs request as custodians. Accordingly, Microsoft proposes that Plaintiffs

withdraw this request for the time being and can revisit it at a later date, once Microsoft has been able to collect and produce the documents requested by RFP No. 46.

Thank you,
Liz

**Elizabeth M.C. Scheibel**
Associate
Pronouns: she/her/hers
elizabeth.scheibel@faegredrinker.com
Connect: vCard / LinkedIn

+1 612 766 7628 direct

**Faegre Drinker Biddle & Reath LLP**
2200 Wells Fargo Center, 90 South Seventh Street
Minneapolis, Minnesota 55402, USA

---

**From:** Freymann, Anna J. <afreymann@lchb.com>
**Sent:** Friday, February 7, 2025 2:46 PM
**To:** Scheibel, Elizabeth M.C. <elizabeth.scheibel@faegredrinker.com>; #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>; 'nyclassactions_microsoft_ohs@orrick.com' <nyclassactions_microsoft_ohs@orrick.com>
**Cc:** Alter-AI-TT@simplelists.susmangodfrey.com
**Subject:** RE: [EXT] RE: AG v. OAI - Discovery Status Letter - Request for M&C

**This Message originated outside your organization.**

---

Hi Liz,

Thank you. I am confirming that you do not need to run the term "BooksCorpus1".

Best,
Anna

**Anna J. Freymann**
Attorney at Law
afreymann@lchb.com
t 212.355.9500
f 212.355.9592
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
www.lieffcabraser.com

---

**From:** Scheibel, Elizabeth M.C. <elizabeth.scheibel@faegredrinker.com>
**Sent:** Friday, February 7, 2025 2:45 PM
**To:** Freymann, Anna J. <afreymann@lchb.com>; #Microsoft.NYClassAction.FDBR

<MicrosoftNYClassActionFDBR@faegredrinker.com>; 'nyclassactions_microsoft_ohs@orrick.com' <nyclassactions_microsoft_ohs@orrick.com>
**Cc:** Alter-AI-TT@simplelists.susmangodfrey.com
**Subject:** RE: [EXT] RE: AG v. OAI - Discovery Status Letter - Request for M&C

Hi Anna-

Microsoft previously agreed to Plaintiffs' proposed term bookscorp*. This would encompass BooksCorpus1, so it is not necessary to run that term. Please confirm, thanks!
Liz

---

**From:** Freymann, Anna J. <afreymann@lchb.com>
**Sent:** Thursday, February 6, 2025 9:58 PM
**To:** Scheibel, Elizabeth M.C. <elizabeth.scheibel@faegredrinker.com>; #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>; 'nyclassactions_microsoft_ohs@orrick.com' <nyclassactions_microsoft_ohs@orrick.com>
**Cc:** Alter-AI-TT@simplelists.susmangodfrey.com
**Subject:** RE: [EXT] RE: AG v. OAI - Discovery Status Letter - Request for M&C


**This Message originated outside your organization.**

---

Hi Liz,

Thank you for your email.

We slightly revised the search terms. Please see below:

- (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND "comput* power"
- (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND GPU*
- (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND "process* power"
- (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND overs*
- (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND control*
- (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND direct*
- (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND authori*
- (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND partner*
- (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND agent*
- (OAI OR OpenAI OR "Open AI" OR GPT* OR ChatGPT*) AND manag*
- BooksCorpus1
- eLibra OR e-Libra OR elib OR eLibrary
- "anna's archive" OR anna'sarchive OR annasarchive OR "annas archive"
- "internet archive" OR internetarchive
- "open library" OR "openlibrary" OR "openlib"
- ("OpenAI" OR "OAI") AND Reddit
- DuXiu

Please proceed with these search terms.

Thank you,
Anna

**Anna J. Freymann**
Attorney at Law
afreymann@lchb.com
t 212.355.9500
f 212.355.9592
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
www.lieffcabraser.com

---

**From:** Scheibel, Elizabeth M.C. <elizabeth.scheibel@faegredrinker.com>
**Sent:** Thursday, February 6, 2025 10:51 AM
**To:** Freymann, Anna J. <afreymann@lchb.com>; #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>; 'nyclassactions_microsoft_ohs@orrick.com' <nyclassactions_microsoft_ohs@orrick.com>
**Cc:** Alter-AI-TT@simplelists.susmangodfrey.com
**Subject:** [EXT] RE: AG v. OAI - Discovery Status Letter - Request for M&C

Anna and counsel-

We'd begun to work on the hit report for Plaintiffs' requested additional search terms, but noticed some inconsistencies in how the strings are put together and are concerned the list may not run as you intended. Please review your list of terms and either confirm they are correct or send us a revised list. For example, the first term uses (computer power*) with no operator. I believe in most systems a space/no operator functions as an OR, though I would need to confirm whether that's the case for our searches. There are several other terms with words separated by a space instead of OR and without quotes to indicate phrases.

Please let us know how you'd like us to proceed. Thank you,
Liz

**Elizabeth M.C. Scheibel**
Associate
Pronouns: she/her/hers
elizabeth.scheibel@faegredrinker.com
Connect: vCard / LinkedIn

+1 612 766 7628 direct

**Faegre Drinker Biddle & Reath LLP**
2200 Wells Fargo Center, 90 South Seventh Street
Minneapolis, Minnesota 55402, USA

---

**From:** Freymann, Anna J. <afreymann@lchb.com>
**Sent:** Tuesday, February 4, 2025 4:37 PM

**To:** #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>; 'nyclassactions_microsoft_ohs@orrick.com' <nyclassactions_microsoft_ohs@orrick.com>
**Cc:** Alter-AI-TT@simplelists.susmangodfrey.com
**Subject:** AG v. OAI - Discovery Status Letter - Request for M&C

**This Message originated outside your organization.**

---

Counsel:

Please see attached Plaintiffs' discovery status letter re. Microsoft's Supplemental Responses to Plaintiffs' Second Set of RFPs, and other discovery related issues.

Best regards,
Anna

> **Anna J. Freymann**
> Attorney at Law
> afreymann@lchb.com
> t 212.355.9500
> f 212.355.9592
> Lieff Cabraser Heimann & Bernstein, LLP
> 250 Hudson Street, 8th Floor
> New York, NY 10013
> www.lieffcabraser.com

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.