

April 3, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

cc: All Counsel of Record Line (via ECF)

Re: *Authors Guild v. OpenAI Inc.*, Case No. 1:23-cv-08292
*Alter v. OpenAI Inc.*, Case No. 1:23-cv-10211
Opposition to Plaintiffs' Letter Brief Re: Privilege Assertion During Custodial Rule 30(b)(6) Deposition [ECF No. 362]

2870886

Hon. Ona T. Wang  **VIA ECF**
April 3, 2025
Page 1

Dear Judge Wang:

Plaintiffs ask this Court to eviscerate OpenAI's attorney-client privilege based on a single exchange at OpenAI's custodial 30(b)(6) deposition. That testimony established that OpenAI's decision to delete two datasets well before these cases were filed was made in "consultation with the company attorneys," and that the reasons why are privileged. Plaintiffs claim that OpenAI has waived its privilege. But it is Plaintiffs—not OpenAI—who have tried to put at issue the deletion and subsequent recovery of these datasets. OpenAI is not using the privilege as a sword and a shield. Plaintiffs' alternative crime-fraud theory is equally baseless. Plaintiffs fail to present a shred of evidence supporting the theory. Instead, the best Plaintiffs can do is point to a separate case against Meta, where the court *rejected* the crime-fraud argument. There are no grounds to re-open OpenAI's custodial 30(b)(6) deposition, much less to force OpenAI to produce privileged documents. The Court should deny Plaintiffs' request in its entirety.

**I.  Background**

Plaintiffs' background section is most notable for the facts it omits and obscures.

*First*, Plaintiffs fail to mention that OpenAI deleted the Books1 and Books2 datasets at issue in the summer of 2022, before any litigation against OpenAI commenced. Dkt. 362-1 at 57:1-11. Plaintiffs also neglect to inform the Court that OpenAI has recovered and made available for inspection copies of the Books1 and Books2 datasets that it believes were used to train GPT-3. *Id.* at 53:5–54:9.

*Second*, Plaintiffs' letter brief is predicated on a single question and answer from the deposition of OpenAI's custodial 30(b)(6) witness, Michael Trinh, OpenAI's Associate General Counsel. Plaintiffs asked Mr. Trinh: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 61:19-20. Mr. Trinh had previously testified that the decision to delete Books1 and Books2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 57:14-23; *see also id.* at 57:2-7, 57:25–58:15. Given that prior testimony, OpenAI's counsel objected to the question on privilege grounds and instructed Mr. Trinh not to answer. *Id.* at 61:19-24. Mr. Trinh again confirmed that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 61:25–62:3. Plaintiffs did not contest that privilege assertion or challenge the testimony, and instead proceeded to another line of questioning without probing Mr. Trinh further on the issue.

*Third*, Plaintiffs now cite OpenAI's counsel's statement from an unrelated discovery letter brief about interrogatories filed eleven months ago that "the Books1 and Books2 datasets were deleted due to non-use before any litigation had been filed against OpenAI . . . ." *See* Dkt. 145 at 3; Dkt. 143-4, Ex. D. Plaintiffs claim that they "sought to explore" this assertion in Mr. Trinh's deposition by questioning him about the "non-use" language. Dkt. 362 at 1. That is false. Plaintiffs never once asked Mr. Trinh about this statement, and the words "non-use" never appear in the transcript. In fact, it was not until nearly one month *after* the deposition, and almost a year after the letter brief, that Plaintiffs first raised this issue in a meet and confer, claiming without explanation that it constituted waiver. *See* Dkt. 362-2, Ex. B at 10–12.

Hon. Ona T. Wang                                                                                                          <u>VIA ECF</u>
April 3, 2025
Page 2

## II. Argument

### A. The reasons why OpenAI deleted Books1 and Books2 are privileged.

The attorney-client privilege protects "confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance." *In re Cnty. of Erie*, 473 F.3d 413, 418 (2d Cir. 2007). "The privilege applies to a company's communications with its in-house lawyers." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2021 WL 3524081, at *2 (S.D.N.Y. Aug. 10, 2021). OpenAI decided to delete the Books1 and Books2 datasets in consultation with its in-house attorneys in "early summer 2022." Dkt. 362-1 at 57:2-11. The "confidential communications between [OpenAI] and [its] counsel" regarding that decision were "made for the purpose of obtaining or providing legal assistance," and therefore are privileged. *In re Cnty. of Erie*, 473 F.3d at 418.

### B. OpenAI has not waived its privilege.

Plaintiffs concede that OpenAI has never relied on legal advice regarding the deletion of the Books1 and Books2 datasets to advance any claim or defense in this case. Instead, Plaintiffs insist that because *they* have raised the issue, OpenAI's counsel's "non-use" comment in an unrelated filing constitutes a waiver. Plaintiffs' argument badly misstates the law. Plaintiffs cite *Bowne of New York City, Inc. v. AmBase Corp.*, for the proposition that any "factual claim the truth of which can only be assessed by an examination of a privileged communication" may constitute a waiver. 150 F.R.D. 465, 488 (S.D.N.Y. 1993). The Second Circuit has since rejected this interpretation, holding that a "party must *rely* on privileged advice from his counsel to make his claim or defense" for the waiver doctrine to come into play. *See In re Cnty. of Erie*, 546 F.3d 222, 229 (2d Cir. 2008). Because OpenAI has not and will not use its reasons for deleting Books1 and Books2 "both as a shield and a sword," there has been no waiver. *See In re Grand Jury Proc.*, 219 F.3d 175, 182–83 (2d Cir. 2000).

