KEKER VAN NEST & PETERS     LATHAM & WATKINS LLP     MORRISON FOERSTER

April 3, 2025

**Via ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

cc: All Counsel of Record (via ECF)

**Re:**   *Authors Guild v. OpenAI Inc.*, (No. 1:23-cv-08292-SHS) [ECF No. 349] and *Alter v. OpenAI Inc.*, (No. 1:23-cv-10211-SHS) [ECF No. 301]

Dear Judge Wang:

Plaintiffs' demand for *in camera* review and the production of hundreds of privileged documents should be denied.

*First*, *in camera* review of privileged materials is not warranted absent "a showing of a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish" that the documents are not privileged. *United States v. Zolin*, 491 U.S. 554, 572 (1989) (citation omitted). As a threshold matter, Plaintiffs have made no *factual* showing that the documents are not privileged, providing only attorney argument. That is not evidence. *Sekisui Am. Corp. v. Hart*, No. 12 CIV. 3479 SAS FM, 2013 WL 2951924, at *7 (S.D.N.Y. June 10, 2013) (citing *Zolin* and declining *in camera* review).

OpenAI's privilege logs clearly demonstrate that the predominant purpose of the redacted communications was the provision of legal advice. Fed. R. Civ. P. 26(b)(5)(A); (Ex. A, Excerpts of OpenAI Privilege Logs). OpenAI's redactions are limited to portions reflecting legal advice. The presence of other unredacted, non-privileged communications does not show that OpenAI's redactions are improper. *See In re Cnty. of Erie*, 473 F.3d 413, 420-21 (2d Cir. 2007) (granting writ of mandamus) (finding that "predominant purpose of a communication cannot be ascertained by quantification or classification of one passage or another"). Thus, the non-privileged portions of documents on which plaintiffs base their arguments do not justify their intrusion into privileged communications.

The Court should exercise its discretion not to be burdened with *in camera* review, considering the large volume of documents in dispute, the lack of importance to the case of the privileged information, and the extremely low likelihood that the redacted information will establish an exception to privilege. *See Zolin*, 491 U.S. at 571-72 ("There is no reason to permit opponents of the privilege to engage in groundless fishing expeditions, with the district courts as their unwitting (and perhaps unwilling) agents."). Instead, courts often "defer [their] *in camera* review" so that non-privileged evidence can be provided in lieu of invading the privilege, such as a revised privilege log or supporting declarations. *See id.* ("A blanket rule allowing in camera review . . . would place the policy of protecting open and legitimate disclosure between attorneys

and clients at undue risk."). To the extent the Court is not inclined to deny Plaintiffs' motion at this time, the Court should "direct[] [OpenAI] to review and revise its log to make sure that the information provided is sufficient."[1] *See BlackRock Balanced Cap. Portfolio (FI) v. Deutsche Bank Nat'l Tr. Co.*, 2018 WL 3584020, at *1 (S.D.N.Y. July 23, 2018). If those revisions do not resolve the dispute, the Court can direct OpenAI to submit supporting declarations for *in camera* review of the disputed documents. Plaintiffs' other case did not address the threshold showing required by *Zolin* and is thus inapposite. *Strougo v. BEA Assocs.*, 199 F.R.D. 515, 526 (S.D.N.Y. 2001).

*Second,* the Court should deny the request to compel Row 353 of OpenAI's 10/22/24 supplemental log, Row 6 of OpenAI's 11/1/24 log, Row 25 of OpenAI's 12/16/24, Row 16 of OpenAI's 12/23/24 log, and Rows 11-12 of OpenAI's 1/27/2025 log. Citing no authority, Plaintiffs' argument misunderstands both the documents and the law of privilege by demanding production on the ground that "no lawyers appear in the to/from/cc fields of many of these documents." For example, Rows 6 and 25 are not emails, so there is no "to/from/cc field." Moreover, the law is clear that the privilege extends to communications between non-lawyer employees sharing legal advice from counsel with other employees who need to know it. *Mölnlycke Health Care US, LLC v. Greenwood Mktg., LLC*, No. 22 CIV. 3719 (CS) (JCM), 2024 WL 4602138, at *6 (S.D.N.Y. Oct. 29, 2024). For example, the document in Row 12 of OpenAI's 1/27/2025 log (Exhibit 13) is part of a conversation where an OpenAI employee repeats what he says he learned directly from OpenAI's legal department. For such communications, there is no requirement that the "attorney's name . . . be revealed in the communication, or for that matter the privilege log, in order for the privilege to be maintained." *In re Allergan plc Sec. Litig.*, No. 18 CIV. 12089 (CM) (GWG), 2021 WL 4121300, at *3 (S.D.N.Y. Sept. 9, 2021); *In re Rivastigmine Pat. Litig.* (MDL No. 1661), 486 F. Supp. 2d 241, 244 n.1 (S.D.N.Y. 2007) (denying motion to compel).

