# Susman Godfrey l.l.p.
a registered limited liability partnership



April 4, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

   RE: *Authors Guild v. OpenAI Inc.*, 23-cv-8292 (S.D.N.Y.) and
      *Alter v. OpenAI Inc.*, 23-cv-10211 (S.D.N.Y.)

Dear Judge Wang:

  Per the Court's request in its April 1 Order, on behalf of all parties in the above-referenced actions, we submit the chart below containing the disputes that are ripe for discussion at the upcoming April 10 conference.

              Sincerely,

| LIEFF CABRASER HEIMANN & BERNSTEINS LLP | SUSMAN GODFREY LLP | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| /s/ Rachel Geman | /s/ Rohit Nath | /s/ Scott J. Sholder |
| Rachel Geman | Rohit Nath | Scott J. Sholder |

**Key**: Green represents Plaintiffs' filing; Purple represents Defendants' filing; Orange represents joint filing

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Shorthand Positions |
|---|---|---|---|---|---|---|---|
| Dkt. 344 (Sealed Filing)[1]<br><br>Dkt. 345 (Public Filing) | 3/31/2025 | Dkt. 380 | Cross-production of OpenAI custodians | Class Plaintiffs | OpenAI | Plaintiffs and OpenAI have submitted letter briefing. | **Plaintiffs' Position:** Plaintiffs seek cross-production of documents from three relevant custodians, Michael Lampe, Brad Lightcap, and Wojciech Zaremba, which were already produced to the News Plaintiffs, and which impose no burden at all to produce, for the purpose of coordinating depositions.<br><br>**OpenAI's Position**: Plaintiffs demand for cross production of Messrs. Lampe, Lightcap, and Zaremba's files appears to be an attempt to leverage the discovery afforded to the News Plaintiffs to end run around the discovery limits the Court has imposed. While OpenAI has no objection in principle to cross-producing files from custodians—and, in fact, has already agreed to do so for multiple individuals—it cannot agree to the present demand, when Plaintiffs cannot identify any non-duplicative information any of them is likely to possess, nor can Plaintiffs explain why they failed to request these individuals' files sooner. The Court should not sanction these tactics. Instead, to discourage Plaintiffs' seriatim demands and ensure discovery proceeds efficiently, the Court should require Plaintiffs to justify any additional request for custodians and cross-productions with new and relevant information. |
| Dkt. 346 | 3/31/2025 | Dkt. 375 | Microsoft's Response to ROG 8 | Class Plaintiffs | Microsoft | Plaintiffs and Microsoft have submitted letter briefing | **Plaintiffs' Position:** Plaintiffs move to compel Microsoft to respond to Interrogatory No. 8, as narrowed by Plaintiffs, which asks Microsoft to identify anyone at Microsoft who had communications regarding LibGen. As part of its discovery obligations, Microsoft had an affirmative obligation to conduct a reasonable investigation into LibGen, which is of central relevance to the claims in this action. Microsoft's burden objection is meritless because Plaintiffs have already offered to accept a list of the individuals who Microsoft's investigation has revealed were communicating about LibGen. Microsoft refused to respond to even this narrowed Interrogatory. |

---

[1] All docket numbers refer to the *Authors Guild* docket.

