UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, *et al.*, individually and on behalf of others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>OPENAI INC., *et al.*,<br><br>      Defendants. | Case No. 1:23-cv-08292-SHS (OTW)<br>Case No. 1:23-cv-10211-SHS (OTW)<br><br>**MOTION FOR LEAVE TO AMEND THE COMPLAINT** |
| JONATHAN ALTER, *et al.*, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>OPENAI, INC., *et al.*,<br><br>      Defendants. | |

# TABLE OF CONTENTS

Page

NOTICE OF MOTION ........................................................................................................... 1

MEMORANDUM OF LAW .................................................................................................... 2

I. Introduction ............................................................................................................ 2

II. Background ............................................................................................................ 2

III. Legal Standard ....................................................................................................... 4

IV. Argument ............................................................................................................... 4

    A. Plaintiffs' Amendment Is Timely. ............................................................. 4

    B. Plaintiffs' Amendment Is Made in Good Faith. ........................................ 5

    C. Plaintiffs' Amendment Is Not Futile ......................................................... 5

        1. Loan Outs ..................................................................................... 5

        2. Direct Infringement ...................................................................... 6

        3. Vicarious Infringement ................................................................ 7

    D. Plaintiffs' Amendment Is Not Unduly Prejudicial .................................... 8

V. Conclusion ........................................................................................................... 10

## TABLE OF AUTHORITIES

**Page**

**Cases**

*A & M Records, Inc. v. Napster Inc.*,
    239 F.3d 1004 (9th Cir. 2001) ............................................................................................... 8

*Agerbrink v. Model Serv. LLC*,
    155 F. Supp. 3d 448 (S.D.N.Y. 2016) ................................................................................. 8, 9

*Am. Geophysical Union v. Texaco Inc.*,
    60 F.3d 913 (2d Cir. 1994) ..................................................................................................... 7

*Ap-Fonden v. Goldman Sachs Grp., Inc.*,
    No. 18-cv-12084, 2023 WL 4865617 (S.D.N.Y. July 31, 2023) ........................................... 4

*Argentum Risk Partners LLC v. Schaeffer*,
    No. 19-cv-1622, 2021 WL 10917352 (S.D.N.Y. Jan. 29, 2021) ......................................... 4, 5

*Arista Recs. LLC v. Lime Grp. LLC*,
    784 F. Supp. 2d 398 (S.D.N.Y. 2011) ................................................................................. 7, 8

*Boisson v. Banian, Ltd*,
    273 F.3d 262 (2d Cir. 2001) .................................................................................................. 5

*Dass v. City Univ. of New York*,
    2024 WL 4986914 (S.D.N.Y. Dec. 5, 2024) ......................................................................... 9

*Foman v. Davis*,
    371 U.S. 178 (1962) ............................................................................................................. 4

*Franco v. Ideal Mortg. Bankers, Ltd.*,
    2009 WL 3150320 (E.D.N.Y. Sept. 28, 2009) ..................................................................... 9

*Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*,
    443 F.2d 1159 (2d Cir. 1971) ............................................................................................... 7

*Kate Spade LLC v. Vinci Brands LLC*,
    2024 WL 4449666 (S.D.N.Y. Oct. 9, 2024) ......................................................................... 5

*Lucente v. Int'l Bus. Mach. Corp.*,
    310 F.3d 243 (2d Cir. 2002) ................................................................................................. 5

*Morrison v. Scotia Cap. (USA) Inc.*,
    2023 WL 8307930 (S.D.N.Y. Dec. 1, 2023) ......................................................................... 5

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Pasternack v. Shrader*,
 863 F.3d 162 (2d Cir. 2017)..................................................................................................8

*Rams v. Def Jam Recordings, Inc.*,
 202 F. Supp. 3d 376 (S.D.N.Y. 2016).....................................................................................8

*Ruotolo v. City of New York*,
 514 F.3d 184 (2d Cir. 2008)...................................................................................................9

*Sacerdote v. New York Univ.*,
 9 F.4th 95 (2d Cir. 2021) ........................................................................................................4

*State Tchrs. Ret. Bd. v. Fluor Corp.*,
 654 F.2d 843 (2d Cir. 1981)...................................................................................................9

*U.S. For & on Behalf of Mar. Admin. v. Cont'l Illinois Nat. Bank & Tr. Co. of Chicago*,
 889 F.2d 1248 (2d Cir. 1989).................................................................................................9

*Waite v. UMG Recordings, Inc.*,
 450 F. Supp. 3d 430 (S.D.N.Y. 2020).....................................................................................3

