UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: OpenAI, Inc. Copyright Infringement Litigation | 1:25-md-03143-SHS |
| | **This Document relates to:** |
| AUTHORS GUILD, et al., | Case No. 1:23-cv-08292-SHS-OTW |
| Plaintiffs, | |
| v. | |
| OPENAI, INC., et al., | |
| Defendants. | |
| JONATHAN ALTER, et al. | Case No. 1:23-cv-10211-SHS-OTW |
| Plaintiff, | |
| v. | |
| OPENAI, INC., et al., | |
| Defendants. | |

**DECLARATION OF ANNETTE L. HURST IN SUPPORT OF DEFENDANT MICROSOFT'S OPPOSITION TO NY CLASS PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

I, Annette L. Hurst, pursuant to 28 U.S.C. § 1746, declare as follows:

2. As of April 25, 2025, Plaintiffs have served five sets of requests for production on Microsoft and eleven sets on OpenAI. Plaintiffs have also served four sets of interrogatories on each Microsoft and OpenAI, and one set of requests for admission on OpenAI.

3. In response to these discovery requests, Microsoft has produced over 82,000 documents and OpenAI has produced over 116,000 documents to date, with production ongoing.

4. As of April 25, 2025, Microsoft has served four sets of requests for production and two sets of interrogatories on Plaintiffs. OpenAI has served nine sets of requests for production and four sets of interrogatories, and three sets of requests for admission on Plaintiffs.

5. In response to these discovery requests, Plaintiffs have produced over 26,000 documents.

6. Over the past year, Microsoft has agreed to search and has been collecting, reviewing, and producing documents from 21 custodians for more than 180 search terms. Plaintiffs have agreed to search for documents from 37 custodians for over 1,100 search terms. Magistrate Judge Wang ordered that Defendants review custodial documents with a combined number of hit counts in excess of 1,000,000 hits.

7. The parties began negotiating about deposition procedures in the New York consolidated and coordinated cases at least as early as September 2024. We engaged in extensive negotiations and multiple letter requests were filed regarding deposition planning. A significant impediment to the ability to adopt a deposition protocol was the refusal of the California and New York class plaintiffs to coordinate their deposition planning. Eventually, Magistrate Judge Wang ordered that the New York parties conduct two separate settlement conferences in order to facilitate off-the-record discussions about how to coordinate depositions and the parties made substantial progress in formulating a protocol.

8. The parties have been exchanging lists of witnesses and draft 30(b)(6) notices. We are poised to begin scheduling depositions and to move on to the next stage of discovery in this litigation as soon as the Court has organized the MDL and adopted a deposition coordination protocol. If Microsoft were required to add the large language models and products proposed in the First Amended Class Complaint, it would completely upend the current status of discovery. Microsoft would be forced to interview and collect documents from many new noncustodial and custodial sources. I estimate that the scope of the proposed enlargement of the case could be several times as large as the effort already undertaken, and would involve re-reviewing materials that were already collected as well as collection of new materials. It would reset the clock and necessitate many months of delay until depositions of Microsoft witnesses could commence. Plaintiffs could not simply start taking depositions of Microsoft witnesses because, for example, they would have to formulate an entirely new list of deponents and 30(b)(6) topics after Microsoft undertakes its additional document collection and production efforts.

9. Plaintiffs provided Defendants with a draft of the proposed First Amended Class Complaint on March 19, 2025. After carefully reviewing the draft, on March 31, 2025, Microsoft offered a tolling agreement. Plaintiffs refused to negotiate such an agreement. Attached as **Exhibit A** is a true and correct copy of the email correspondence offering the tolling agreement and Plaintiffs' subsequent refusal.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 25th day of April 2025.

*/s/ Annette L. Hurst*

Annette L. Hurst