# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

1000 LOUISIANA

SUITE 5100

HOUSTON, TX 77002-5096

(713) 651-9366

FAX (713) 654-6666

WWW.SUSMANGODFREY.COM

_____

| 401 UNION STREET | ONE MANHATTAN WEST | 1900 AVENUE OF THE STARS |
| SUITE 3000 | NEW YORK, NY 10001-8602 | SUITE 1400 |
| SEATTLE, WA 98101-2668 | (212) 336-8330 | LOS ANGELES, CA 90067 |
| (206) 516-3880 | | (310) 789-3100 |

JUSTIN A. NELSON
DIRECT DIAL 713-653-7895

E-MAIL jnelson@susmangodfrey.com

July 30, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

      RE:    *In re OpenAI, Inc. Copyright Infringement Litigation* (No. 1:25-md-03143) – *Class Plaintiffs' Motion Seeking In Camera Review of OpenAI Documents*

Dear Judge Wang:

      Pursuant to Rule II(b) of Your Honor's Individual Practices, Class Plaintiffs seek a conference regarding their request that OpenAI either produce a set of 27 documents in unredacted form or submit them to Your Honor for *in camera* review. The documents fall into two categories. **Category 1** is a set of 10 documents[1] that OpenAI has withheld or redacted based on a purported privilege, for which Class Plaintiffs have a good faith belief that no privilege exists. **Category 2** is a set of 18[2] documents that OpenAI produced, and then clawed back, and for which Class Plaintiffs are seeking *in camera* review pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).

      ***Class Plaintiffs' Efforts to Confer***. Class Plaintiffs first raised concerns with OpenAI's improper withholding of documents based on a purported privilege in a letter on February 19, 2025. ECF No. 349-1. Since that letter, the parties have met and conferred at length and have been unable to resolve these issues.

      More recently, Class Plaintiffs emailed OpenAI on June 4, 2025, and again on June 26, 2025, seeking OpenAI's agreement to submit documents to the Court to review *in camera*. *See* Exh. 1 at 20, 29. The parties met and conferred via Zoom on July 11, 2025. At that conference, OpenAI proposed a compromise in which both parties would submit a sample of challenged

---

[1] These documents are identified as MDL Entry Nos. 1, 21, 23, 24, 27, 28, 29, 30, 31, 32 in OpenAI's May 25, 2025 privilege log. ECF 156-1.

[2] These documents are identified as MDL Nos. 1, 2, 4-18, 20. One document, MDL Entry No. 1, is in both categories, which is why the two categories (10 and 18) add up to 27.

July 30, 2025
Page 2

privilege claims to the Court for *in camera* review. *Id.* at 8. When Plaintiffs tried to accept that compromise, OpenAI ignored emails for nearly three weeks. Rather than accept their own proposal, OpenAI waited until the evening, two days before motions were due, and purported to drop its privilege claims on seven of the ten documents in Category 1. *Id.* at 2–7. When Class Plaintiffs asked OpenAI to produce the unredacted documents and any new declaration that OpenAI intended to submit to support any further privilege, OpenAI did not respond. *Id.* at 1–2. Accordingly, while OpenAI may have signaled a changed position, it has delayed until ***after*** Class Plaintiffs' Motion was due to reveal exactly what its new position is. As a result, Class Plaintiffs seek the production or *in camera* review of the documents which have been the subject of the parties' extensive meet and confers, and now three motions: Category 1 (MDL Entry Nos. 1, 21, 23, 24, 27, 28, 29, 30, 31, 32) and Category 2 (MDL Entry Nos. 1, 2, 4-18, 20) from OpenAI's May 25, 2025 privilege log. ECF No. 156-1.

    ***Category 1***. This Court regularly reviews a subset of documents withheld on the basis of privilege in order to guide the parties' disputes over the application of the attorney-client privilege. *See, e.g.*, *MASTR Adjustable Rate Mortgages Tr. 2006-OA2 v. UBS Real Est. Sec.*, 2013 WL 4860583, at *5 (S.D.N.Y. Sept. 12, 2013) ("U.S. Bank may identify up to 75 documents for in *camera* review. My rulings on the applicability of attorney client privilege and work product immunity will provide guidance for the parties on whether certain types of documents have been properly or improperly withheld."); *Safety Mgmt. Sys. v. Safety Software Ltd.*, 2011 WL 4898085, at *1 (S.D.N.Y. Oct. 5, 2011) ("The Court has reviewed *in camera* a sample of the documents at issue, in order to provide the parties with the guidance they need to resolve the dispute."); The Sedona Conference Commentary on Privilege Logs, 25 Sedona Conf. J. 221, 305 (2024) ("To reduce the burden and to preserve the court's resources, a court may provide guidance to parties to apply to contested documents and recurrent privilege issues or sample a subset of the documents subject to challenge to determine whether further in camera review is appropriate."). Indeed, this Court informed the parties that if the present dispute could not be resolved, the Court would review these same documents *in camera*. ECF No. 156-2 (May 27, 2025 Hearing Tr.) at 47.

