SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
1000 LOUISIANA
SUITE 5100
HOUSTON, TX 77002-5096
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

_____

| 401 Union Street  | One Manhattan West | 1900 Avenue of the Stars |
| Suite 3000 | New York, NY 10001-8602 | Suite 1400 |
| Seattle, WA 98101-2668 | (212) 336-8330 | Los Angeles, CA 90067 |
| (206) 516-3880 |   | (310) 789-3100 |

Justin A. Nelson
Direct Dial 713-653-7895

E-Mail jnelson@susmangodfrey.com

January 5, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

      RE:    **Class Plaintiffs' Motion Regarding Speaking Objections and Coaching at Depositions,** *In re OpenAI, Inc. Copyright Infringement Litigation* (No. 1:25-md-03143) This document relates to the following Class Cases: Case No. 1:23-cv-08292, Case No. 1:23-cv-10211, Case No. 1:24-cv-00084, Case No. 1:25-cv-03291, Case No. 1:25-cv-03482, Case No. 1:25-cv-03483.

      The parties have taken dozens of depositions, and have dozens more scheduled between now and the end of fact discovery. During the course of the depositions to date, counsel for OpenAI have engaged in a pattern of speaking objections and witness coaching, which Class Plaintiffs document below and in the attached exhibits. Class Plaintiffs attempted to address this issue through a meet and confer process that began with a letter on November 4, 2025 (*See* Exhibit 1), but OpenAI's counsel has not changed its approach.

      Class Plaintiffs hereby seek an Order addressing this conduct in three ways. First, Class Plaintiffs seek a rule that counsel at depositions may state only "objection, form," unless they are objecting to preserve a privilege. Second, Class Plaintiffs seek a rule that counsel may not discuss the substance of witness testimony during deposition breaks, similar to breaks from trial testimony. Third, Class Plaintiffs seek an additional deposition time with OpenAI witnesses, as set forth in a concurrently filed motion.

      **I.**    **Examples of OpenAI Counsel Speaking Objections During Depositions**

      OpenAI's speaking objections have been disruptive, time-consuming, and suggestive to witnesses about how they should respond to questions. The following examples are illustrative.

January 5, 2025
Page 2

During the October 17, 2025 deposition of David Lansky, OpenAI's counsel made repeated, inappropriate objections, including, the following:

- ███████████████████████████████████
  ███████████████████████████████████
  ████████████████████████
  
  …
  
  ███████████████████████████████████
  ██████████████████████ Exhibit 2 (Lansky Dep. Tr.) at 21:18-22:2.[1]

- ███████████████████████████████████
  ██████████████████████ *Id.* at 22:24-25.

- ███████████████████████████████████
  ███████████████████████████████████
  ███████████████████████████████████
  
  *Id.* at 25:18-26:3.

- ███████████████████████████████████
  ████████████████████ *Id.* at 27:10-28:1.

- ███████████████████████████████████
  ███████████████████████████████████
  ████████████████████████
  
  …
  
  ███████████████████████████████████
  ███████████████████████████████████
  ███████████████████████████████████
  ██████████████████████████ *Id.* at 28:7-29:9.

- ███████████████████████████████████
  ███████████████████████████████████
  ████████████████████████████ *Id.* at 39:13-25.

During the October 14, 2025 deposition of Long Ouyang, OpenAI's counsel made repeated, time-consuming speaking objections, including the following:

- ███████████████████████████████████
  ██████████████████████ Exhibit 3 (Ouyang Dep. Tr.) at 128:11-129:25.

During the July 25, 2025 deposition of corporate representative Michael Trinh, OpenAI's counsel made repeated, inappropriate objections and interruptions, including the following:

---

[1] The Court may review the full context of these objections, including the questions and witness testimony in the attached exhibits. These passages are excerpted here to comply with word limitations.

- ███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████
███████████████
███████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
██████████████████████████████████████████ Exhibit 4 (Trinh Dep. Tr.) at 105:8-112:22.

Class Plaintiffs raised this concern with OpenAI on November 7, 2025. Exhibit 1. Class Plaintiffs also informed OpenAI that Class Plaintiffs would seek additional time to depose OpenAI witnesses as a result of these disruptions. *Id.* However, OpenAI's conduct has not improved.

During the December 9, 2025 deposition of corporate representative Ian Sohl, OpenAI's counsel engaged in a lengthy and argumentative disruption, attempting to instruct Class Plaintiffs' counsel on what questions were permissible. *See* Exhibit 5 (Dec. 9, 2025 Sohl Dep. Tr.) at 409:21-418:3. The 15-minute back-and-forth included the following objections from OpenAI's counsel:

- ███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████

- ███████████████████████████████████████████████████████████
███████████████████████

- ███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████████████████████████████
███████████████████████████████████████████████████████████
████████████████████████████████████

- ███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

January 5, 2025
Page 4

## II. Class Plaintiffs Seek an Order Limiting Speaking Objections, Coaching, and Meetings With Witnesses During Depositions

Depositions are governed by the Federal Rules of Civil Procedure. Rule 30(c)(1) provides that the "examination and cross-examination of a deponent proceed as they would at trial." Rule 30(c)(2) provides that "[a]n objection must be stated concisely in a nonargumentative and nonsuggestive manner."

Where counsel have failed to abide by these rules, this Court has issued orders to further restrict counsel's disruptions at depositions. In *Auscape Int'l v. Nat'l Geographic Soc'y*, No. 02 CIV. 6441(LAK), 2002 WL 31014829, at *1 (S.D.N.Y. Sept. 6, 2002), after reviewing the transcripts of a subset of depositions taken in the case, the Court ordered that "no speaking objections shall be made" and limited counsel to "simply state 'objection'" in order to preserve an objection, and to clarify a reason only when asked by the examining attorney.

Similar to *Auscape*, Class Plaintiffs seek an order limiting objections during depositions to simply "objection, form," or a concise objection related to privilege. Counsel should elaborate about the basis for their objection only if asked by the examining counsel.

In light of the apparent coaching in the way of suggestive speaking objections in the examples above, Class Plaintiffs further seek an order restricting counsel from speaking with witnesses about the substance of their testimony during breaks after a deposition has begun. This is a rule that has been adopted by other federal courts. *See, e.g.*, *Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 529 (E.D. Pa. 1993) ("Once the deposition has begun, the preparation period is over and the deposing lawyer is entitled to pursue the chosen line of inquiry without interjection by the witness's counsel. Private conferences are barred during the deposition, and the fortuitous occurrence of a coffee break, lunch break, or evening recess is no reason to change the rules. Otherwise, the same problems would persist."). Additionally, because Judge Stein has emphasized the importance of the resolution of summary judgment motions in this case, depositions have magnified importance, akin to trial examinations. In this context, the Rule 30(c)(1) requirement that depositions proceed "as they would at trial" suggests that communicating with a witness about the substance of testimony during the course of a deposition should be restricted, similar to the way it is restricted during an examination at trial.

Finally, Class Plaintiffs seek additional time to depose OpenAI witnesses, as set forth in their concurrently filed motion. The speaking objections and disruptions of OpenAI's counsel, as exemplified above and in the attached exhbibits, provide an additional basis for the relief requested in that motion.

Sincerely,

/s/Justin A. Nelson

Susman Godfrey, LLP
Interim Lead Class Counsel