Nor has OpenAI waived privilege by implication. Waiver by implication may occur "when a client testifies about portions of the attorney-client communication, when a client places the attorney-client relationship directly at issue, and when a client asserts reliance on an attorney's advice as an element of a claim or defense." *GLD3, LLC v. Albra*, 2024 WL 4471672, at *7 (S.D.N.Y. Oct. 11, 2024) (cleaned up). None of these elements is present here.

Finally, Plaintiffs speculate that OpenAI's privileged communications may be relevant to their damages theory or OpenAI's affirmative defense that its conduct was "innocent, not willful." Dkt. 75 at 49. Privileged communications often may be relevant to an issue in a case, but "relevance and utility does not itself implicate at issue waiver." *Nimkoff Rosenfeld & Schechter, LLP v. RKO Properties, Ltd.*, 2016 WL 3042733, at *5-6 (S.D.N.Y. May 24, 2016). Plaintiffs' contrary view of waiver would gut the attorney-client privilege. Unsurprisingly, that is not the law. Indeed, "privileged information may be in some sense *relevant* in any lawsuit. A mere indication of a claim or defense certainly is insufficient to place legal advice at issue." *In re Cnty. of Erie*, 546 F.3d at 229.

2

Hon. Ona T. Wang **VIA ECF**
April 3, 2025
Page 3

### C. Plaintiffs have not shown that the crime-fraud exception applies.

Plaintiffs have not come close to meeting their heavy burden to establish the crime-fraud exception. There has been no crime or fraud; only fair use. And there is no evidence that OpenAI's privileged communications "were made in furtherance of contemplated or ongoing criminal or fraudulent conduct" and that the communications were "*intended* in some way to facilitate or to conceal the criminal activity." *In re Grand Jury Subpoenas Dated Sept. 13, 2023*, 128 F. 4th 127, 141–42 (2d Cir. 2025) (cleaned up). Plaintiffs attach only three exhibits to their letter: a meet and confer email, the transcript of the custodial 30(b)(6) deposition, and a Slack thread from May 2020, two years *before* the privileged legal advice Plaintiffs are challenging. None of these exhibits show any crime or fraud, much less that OpenAI used the attorney-client privilege in furtherance thereof and intending to facilitate or conceal criminal activity.

Plaintiffs' citation to *Kadrey v. Meta*, 3:23-cv-03417, Dkt. 416 at 1 (N.D. Cal. Feb. 4, 2025), supports OpenAI's position. The crime-fraud issue in *Kadrey* centered on Meta's alleged distribution of copyrighted material through a practice known as "seeding." *See id.* Plaintiffs make no analogous claim of seeding here. Further, the *Kadrey* court *rejected* plaintiffs' crime-fraud argument, holding from the bench that "the crime fraud issue is over," after pointedly admonishing plaintiffs' counsel for engaging in the same sort of "over the top" rhetoric that Plaintiffs have adopted here. Ex. A (2/27/25 Hr'g Tr.) at 16:18–18:1.

This case will address whether using publicly available data to develop and train Large Language Models that generate myriad new and transformative uses constitutes fair use. 17 U.S.C. § 107. That critical issue will be presented on summary judgment and, if necessary, at trial. The Court should not permit Plaintiffs to short-circuit that inquiry now, on a virtually non-existent record, by invoking the words "crime-fraud." The Court "should exercise considerable caution" at the "discovery stage of complex litigation to find that a showing of crime or fraud that is sufficient to justify penetrating the privilege has been made." *In re Omnicom Grp., Inc. Sec. Litig.*, 233 F.R.D. 400, 407 (S.D.N.Y. 2006). That "caution is particularly appropriate" given that Plaintiffs' theory is devoid of evidence and implicates the core merits issue in this case. *Id.* The Court should reject Plaintiffs' baseless crime-fraud theory.

### III. Conclusion

For the foregoing reasons, the Court should deny Plaintiffs' request in its entirety. However, if the Court is inclined to consider granting Plaintiffs any relief, given the sanctity of OpenAI's attorney-client privilege, OpenAI requests the issue be briefed as a full motion.

Hon. Ona T. Wang                                                                                                                **VIA ECF**
April 3, 2025
Page 4

Respectfully,

| KEKER, VAN NEST & PETERS LLP[1] | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| /s/ Nicholas S. Goldberg | /s/ Herman H. Yue | /s/ Rose S. Lee |

cc: *All Counsel of Record Line (via ECF)*

---

[1] All parties whose electronic signatures are included herein have consented to the filing of this document.