Nor are OpenAI's privilege log descriptions impermissibly vague. Describing privileged documents "as correspondence or e-mails seeking, transmitting or reflecting legal advice" is "sufficient" to establish a claim of privilege. *S.E.C. v. Beacon Hill Asset Mgmt. LLC*, 231 F.R.D. 134, 144 (S.D.N.Y. 2004). Indeed, Plaintiffs' own log descriptions do not meet the standards for detail they attempt to impose on OpenAI. (*See, e.g.*, Ex. B, Excerpts of Plaintiffs' Privilege Log.) This case is not like Plaintiffs' cited case, *In re Aenergy, S.A.*, where there was "no method or reason" to the log descriptions. 451 F. Supp. 3d 319, 326 (S.D.N.Y. 2020). OpenAI's privilege log descriptions were drafted to comply with Local Rule 26.2(c), which encourages efficient and concise privilege descriptions, without revealing privileged information. If the Court finds otherwise, OpenAI should have the opportunity to revise its log entries after receiving the Court's guidance.

*Third and Fourth*, the Court should reject Plaintiffs' amorphous complaints about Adam Nace, a member of OpenAI's legal staff, and Cullen O'Keefe, Esq., a lawyer and former member of OpenAI's legal department. As an initial matter, Plaintiffs' letter-brief does not identify which log entries are at issue, which prevents OpenAI from responding in full. More critically,

---

[1] As part of its review, and to limit the dispute before the Court, OpenAI intends to withdraw its claim of privilege over OPCO_SDNY_1628544, OPCO_SDNY_1534622, and Entry 353 of the 10/22/24 supplemental log.

Mr. Nace is a member of the OpenAI legal department who regularly works with and at the direction of OpenAI attorneys. Mr. O'Keefe likewise regularly worked with OpenAI attorneys in both his legal and non-legal roles at OpenAI. They are both repeatedly listed within the privilege logs *alongside other OpenAI attorneys who are also the source of privilege*, including, for example, the former and current general counsels, Jason Kwon and Che Chang. (*See, e.g.*, Ex. A, Entries 16 and 93 in Feb. 27, 2025 Log.)

OpenAI did not assert a privilege claim over every document involving Mr. O'Keefe and Mr. Nace. It logged as privileged only those documents satisfying the elements of attorney-client privilege. Plaintiffs do not dispute that Mr. O'Keefe is an attorney or that he gave legal advice; rather, they incorrectly argue that certain documents involving Mr. O'Keefe are not privileged solely because of a change in job title. But again, Plaintiffs have misunderstood the law of privilege—whether a communication is privileged does not turn on the individual's title.[2] *In re Cnty. of Erie*, 473 F.3d at 420 (legal advice "is broader, and is not demarcated by a bright line"). Although he is not an attorney, Mr. Nace is a member of the legal staff (on the Legal Operations team) who received and transmitted privileged legal advice from attorneys and served as an agent of counsel to facilitate communicating privileged legal advice on behalf of attorneys. *United States v. Kovel*, 296 F.2d 918, 921 (2d Cir. 1961) ("The assistance of these agents being indispensable to his work and the communications of the client being often necessarily committed to them by the attorney or by the client himself, the privilege must include all the persons who act as the attorney's agents."). The Court should therefore deny Plaintiffs' request for blanket production of all documents involving these legal participants.

*Fifth*, Plaintiffs' claimed ignorance about the applicability of the common-interest doctrine strains credulity. Indeed, the parties have already briefed, and the Court has ruled on, the common-interest issue. Specifically, the Court previously denied Plaintiffs' motion for communications among the OpenAI/Microsoft "Data Working Group" as "presumptively privileged" under the common interest doctrine. (ECF No. 293 at 2.) Moreover, by Plaintiffs' own allegations, co-defendants OpenAI and Microsoft shared a common interest, among other things, regarding copyright compliance in the development of AI models that underpin products offered by both companies. (*See, e.g.*, First Consolidated Class Action Compl. ¶¶ 1, 59, 131-41, ECF No. 69.) As an extension of the attorney-client privilege, "those communications made in the course of [the] ongoing common enterprise and intended to further the enterprise are protected." *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989) (cleaned up). Plaintiffs' reliance on *Hayden* to argue that OpenAI should be compelled to produce common interest documents because it "failed to answer" Plaintiffs' question has no merit. The shared common interest was clear to Plaintiffs when they filed their Complaint, and Plaintiffs must be held to their allegations. The motion should be denied.

---

[2] Plaintiffs' case, *Fox News Network, LLC v. U.S. Dep't of Treasury*, 911 F. Supp. 2d 261, 275 (S.D.N.Y. 2012), is inapposite because it concerns the administrative-law rules about deliberative process privilege.

Sincerely,

| KEKER, VAN NEST & PETERS LLP[1] | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Christopher Sun* | */s/ Allison Blanco* | */s/ Rose S. Lee* |
| Christopher Sun | Allison Blanco | Rose S. Lee |

---

[1] All parties whose electronic signatures are included herein have consented to the filing of this document.