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Shorthand Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | **Microsoft's Position:** Plaintiffs' Interrogatory No. 8 is irrelevant, compound, overbroad and objectionable on its face, requiring Microsoft to query each of its 200,000+ employees whether they have ever communicated about a long list of topics—narrowed to LibGen for purposes of this motion. In improperly seeking such communications through interrogatory, Plaintiffs seek to upend the custodial document protocol. Worse, Microsoft already agreed to search for and produce such documents from the agreed custodians with respect to the training of OpenAI's models, which is what is at issue in these cases. This is a transparent attempt to circumvent the limitations of the pleadings and ESI protocol and should be denied. |
| Dkt. 348 | 3/31/25 | Dkt. 385 | OpenAI's Renewed Letter Brief Regarding Harm-Related Interrogatory Response | OpenAI | Class Plaintiffs | OpenAI raised the issue of Plaintiffs' refusal to respond fully to OpenAI's Interrogatory in connection with the October 30, 2024 discovery conference. The Court denied the motion as premature but permitted OpenAI to renew its motion after reviewing the produced documents and meeting and conferring | **OpenAI's position:** OpenAI renews its motion (ECF 232) to compel Plaintiffs to respond fully to OpenAI's Interrogatory requesting identification of documents reflecting the purported harm they suffered from OpenAI's alleged use of their asserted works. OpenAI followed the Court's directive at ECF 290 by reviewing the 16,853 documents produced by Plaintiffs through, March 27, 2025, and further conferring with Plaintiffs; however, OpenAI remains unable to identify responsive documents, and Plaintiffs have refused to identify any such documents. On Friday, March 28, 2025, following the parties' conferral regarding this Interrogatory, 12 of the 30 Plaintiffs produced an additional 9,708 documents. OpenAI has begun reviewing those documents. Notwithstanding the belated production of additional documents from only 12 Plaintiffs, a full response from Plaintiffs should be required because (i) the Interrogatory is permissible under Local Rule 33.3; (ii) having relied on FRCP 33(d), Plaintiffs are required to identify responsive documents given they represented that "the answer to [the] interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing" Plaintiffs' business records (FRCP 33(d)); and (iii) documents responsive to this Interrogatory are highly relevant to Plaintiffs' asserted damages, and "[w]aiting until the conclusion of fact discovery would unduly prejudice [OpenAI's] ability to prepare their defense." *Xinuos, Inc. v. IBM Corp.*, No. 22-cv-09777-CS-VR, 2025 WL 663064, at *2 (S.D.N.Y. Feb. 28, 2025). |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Shorthand Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | with Plaintiffs. OpenAI and Plaintiffs have now filed additional letter briefs on which the Court has not yet heard argument. | Plaintiffs' assertion that this Interrogatory is a contention interrogatory is incorrect. OpenAI is asking Plaintiffs to identify documents in their productions reflecting the harm Plaintiffs claim to have suffered, not state all facts supporting a contention. That is proper under Local Rule 33.3(b), which permits interrogatories "if they are a more practical method of obtaining the information sought than a request for production or a deposition." A response here requires only a list of Bates numbers—which is far more efficient to seek in an interrogatory than during a deposition. *Ohanian v. Apple*, No. 1:20-cv-05162-LGS, 2022 WL 576314, at *2 (S.D.N.Y. Feb. 25, 2022) (holding interrogatories asking for identification of certain documents is exactly the type of question "suitable for interrogatories"); *see also In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-md-02542, 2020 WL 7129495, at *5 (S.D.N.Y. Dec. 4, 2020) (compelling response to interrogatory seeking, inter alia, identification of "the Bates numbers for any . . . Documents" related to the interrogatory response). Furthermore, Plaintiffs' reliance on Rule 33(d) requires that they "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." They have not done so. Any further delay in responding to this Interrogatory prejudices OpenAI's ability to mount a defense to Plaintiffs' claims.<br><br>**Plaintiffs' position:** Plaintiffs oppose OpenAI's renewed request to obtain premature responses to Interrogatories seeking Plaintiffs' evidence of harm. When OpenAI first raised this request in October 2024, the Court denied the request as premature, but permitted OpenAI to renew its request by explaining "why and how they still need identification of documents after they have reviewed the documents themselves." Dkt. 290. Now, after a partial review of Plaintiffs' ongoing document production, OpenAI asserts that it has not found a single document responsive to its Interrogatories seeking evidence of harm, and renews its request on that basis.