*White v. DistroKid*,
 738 F. Supp. 3d 387 (S.D.N.Y. 2024).....................................................................................7

**Statutes**

17 U.S.C. § 501(b)......................................................................................................................5, 6

Local Civil Rule 15.1(a) ............................................................................................................1, 2

**Court Rules**

Fed. R. Civ. P. 12(b)(6)...................................................................................................................5

Fed. R. Civ. P. 15(a)(2)...............................................................................................................1, 4

Fed. R. Civ. P. 20(a)(1)...................................................................................................................6

Fed. R. Civ. P. 21 ...........................................................................................................................6

## NOTICE OF MOTION

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs in the *Authors Guild* and *Alter* actions ("Plaintiffs") respectfully seek leave to amend the operative complaint ("Complaint"), Dkt. 69, to align the pleadings with the facts as revealed in discovery. Pursuant to Local Civil Rule 15.1(a), a redline showing the proposed amendment and attached exhibits is attached as Exhibit 1, and a clean copy of the proposed Amended Complaint and attached exhibits is attached as Exhibit 2.[1] Plaintiffs have conferred with Defendants on the proposed amendment; Defendants oppose it as necessitating additional discovery. For the reasons stated in the accompanying Memorandum of Law, the Court should grant Plaintiffs leave to amend the Complaint.

---

[1] All exhibits referenced in the Motion are attached to the Declaration of Rachel J. Geman.

## MEMORANDUM OF LAW

### I. Introduction

Plaintiffs seek leave to amend the Complaint to align the pleadings with facts revealed in discovery. The proposed amendment, filed before the Court's April 15 deadline to amend, is timely, in good faith, is not futile, and causes no prejudice at all: there is no trial date, and discovery is ongoing. Defendants' objections to the amendment are unfounded, and the Court should grant Plaintiffs' Motion because each of the *Foman* factors weighs in favor of leave to amend.

### II. Background

Plaintiffs have been diligently pursuing discovery to develop the factual record. That discovery has revealed and clarified the scope of Defendants' liability for copyright infringement. Accordingly, Plaintiffs seek leave to amend to specify their existing claims and add a vicarious copyright infringement claim against Microsoft.

Pursuant to Local Civil Rule 15.1(a), a redline showing the proposed amendment is attached as Exhibit 1, and a clean copy of the proposed amended complaint is attached as Exhibit 2. On March 19, 2025, Plaintiffs sent Defendants the proposed amended complaint and sought their position on the amendment. Ex. 3 (email thread regarding amendment). On March 31, Microsoft refused to consent to the amendment. *Id.* On April 9, 2025, Plaintiffs again sought Defendants' position, notified Defendants of their intention to file this motion by April 11, 2025, and stated that they would presume Defendants' opposition unless Defendants stated otherwise. *Id.* Defendants did not respond by April 11, 2025.

The substance of Plaintiffs' proposed amendment falls into three categories.

*First,* Plaintiffs seek to add as new plaintiffs the "loan-out" companies[2] that certain Plaintiffs created to assist in managing their works. Ex. 1 ¶¶ 48–56. The addition of the loan-out companies does not change the scope of discovery. In fact, nearly all responsive documents in the custody of the *proposed* Plaintiffs have already been produced.

*Second,* Plaintiffs seek to clarify and update their direct infringement claims. The proposed amended complaint alleges with greater specificity (1) that Plaintiffs' books are contained in OpenAI's and Microsoft's LLMs' training datasets[3]; and (2) the precise OpenAI models which the Court *already* ruled are within the scope of the current complaint, Ex. 1 ¶¶ 4, 99. *See* Dkt. 293 (limiting certain discovery to models set forth in OpenAI's response to Interrogatory No. 11); Ex. 4 (OpenAI's Supplemental Response to Interrogatory No. 11) (including ███████████████████████████████████████████). In support of its current direct infringement claim, Plaintiffs' amendment also adds allegations of Microsoft's copying of hundreds of thousands of copyrighted works—including those contained in ████████████████████████████████████ and the notorious pirated dataset "Books3"—for use as LLM training data. Ex. 1 ¶ 68, 146, 150–55.