    Class Plaintiffs have a good-faith belief that OpenAI is improperly withholding non-privileged documents. Two salient examples are OpenAI's withholding or redacting of (1) information that is primarily business in nature and (2) information that OpenAI originally logged as being advice from Cullen O'Keefe, who was not serving as an attorney at the time the documents were created.

    The first example includes six documents that appear, based on the context of the document and OpenAI's privilege log assertions, to contain discussions that are not privileged because they are primarily business in nature and "legal issues do not predominate." *See Reino de Espana v. American Bureau of Shipping,* 2005 WL 3455782, at *2–3 (S.D.N.Y. Dec.14, 2005); *Brown v. Dep't of Corr. Servs.*, No. 09-CV-00949S F, 2011 WL 2182775, at *15 (W.D.N.Y. June 2, 2011) ("The mere fact that an attorney is consulted by a client does not render the ensuing communications privileged if the purpose of the consultation is to obtain other than legal advice or services."). These documents include:

July 30, 2025
Page 3

- MDL No. 1, a redacted document, in which the unredacted portion indicates that the redacted portion is not privileged. The document is a discussion among non-lawyers about a business matter and the section preceding the redaction indicates that the redaction relates to "a q[uestion] for" OpenAI's "policy group"—nonlawyers. A question from non-lawyers to non-lawyers about a non-legal issue is not privileged.

- MDL No. 27, which is a discussion among five non-lawyers about a business issue— OpenAI expanding its books datasets. OpenAI's vague assertion in its privilege log that the redacted information is "regarding legal counseling regarding data partnerships" does not contradict the clear context from the unredacted portion of the document, which shows that this was a primarily business discussion among businesspeople. ECF No. 349-5.

- MDL Nos. 28-31 are all documents involving business discussions among non-lawyers from which OpenAI has redacted information. Tellingly, while OpenAI claims it has redacted information that it can withhold based on the attorney-client privilege, OpenAI vaguely asserts in its privilege log that the legal advice came from "OpenAI's legal department," and cannot identify the attorney who offered the purportedly privileged advice. ECF 156-1. This exact practice—attributing purported legal advice to an entire department as opposed to an attorney—has been found insufficient to support a privilege claim. *See, e.g.*, *A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, 2013 WL 6044342, at *4 (D. Conn. Nov. 14, 2013) (finding that withholding party failed to support privilege claim where "the documents do not indicate who prepared them, or for what purpose" and "privilege log for these documents, except document 66, indicates the redacted portions were prepared by Progressive's legal department").

The group illustrating the second example includes four documents (MDL Entry Nos. 21, 23, 24, 32) that OpenAI originally claimed contained legal advice from Cullen O'Keefe, who has not served as an attorney at OpenAI since April 2022, when he transferred into a non-legal role. OpenAI does not argue that Mr. O'Keefe was performing a legal role at the time of these communications; instead, OpenAI revised its privilege log to suggest that the underlying privileged communication was advice from "OpenAI's legal department." ECF 156-1. This lack of specificity does not meet OpenAI's burden to support its privilege claim. *A & R Body Specialty & Collision Works, Inc.*, 2013 WL 6044342, at *4

**Category 2**. Plaintiffs have also requested that OpenAI submit for *in camera* review a set of 18 documents that OpenAI has already produced in this case, but then clawed back on the eve of depositions. FRCP 26(b)(5)(B) ***expressly allows*** a receiving party to present such documents to the Court for *in camera* review, as it provides that a receiving party "may promptly present the information to the court under seal for a determination of the claim." Despite Class Plaintiffs' prompting, OpenAI has failed to identify any authority that presents a contrary view of Rule 26(b)(5)(B). Accordingly, and consistent with the Court's May 27, 2025 statement at the May 27, 2025 Conference (ECF No. 156-2 at 47), Class Plaintiffs respectfully request for the *in camera* review of a set of 18 documents that OpenAI produced and then clawed back "for a determination of the claim."

July 30, 2025
Page 4


Sincerely,

/s/ *Justin A. Nelson*
Justin A. Nelson
Susman Godfrey, LLP
Interim Lead Class Counsel