<br><br>OpenAI's Letter should be denied for three reasons: (1) OpenAI did not adhere to the Court's Order by reviewing Plaintiffs' documents before renewing its request. OpenAI admitted to this in its Letter. Letter at 2, n. |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Shorthand Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | 1. Further, discovery in this case is ongoing, which OpenAI is well aware of in light of document requests it served on Plaintiffs as recently as March 31, 2025, and Plaintiffs intend to produce more documents before the close of discovery. On this basis alone, the Court should deny OpenAI's request. (2) OpenAI's Interrogatories seeking identification of evidence of harm are premature under Local Rule 33.3. The Court implicitly held this in its Order at Dkt. 290, and it is no less true now. Courts routinely deny requests for parties to respond to contention interrogatories before the end of discovery. *See AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, No. 23-CV-01395, 2025 WL 252673, at *1 (S.D.N.Y. Jan. 21, 2025). OpenAI has sought and obtained extensive discovery, including Plaintiffs' computation of damages. OpenAI's Letter plays down this evidence, but under Local Rule 33.3, Plaintiffs' evidence cannot be overlooked in favor of premature contention interrogatories. (3) OpenAI's depositions of Plaintiffs will not be inhibited by denying its request. It is standard in this Court for depositions to be taken before responses to contention interrogatories are due. *See, e.g., Pratt v. Atalian Glob. Servs. Inc.*, No. 20 CIV. 3710, 2021 WL 1234253, at *1 (S.D.N.Y. Apr. 2, 2021). OpenAI is free to ask Plaintiffs how it harmed them by allegedly using their books without permission or purchase to develop its highly profitable Generative AI products, and does not need premature responses to contention interrogatories to do this. |
| Dkt. 349 (Sealed Filing) Dkt 351 (Public Filing) | 3/31/2025 | Dkt. 379 | OpenAI's privilege assertions | Class Plaintiffs | OpenAI | Plaintiffs and OpenAI have submitted letter briefing. | **Plaintiffs' Position:** Plaintiffs move to compel OpenAI to produce three categories of documents that OpenAI is improperly redacting or withholding for privilege.<br><br>First, documents reflecting primarily business, technical, or policy advice are not privileged, and these documents should be produced in full. Second, OpenAI must produce documents it is withholding based on the attorney-client privilege because OpenAI has not demonstrated that these documents are communications with an attorney for the purpose of seeking primarily legal advice. Third, OpenAI must also produce documents it is withholding based on the common interest privilege because OpenAI has failed to demonstrate that it shares a common legal |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Shorthand Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | interest with Microsoft and that these communications were in furtherance of that shared legal interest.<br><br>**OpenAI's Position:** The Court should reject Plaintiffs' request for in camera review and the production of hundreds of privileged documents. Plaintiffs fail to make the prerequisite factual showing for in camera review required by *United States v. Zolin*, 491 U.S. 554, 572 (1989). Regarding Plaintiffs' categorical complaints, first, OpenAI is not withholding business, technical or policy advice. Rather, OpenAI redacted attorney-client communications reflecting legal advice, leaving the business discussions unredacted. Second, OpenAI's privilege log entries comply with applicable standards for establishing a claim of privilege, and include at least the same level of, if not more, detail as Plaintiffs' logs. OpenAI has properly claimed privilege for documents involving Adam Nace, a member of OpenAI's legal staff, and Cullen O'Keefe, Esq., a lawyer and former member of OpenAI's legal department. OpenAI logged as privileged only those documents satisfying the elements of attorney-client privilege, not all documents involving those witnesses. Third, OpenAI has properly claimed the common interest privilege as to Microsoft. The Court has denied a prior discovery motion because of the common-interest privilege between OpenAI and Microsoft. (ECF No. 293 at 2.) Moreover, by Plaintiffs' own allegations, co-defendants OpenAI and Microsoft shared a common interest, among other things, regarding copyright compliance in the development of AI models that underpin products offered by both companies. |
| Dkt. 354 (Sealed Filing)<br><br>Dkt. 355 (Public Filing) | 3/31/2025 | Dkt. 389 (Sealed Filing)<br><br>Dkt. 382 (Public Filing) | OpenAI's Responses to Plaintiffs' RFAs | Class Plaintiffs | OpenAI | Plaintiffs and OpenAI have submitted letter briefing. | **Plaintiffs' Position:** Plaintiffs move to compel OpenAI's responses to Plaintiffs' RFAs asking OpenAI to admit or deny whether Plaintiffs' works are in OpenAI's training data. Rather than respond to these basic questions about OpenAI's own training data, OpenAI misconstrued Plaintiffs' RFAs and provided vague statements that neither admit nor deny that any work is present in the training data.<br><br>OpenAI cannot skirt its Rule 34 obligations in this way. The Court should compel OpenAI to provide full responses to Plaintiffs' RFAs for three reasons. First, Plaintiffs have given OpenAI more than enough |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Shorthand Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | information about OpenAI's own training data to allow OpenAI to respond to these RFAs. Second, OpenAI has waived its supplemental objections to Plaintiffs' RFAs because these objections could have been raised before. Third, even if the Court considers OpenAI's objections, the Court should overrule OpenAI's meritless objections. See Kadrey et. al., v. Meta Platforms, Inc., No. 23-CV-03417, 2024 WL 5008065 at *1 (N.D. Cal. Dec. 6, 2024) (overruling Meta's objections to similar RFAs).