*Third,* the proposed amended complaint alleges a vicarious infringement claim against Microsoft (presently there are both direct and contributory claims, but not a vicarious infringement claim). Ex. 1 ¶¶ 137–38, 141, 144, 147–49, 182. Based on the facts revealed in discovery, Plaintiffs allege that Microsoft profited from OpenAI's direct infringement while

---

[2] A "loan-out" company in the copyright context loans out the services of an individual, often an author, and enters into contracts to license the copyright on the author's behalf. *See Waite v. UMG Recordings, Inc.*, 450 F. Supp. 3d 430, 441 (S.D.N.Y. 2020). After Defendants reviewed the proposed amended complaint and rejected the addition of *any* loan-out companies, Plaintiffs added Wo & Shade LLC as an additional plaintiff. *See* Ex. 1 ¶ 56.
[3] Ex. 1 ¶¶ 187, 198, 212, 213, 225, 226, 243, 254, 265, 276, 285, 296, 306, 322, 337, 348, 359, 373, 400, 411.

declining to exercise its right to stop or limit that infringement. Ex. 1 ¶¶ 68, 137, 141. Discovery related to this vicarious infringement claim overlaps significantly with Plaintiffs' direct/contributory claims against Microsoft, and will entail minimal, if any, new discovery.

## III. Legal Standard

A request for leave to amend filed after the time to amend by right has passed but before the "expiration of a specified period of time in a scheduling order" is governed by Rule 15(a)(2). *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." The rule sets out "a liberal and permissive standard[.]" *Sacerdote*, 9 F.4th at 115. To evaluate a request for leave to amend, courts balance the following four factors set out in *Foman v. Davis*, 371 U.S. 178, 182 (1962): "undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party." *Argentum Risk Partners LLC v. Schaeffer*, No. 19-cv-1622, 2021 WL 10917352, at *1 (S.D.N.Y. Jan. 29, 2021) (Wang, J.) (citing *Foman*, 371 U.S. at 182).

## IV. Argument

The Court should grant leave to amend because each of the *Foman* factors weighs in favor of leave to amend.

### A. Plaintiffs' Amendment Is Timely.

Plaintiffs' request for leave to amend is timely because it falls before the April 15, 2025 deadline to amend set by this Court.[4] *See* Dkt. 293; Dkt. 296 at 146:17; *Ap-Fonden v. Goldman Sachs Grp., Inc.*, No. 18-cv-12084, 2023 WL 4865617, at *4 (S.D.N.Y. July 31, 2023) (no undue delay when leave to amend is sought within the deadline set by the Court). Courts routinely grant leave to amend when new facts are discovered and promptly raised with the court, even *after* the

---

[4] Should the Court prefer another procedure, Plaintiffs respectfully suggest that this motion alternatively could be deemed a pre-motion conference letter.

-4-

deadline to amend has passed (unlike here). *See Argentum*, 2021 WL 10917352, at *1 (granting leave to amend to add parties and claims revealed in discovery after the deadline to amend passed). The proposed amendment reflects Plaintiffs' efforts to pursue discovery, develop the factual record, and align the pleadings with the facts in a timely fashion.

      **B.**    <u>**Plaintiffs' Amendment Is Made in Good Faith.**</u>

Courts in this Circuit have found bad faith only in egregious circumstances such as "where the moving party sought to add defendants without knowledge as to all defendants' potential liability, added allegations merely to evade the tolling of the statute of limitations, or acted with dilatory motive." *Kate Spade LLC v. Vinci Brands LLC*, No. 23-cv-5409, 2024 WL 4449666, at *4 (S.D.N.Y. Oct. 9, 2024). In the absence of such factors, there is no bad faith, *id.*; those factors are not present here. To the contrary, the amendment reflects Plaintiffs' greater knowledge of the scope of Defendants' liability. The amendment bolsters Plaintiffs' existing claims and refines the allegations against Defendants to reflect the evidence revealed in discovery.

      **C.**    <u>**Plaintiffs' Amendment Is Not Futile.**</u>

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Morrison v. Scotia Cap. (USA) Inc.*, No. 21-cv-18592023, WL 8307930, at *1 (S.D.N.Y. Dec. 1, 2023) (Stein, J.) (citing *Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)). Plaintiffs' amendment is not futile.

      **1.**    <u>**Loan Outs**</u>

Adding Plaintiffs' loan-out companies is not futile because the loan-out companies support Plaintiffs' claim of copyright ownership, which is a required element of a direct copyright infringement claim. *See Boisson v. Banian, Ltd*, 273 F.3d 262, 267 (2d Cir. 2001); 17 U.S.C. § 501(b). Under the Copyright Act, the "legal or beneficial owner of an exclusive"

copyright is entitled to enforce their copyright. 17 U.S.C. § 501(b). Adding the loan-out companies ensures that all Plaintiffs may assert legal and equitable ownership, in addition to their beneficial ownership.