<br><br>**OpenAI's Position:** OpenAI provided full and proper responses to Plaintiffs' RFAs based on an extensive review of the evidence. To answer each RFA, OpenAI reviewed hundreds of PDFs in Plaintiffs' deficient production, compared those PDFs to hundreds of dataset records, and admitted or denied each request appropriately based on a side-by-side comparison of those PDFs and records. Plaintiffs take issue only with the fact that OpenAI could not provide an unqualified admission based on its review of the evidence, but substantial technical issues encountered during OpenAI's review preclude anything more certain. These technical issues stem from Plaintiffs' unwillingness to provide OpenAI with any search protocol to respond to the RFAs (as the Court instructed them to do last year), and Plaintiffs' refusal to provide error-free text copies of their works for the analysis. Even worse, Plaintiffs failed to properly meet and confer on OpenAI's supplemental responses before filing this motion, so OpenAI still has no idea what "full responses" Plaintiffs seek. Because OpenAI has fully responded to the RFAs, and admitted or denied Plaintiffs' RFAs based on its reasonable investigation into the data, the Court should deny this motion to compel. |
| Dkt. 356 (Sealed Filing)<br><br>Dkt. 359 (Public Filing) | 3/31/2025 | Dkt. 374 | Microsoft's Response to RFP re: financials | Class Plaintiffs | Microsoft | Plaintiffs and Microsoft have submitted letter briefing | **Plaintiffs' Position:** Plaintiffs move to compel Microsoft to produce financial information regarding products that use OpenAI's LLMs in response to RFP Nos. 62, 63, 65, and Interrogatory No. 6. This material is relevant to the liability claims against Microsoft and Plaintiffs' remedies. Microsoft is improperly limiting its production to products (1) whose name refers to OpenAI GPT versus the complete (though limited) set of products into which OpenAI GPT is directly integrated, and (2) products that relate to GPT-3 and GPT-3.5, versus the later models in this case. Microsoft's position withholds relevant information about models that this Court already has determined to be in the scope of the complaint. |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Shorthand Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | **Microsoft's Position**: Microsoft has agreed to produce all financial information that could possibly be relevant to disgorgement of profits, including revenue for all products named in the Complaint as well as other licenses specifically priced to add LLM capabilities. Plaintiffs go far beyond any established concept of direct or indirect profits, seeking full financial data about products such as Word and Excel. Authors ignore their burden to show some causal connection between the revenue they seek and the infringement and rely upon an attenuated chain of causation positing that one of their books in OpenAI's training data somehow caused an enterprise or individual consumer to purchase Microsoft Office. It's a frivolous proposition, which undoubtedly is why the Complaint also does not make such allegations. Microsoft's agreement to produce financial information for products named in the Complaint and priced specific to LLM capabilities is more than sufficient and accounts for product revenues linked to all LLMs that the Court has stated are presently at issue: GPT-3, GPT-3.5, GPT-3.5 Turbo, GPT-4, and GPT-4 Turbo. The request should be denied. |
| Dkt. 366 (Sealed Filing) Dkt. 361 (Public Filing) | 3/31/25 | Dkt. 373 | Whether Mr. Brockman should be subject to atypical deposition length due to his "apex" status | Class Plaintiffs | OpenAI | Plaintiffs and OpenAI have submitted letter briefing. | **Plaintiffs' Position:** The parties have agreed that for coordinated 30(b)(1) depositions across the News, SDNY Class, and NDCA Class cases, witnesses should sit for 12 hours. OpenAI wants to deviate from this approach and have Mr. Brockman sit for 8 hours because he is an "apex" witness.<br><br>Depositions and discovery show Mr. Brockman was not an "apex" witness removed from the conduct here. Instead, he was intimately involved with the details of the challenged conduct (including the acquisition and use of challenged books data and partnerships for additional data). There is no basis to deviate from the parties' prior arrangements of 12 hours.<br><br>**OpenAI's Position:** The News and S.D.N.Y. Class Plaintiffs ask this Court to order Greg Brockman, co-founder and current President of OpenAI, to sit for twelve hours of deposition over two days. But they have failed to justify such an intrusion on the time of Mr. Brockman, an Apex witness whose deposition is "disfavored" and given "special scrutiny" in this circuit. As President of OpenAI, Mr. Brockman leads critical aspects of OpenAI's research, technical, and product efforts. Diverting him away |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Shorthand Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | from these Apex responsibilities for multiple days of deposition would be highly disruptive to OpenAI's business. OpenAI's proposal for Mr. Brockman to sit for an eight-hour deposition in one day for the News, S.D.N.Y. Class, and N.D. Cal. Class cases is beyond that required under the Apex doctrine and would allow each plaintiff group to explore any issues unique to their cases without improper and inefficient duplication precluded by Rule 26.