Adding the loan-out companies is also proper under Rules 20 and 21. *See* Fed. R. Civ. P. 20(a)(1) (permitting joinder of plaintiffs whose claim arises out of the "same transaction, occurrence, or series of transactions or occurrences" and where "any question of law or fact common to all plaintiffs will arise in the action."); Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").[5]

### 2. Direct Infringement

Plaintiffs' more specific allegations that their books are in Defendants' LLMs' training datasets are not futile because they further bolster their direct infringement claims against both Defendants. Plaintiffs' additional allegations as to the specific LLMs at issue are not futile because they clarify the scope of infringement, as alleged in the Complaint. Indeed, these allegations merely formalize what the Court has already ruled: that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ are within the scope of the Complaint. *See* Dkt. 293 (limiting the scope of discovery to models set forth in OpenAI's response to Interrogatory No. 11); Ex. 4 (OpenAI's Supplemental Response to Interrogatory No. 11) (including ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓).

Plaintiffs' proposed allegations as to Microsoft's direct infringement are not futile because they clarify the pending direct infringement claim against Microsoft. Plaintiffs allege that Microsoft (1) directly copied hundreds of thousands of copyrighted works—▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—for training LLMs, Ex. 1 ¶¶ 146; 150–55; and (2) used Books3, an illicit

---

[5] Consistent with these Rules and with Dkt. 173, Maya Lang also withdraws as a named plaintiff in this matter.

dataset which contains Plaintiffs' works, to train its Megatron-NLP LLMs, *id.* ¶ 68. Plaintiffs also allege that Microsoft entered into a licensing deal for books for AI training data with publisher HarperCollins. *Id.* ¶ 9. These allegations are supported by evidence and are themselves sufficient to state a claim for direct infringement. *See, e.g.*, *Am. Geophysical Union v. Texaco Inc.*, 60 F.3d 913, 924–25 (2d Cir. 1994) (explaining that making complete photocopies of copyrighted articles to avoid paying for them directly infringes their copyrights).

### 3. Vicarious Infringement

The proposed vicarious infringement claim is likewise not futile. A defendant is vicariously liable for copyright infringement if it "[1] had the right and ability to supervise the infringing activity and [2] has a direct financial interest in such activities." *Arista Recs. LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 434–35 (S.D.N.Y. 2011) (quoting *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). Here, Plaintiffs' allegations satisfy both prongs.

Courts find the supervision element satisfied where the defendant had "[t]he ability to block infringers' access to a particular environment for any reason whatsoever[.]" *White v. DistroKid*, 738 F. Supp. 3d 387, 400 (S.D.N.Y. 2024) (finding supervision where plaintiff alleged defendant had the ability to remove content from the Digital Stores "for reasons including failure to pay its annual fee, its receipt of takedown notices submitted to Digital Stores, or any reason in its business judgment."). The proposed amended complaint satisfies this element because it alleges that Microsoft (1) designed, operated, and controlled a custom supercomputer used to train OpenAI's LLMs, Ex. 1 ¶¶ 68, 137–38; (2) worked with OpenAI to curate the data used to develop OpenAI's LLMs, *id.* ¶ 141; (3) hired OpenAI CEO Sam Altman when he was terminated and pressured OpenAI to reinstate him as CEO, *id.* ¶ 147; and (3) facilitated and supervised OpenAI's copyright infringement. *id.* ¶ 68.

As to financial interest, courts find the element satisfied where there is a "causal relationship between the infringing activity and any financial benefit [the] defendant reaps . . . ." *Rams v. Def Jam Recordings, Inc.*, 202 F. Supp. 3d 376, 385 (S.D.N.Y. 2016) (quoting *A & M Records, Inc. v. Napster Inc.*, 239 F.3d 1004, 1023 (9th Cir. 2001)). "The financial benefit need not be tied directly to sales of the infringing goods . . . nor must it be substantial." *Id.*; *see also Arista Recs. LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 435 (S.D.N.Y. 2011) (finding financial interest because "LimeWire users are drawn to LimeWire because the program permits infringement" and "LW has profited from its ability to attract infringing users, including through increased advertising revenue and increased sales of LimeWire Pro and authorized music"). The proposed amended complaint satisfies this element because it alleges that Microsoft has a direct financial interest in OpenAI's infringement based on Microsoft's contractual entitlement to 75% of OpenAI's profits until its $13 billion investment is repaid, as well as its 49% ownership stake in OpenAI's for-profit operations. Ex. 1 ¶ 68.