<br><br>Plaintiffs offer no compelling justification for their proposal. Their motions demonstrate significant overlap in the issues that they want to explore with Mr. Brockman—such as his role at OpenAI and his alleged involvement in developing GPT services and identifying datasets—that do not justify having him sit for twelve hours across two days. Moreover, many of the issues Plaintiffs cite can be explored with other OpenAI fact witnesses or 30(b)(6) designees—Mr. Brockman has not and will not be designated—including OpenAI's relationship with Microsoft and whether OpenAI's products compete with products from news companies like The Times. Finally, Plaintiffs materially misstate the confidential discussions among the parties in connection with two settlement conferences facilitated by this Court. No agreement on deposition coordination was reached, and OpenAI certainly never agreed to present Mr. Brockman or any Apex witness for 12 hours each. |
| Dkt. 368 (Sealed Filing)<br><br>Dkt. 364 (Public Filing) | 3/31/25 | Dkt. 390 (Sealed Filing)<br><br>Dkt. 381 (Public Filing) | OpenAI's Assertions of Privilege with respect to Books1/ Books2 | Class Plaintiffs | OpenAI | Plaintiffs and OpenAI have submitted letter briefing. | **Plaintiffs' Position:** Four datasets of torrented, pirated books are at the center of Plaintiffs' allegations in this case. OpenAI has represented to the court that it deleted them due to "non-use" and asserted an affirmative defense turning on its state of mind as to these datasets. Yet, OpenAI has improperly asserted privilege over the circumstances surrounding these datasets' acquisition, use, and deletion.<br><br>Plaintiffs are entitled to the documents and testimony on these datasets. "Non-use" is not a privileged reason. Even if privileged, it is waived as OpenAI has put the facts surrounding these datasets at issue through its "innocent, not willful" affirmative defense and affirmative factual representations to the court (they are also necessarily at issue for statutory damages and infringement). Even if privileged and not waived, the crime-fraud exception applies as torrenting pirated data and then deleting the |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Shorthand Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | datasets is criminal copyright infringement and/or misconduct which fundamentally undermines the litigation process.<br><br>**OpenAI's Position:** Plaintiffs ask this Court to eviscerate OpenAI's attorney-client privilege based on a single exchange at OpenAI's custodial 30(b)(6) deposition that established OpenAI's decision to delete two datasets well before these cases were filed involved company attorneys. The reasons for the deletion are privileged. Plaintiffs did not contest that privilege assertion at the deposition or challenge the testimony; instead, they immediately proceeded to another line of questioning. Plaintiffs insist that OpenAI has waived its privilege by allegedly putting these facts at issue. But OpenAI has never relied on legal advice regarding the deletion of the datasets to advance any claim or defense in this case. OpenAI is not using the privilege as a sword and a shield. As for Plaintiffs' equally baseless crime-fraud theory, there is no evidence for Plaintiffs' speculation that OpenAI's privileged communications intentionally furthered criminal conduct. The best support Plaintiffs can offer is a separate case where the court rejected the crime-fraud argument. There has been no crime or fraud; only fair use.<br><br>There are no grounds to re-open OpenAI's custodial 30(b)(6) deposition, much less to force OpenAI to produce privileged documents. The Court should deny Plaintiffs' request. If the Court is inclined to consider granting Plaintiffs any relief, given the sanctity of OpenAI's attorney-client privilege, OpenAI requests the issue be briefed as a full motion. |
| Dkt. 377 (Sealed Filing)<br><br>Dkt. 365 (Public Filing) | 3/31/2025 | Dkt. 386 (Sealed Filing)<br><br>Dkt. 388 (Public Filing) | Microsoft's Response to RFP re: training data | Class Plaintiffs | Microsoft | Plaintiffs and Microsoft have submitted letter briefing | **Plaintiffs' Position:** Plaintiffs move to compel Microsoft to produce for inspection data that Microsoft downloaded and provided for training of OpenAI's models. In particular, Plaintiffs seek an inspection of any copy of LibGen—a pirated books dataset containing Plaintiffs' works—Microsoft may have made. This request is covered by RFP No. 41 and seeks information highly relevant to Plaintiffs' direct and contributory infringement claims against Microsoft. Microsoft's position that the data is not relevant to the models at issue contravenes this Court's prior rulings and ignores the scope of the operative complaint. |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Shorthand Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | **Microsoft's Position:** RFP 41 does not cover the requested data because it was not used to train any of the OpenAI models at issue. OpenAI engaged Microsoft to scrape data from the internet in late 2023 for evaluation as potential use in training future models. Microsoft streamed the data directly to an Azure storage container controlled by OpenAI. Microsoft does not possess or control the data scraped for OpenAI, nor does that data have anything to do with the models at issue in this case. It was provided to OpenAI in late 2023 long after the models named in the Complaint were trained. Whatever that data may have contained and whatever, if anything, OpenAI did with it, it is not at issue in these cases. The request should be denied. |