### D. Plaintiffs' Amendment Is Not Unduly Prejudicial.

To evaluate undue prejudice, courts consider whether the assertion of the new claim or defense would "(i) require the non-movant to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the dispute's resolution; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017). "Complaints of the time, effort and money expended in litigating the matter, without more," are not prejudice for purposes of amendment. *Id.* "This inquiry involves a balancing process, weighing any potential prejudice to the opposing party against the prejudice that the moving party would experience if the amendment were denied." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016). "The non-moving party bears the burden

of demonstrating that substantial prejudice would result were the proposed amendment to be granted." *Id.*

Here, Plaintiffs' amendment is not unduly prejudicial. First, the Court has not yet set a trial date, and the proposed schedule can accommodate any further discovery. *See Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) ("Undue prejudice arises when an amendment [comes] on the eve of trial and would result in new problems of proof.") (quotation marks and citation omitted). Second, contrary to Defendants' assertions about further discovery, the proposed vicarious infringement claim overlaps significantly with Plaintiffs' existing contributory infringement claim, and this Court has already ruled that the additional named OpenAI models are within the scope of discovery. *See Franco v. Ideal Mortg. Bankers, Ltd.*, No. 7-cv–3956, 2009 WL 3150320, at *3 (E.D.N.Y. Sept. 28, 2009) ("This is not a case in which Defendant would need to re-vamp its trial strategy or prepare to defend against claims based on new legal theories."). Moreover, the Second Circuit is clear that an amendment that occasions additional discovery does not constitute undue prejudice. *See U.S. For & on Behalf of Mar. Admin. v. Cont'l Illinois Nat. Bank & Tr. Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989) ("the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading"); *State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (leave to amend was appropriate where no trial date had been set or summary judgment motion filed and the amendment would not involve "a great deal of discovery" where the "amended claim was obviously one of the objects of discovery and related closely to the original claim"); *see also Dass v. City Univ. of New York*, No. 18-cv-11325, 2024 WL 4986914, at *5 (S.D.N.Y. Dec. 5, 2024) ("the prospect of spending more time, effort, or money on litigation—including through additional discovery and motion practice—does not

Case 1:23-cv-10211-SHS-OTW    Document 356    Filed 04/11/25    Page 14 of 17

render an amended complaint unduly prejudicial."). Third, the proposed amendment will not delay the schedule, and Plaintiffs continue to push for an expeditious progression of this matter. *See* Dkt. 396 (opposing Defendants' request to continue the April 10, 2025 conference).

## V.     Conclusion

Because each of the *Foman* factors weighs in their favor, Plaintiffs respectfully request the Court grant them leave to amend.

Dated:  April 11, 2025

Respectfully submitted,

*/s/ Rachel Geman*
Rachel Geman
Wesley Dozier (*pro hac vice*)
Anna Freymann
Danna Elmasry
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
rgeman@lchb.com
wdozier@lchb.com
afreymann@lchb.com
delmasry@lchb.com

Reilly T. Stoler (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
rstoler@lchb.com

Kenneth S. Byrd (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
222 2nd Avenue S. Suite 1640
Nashville, TN 37201
Tel.: 615-313-9000
kbyrd@lchb.com

*/s/ Justin A. Nelson*
Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: 713-651-9366

jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: 310-789-3100
rnath@susmangodfrey.com

Charlotte Lepic
J. Craig Smyser
SUSMAN GODFREY L.L.P.
New York, New York 10001
Tel.: 212-336-8330
clepic@susmangodfrey.com
csmyser@susmangodfrey.com

*/s/ Scott Sholder*
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS &
SHEPPARD LLP
60 Broad Street, 30th Floor
New York, New York 10010
Telephone:  212.974.7474
ssholder@cdas.com
ccole@cdas.com

***Interim Co-Lead Class Counsel***

## PROOF OF SERVICE VIA ECF

On April 11, 2025, I caused the foregoing document, Plaintiffs' Motion for Leave to Amend the Complaint, to be served on all counsel of record via ECF.

*/s/ Rachel Geman*
Rachel Geman

**LENGTH OF MEMORANUM ATTESTATION**

Pursuant to Local Civil Rule 7.1(c), I certify that Plaintiffs' Motion for Leave to Amend the Complaint complies with the word-count limitations because it contains 2,693 words.

*/s/ Rachel Geman*
Rachel Geman